IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|        v. | )   Cause No.:    4:18-CV-01364 |
| | ) |
| POLICE OFFICER KYLE CHANDLER, | )   Division: |
|     in his individual capacity | ) |
| **Serve at:**   1915 Olive Street | ) |
|                St. Louis, MO 63103 | ) |
| | ) |
| POLICE OFFICER RONALD VAUGHN, | ) |
|     in his individual capacity | ) |
| **Serve at:**   1915 Olive Street | ) |
|                St. Louis, MO 63103 | ) |
| | ) |
| FORMER POLICE CHIEF SAM DOTSON, | ) |
| **Serve at:**   1915 Olive Street | ) |
|                St. Louis, MO 63103 | ) |
| | ) |
| CITY OF ST. LOUIS, | ) |
| **Serve at:**   City Hall 1200 Market Street | ) |
|                Room 200 | ) |
|                St. Louis, MO 63103 | ) |
| | ) |
|    Defendants. | ) |

## **COMPLAINT**

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment, and the Eighth Amendment, against Officers Kyle Chandler and Ronald Vaughn, police officers of the City of St. Louis, in their individual and official capacities, against the City of St. Louis, Missouri, and against Former Police Chief Sam Dotson, in his official capacity.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

1

2. This action also asserts state law wrongful death claim against Kyle Chandler, Ronald Vaughn and the City of St. Louis, Missouri. The Court can and should exercise supplemental jurisdiction over these claims, pursuant to 28 U.S.C. § 1367, as they are so related to the other claims in the action already under the Court's original jurisdiction and form part of the same case or controversy under Article 3 of the United States Constitution.

3. It is alleged that the individual police officers, Kyle Chandler and Ronald Vaughn, engaged in action which resulted in the unreasonable seizure of Plaintiff's Decedent, Mansur Ball-Bey, thereby violating his rights under the Fourth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants Plaintiff's Decedent freedom from unreasonable seizure. It is further alleged that this violation was committed as a result of the policies and customs of the St. Louis Police Department, under the supervision of Police Chief Sam Dotson.

4. With regard to the remaining claims, it is alleged that Kyle Chandler and Ronald Vaugn intentionally caused the wrongful death of Plaintiff's son, Mansur Ball-Bey, by responding with inappropriate force.  Plaintiff maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

5. The City of St. Louis is a municipal corporation charged with and responsible for appointing and promoting the members of the Police Department and for the supervision, training, instruction, discipline, control and conduct of the Police Department and its personnel. At all times relevant, Defendant City of St. Louis had the power, right and duty to control the manner in which individual police officers carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Police Department were consistent with applicable laws.

6. Defendant Sam Dotson was at all times relevant to the incidents which are the subject of this lawsuit, the Chief of Police of the City of St. Louis.  As such, he is the responsible party for supervising the training, instruction, discipline, control and conduct of all police officers.  He is also charged with promulgating all orders, rules, instructions and regulations of the police Department including but not limited to those orders, rules, instructions and regulations concerning the use of force and of deadly weapons.  He also has the authority to approve all weapons to be used by members of the Police Department.  He is sued in his official capacity.

7. Defendant Police Officer Kyle Chandler (hereinafter "Defendant Chandler") was at all times relevant to this Petition a male police officer employed by the St. Louis Metropolitan Police Department.  He is being sued in both his individual capacity and his official capacity as a law enforcement officer.

8. Defendant Police Officer Ronald Vaughn (hereinafter "Defendant Vaughn") was at all times relevant to this Petition a male police officer employed by the St. Louis Metropolitan Police Department.  He is being sued in both his individual capacity and his official capacity as a law enforcement officer.

PARTIES

9. That at all times pertinent to this lawsuit, Plaintiff Dennis Ball-Bey was the father of decedent, Mansur Ball-Bey.

10. Defendant City of St. Louis, Missouri (hereinafter "City of St. Louis") is a first class city, and a political subdivision of the State of Missouri duly organized under the Constitution of Missouri.

11. Defendant Chandler was at all times relevant to this complaint duly appointed and acting as an officer of the St. Louis Police Department, State of Missouri, acting under the color

3

of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

12. Defendant Vaughn was at all times relevant to this complaint duly appointed and acting as an officer of the St. Louis Police Department, State of Missouri, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

13. Defendants Chandler and Vaughn are residents of the City of St. Louis, State of Missouri, in the United States District Court for the Eastern District of Missouri.

14. Defendant Sam Dotson was at all times relevant to this complaint duly appointed and acting as an officer of the St. Louis Police Department, State of Missouri, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

15. Defendant Sam Dotson is a resident of the City of St. Louis, State of Missouri, in the United States District Court for the Eastern District of Missouri.

**Waiver of Sovereign of Immunity**

16. At all relevant times, Defendant City of St. Louis had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including those as described herein.

17. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City of St. Louis

FACTS

18. On or about August 19, 2015, Defendants Chandler and Vaughn and other police officers went to a residence located at 1241 Walton Avenue, St. Louis, MO 63108 to execute a

search warrant.  Defendants Chandler, Vaughn, and an ATF Agent were assigned to cover the backyard of 1241 Walton Avenue.

19.  While there, Plaintiff's decedent, Mansur Ball-Bey, and a 14 year old were walking in alley way behind 1241 Walton when they first made visual contact with Defendant's Vaughn and Chandler.  The Defendants, with their guns drawn, chased them.  The 14 year old juvenile stopped running and hid behind an abandoned car parked in an empty lot next to 1241 Walton.  While Mansur continued to run southbound in the alley way.

20. Mansur, who was unarmed, turned into the backyard of 1233 Walton Avenue, and began to run eastbound toward the front of the property.

21. The Defendants continued to chase Mansur through the back yard of 1233 Walton, and fired multiple shots striking him once in the back.

22. The gunshot wound severed Mansur's spinal cord which caused him to fall to his death  in the front yard at 1233 Walton Avenue.  Mansur was employed with UPS and was a youth leader at his church.  He did not have a criminal record.

23.  That at all times mentioned, Defendants Chandler and Vaughn were acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant City of St. Louis and the State of Missouri and under authority of their respective office as police officers.

## COUNT I – DEFENDANTS CHANDLER AND VAUGHN

**Excessive Use of Force in Violation of the Fourth and Fourteenth Amendments of the United States Constitution**
**(42 U.S.C. §1983)**

5

24. Plaintiff incorporates by reference each and every allegation alleged in paragraphs 1 through 23 as though fully set forth herein.

25. Defendants Chandler and Vaughn's above conduct constitutes actions that shocks the conscience under the Fourth Amendment of the United States Constitution.

26. Defendants Chandler and Vaughn were chasing Mansur who had not committed any crime.

27. Defendants Chandler and Vaughn lacked any probable cause to kill Mansur, who was unarmed.  In addition, Defendants Chandler and Vaughn were not in any danger when they shot Mansur to death.

28. Defendants Chandler and Vaughn used deadly force on Mansur and violated his Fourth and Fourteenth Amendment rights in one or more of the following respects:

   a. The use of deadly force on Mansur was excessive and not objectively reasonable as he had not committed any crime;

   b. There was no reason to use the amount of force used by Defendants Chandler and Vaughn because Mansur did not pose an immediate threat to the safety of the Defendants Chandler and Vaughn or the others that were in the area; and

   c. There was no reason to use the amount of force used by Chandler and Vaughn because Mansur had not committed any crime, and running along an alley way is not justification for gunning him down.

29. The conduct of Defendants Chandler and Vaughn as described above deprived Mansur of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution, of his right not to be subjected to any cruel and unusual punishment as secured to him under the Eighth Amendment to the United States Constitution, and his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

27. As a direct and proximate result of the unlawful conduct of Defendants Chandler and Vaughn, Mansur was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendants Chandler and Vaughn caused or contributed to cause Plaintiff to incur funeral and burial expenses. As a result of Mansur's death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

28. The conduct of Defendants Chandler and Vaughn was reckless, malicious, wanton, and willful and violated Mansur's constitutional rights and the award of punitive damages is necessary to punish Defendants Chandler and Vaughn in their individual capacity and to deter them and others from the same or similar transgressions in the future.

## Compensatory Damages

29. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Vaughn and Defendant Chandler.

## Punitive Damages

30. Defendant Vaughn and Defendant Chandler's actions against  Mansur were reckless.

31. Defendant Vaughn and Defendant Chandlers actions against Decedent Mansur showed callous indifference toward the rights of Mansur.

32. Defendant Vaughn and Defendant Chandler's actions against Mansur were taken in the face of a perceived risk that the actions would violate federal law.

33. Plaintiff is entitled to an award of punitive damages against Defendant Vaughn and Defendant Chandler in order to punish them and to deter others.

**Attorney's Fees**

34. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Chandler and Defendant Vaughn in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent.

### COUNT II – DEFENDANTS CHANDLER AND VAUGHN

**Wrongful Death/Assault & Battery v. Defendant**
**(R.S.Mo. §537.080(1) and 516.120))**

35. Plaintiff incorporates each and every allegation in paragraphs 1 through 34 by reference as though fully set forth herein.

36. Plaintiff maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

37. Defendants Chandler and Vaughn intentionally discharged their firearms without justification causing an unreasonable apprehension of harm and death to Mansur.

38. Defendants Chandler and Vaughn fired their weapons at Mansur without justification, intentionally and wrongfully causing the death of Mansur.

39. Defendants Chandler and Vaughn shooting death of Mansur was done in bad faith and with malice in that they intended to cause injury, and done with a wicked purpose.

40. Defendants Chandler and Vaughn shooting death of Mansur heretofore described needlessly manifested a reckless indifference to Mansur's constitution rights under the 4th and 14th amendments to the U.S. Constitution.

8

41. As a direct and proximate result of the unlawful conduct of Defendants Chandler and Vaughn described above, Mansur was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendants Chandler and Vaughn caused or contributed to cause funeral and burial expenses. As a result of Mansur's death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

42.  Plaintiff is entitled to recover for all damages, including pain and suffering experienced by Mansur, for which Mansur would be entitled to claim had death not ensued.

**WHEREFORE**, Plaintiff prays for judgment under Count II against Defendants Chandler and Vaughn for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future. Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

### COUNT III – DEFENDANT CITY OF ST. LOUIS
### Failure to Train, Supervise and Control
### (42 U.S.C § 1983)

43. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 42 as though fully set forth herein.

44. At all times mentioned herein City of St. Louis was responsible for the hiring, training, supervising, and controlling all police officers of the City of St. Louis, and their use of firearms including, Defendant's Chandler and Vaughn.

45. At the time of the occurrence, Defendants Chandler and Vaughn were acting within the course and scope of their agency and/or employment with Defendant City of St. Louis.

9

46. Defendant City of St. Louis was negligent in its supervision, training and control of Defendants Chandler and Vaughn in the following respects:

   a. Defendant City of St. Louis failed to train Defendants Chandler and Vaughn in the proper use of firearms.

   b. Defendant City of St. Louis failed to supervise and train defendants Chandler and Vaughn in their use of department issued firearms and weapons on unarmed citizens who have not committed any crime.

   c. Defendant City of St. Louis failed to supervise and train Defendants Chandler and Vaughn to stop using force to limit the amount of harm caused when there is no threat to them or others; and

   d. Defendant City of St. Louis failed to supervise and train Defendants Chandler and Vaughn not to use deadly force on a citizen when the lives of Chandler and Vaughn and others are not in danger.

47. The conduct of Defendant City of St. Louis as described above deprived Mansur of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution, of his right not to be subjected to any cruel and unusual punishment as secured to him under the Eighth Amendment to the United States Constitution, and his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

48. Defendant City of St. Louis was deliberately indifferent to the obvious need and foreseeable consequence of failing to train, supervise, and control Defendants Chandler and Vaughn and as a result Mansur was deprived of life and liberty under the constitution.

49. As a direct and proximate result of the negligent conduct of Defendant City of St. Louis described above, Mansur was caused to suffer severe pain, mental anguish, and an agonizing death.  Additionally, the actions of Defendants Chandler and Vaughn caused or contributed to cause Plaintiff to incur funeral and burial expenses. As a result of Mansur death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

50. The conduct of the City of St. Louis was reckless, malicious, wanton, and willful with Mansur's constitutional rights and the award of punitive damages is necessary to punish Defendant City of St. Louis in its individual capacity and to deter it and others from the same or similar transgressions in the future.

WHEREFORE, the Plaintiff prays for judgment under Count III against Defendant City of St. Louis for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendant from engaging in this type of conduct in the future. The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## COUNT IV – DEFENDANT DOTSON

### Failure to Train, Supervise and Control
### (42 U.S.C § 1983)

51. Plaintiff incorporates each and every allegation as set forth in paragraphs 1 through 50 as though fully set forth herein.

52. At all times mentioned herein Defendant Dotson was in charge of training, supervising, and controlling all police officers and personnel of the City of St. Louis, including Defendants Chandler and Vaughn.

53. At the time of the occurrence, Defendants Chandler and Vaughn and Defendant Chief Dotson were acting within the course and scope of their agency and/or employment with Defendant City of St. Louis.

54. Defendant Police Chief Dotson was negligent in his supervision of Defendants Chandler and Vaughn in the following respects:

   a. Defendant Dotson failed to train Defendants Chandler and Vaughn in the proper use of firearms;

   b. Defendant Dotson failed to supervise and train Defendants Chandler and Vaughn's use of department issued firearms and weapons on a citizen who has not committed any crime;

   c. Defendant Dotson failed to supervise and train Defendants Chandler and Vaughn to stop using force to limit the amount of harm caused; and

   d. Defendant Dotson failed to supervise and train not to use deadly force on a citizen when the lives of Chandler and Vaughn and others are not in danger.

55. Defendant Dotson was deliberately indifferent to the obvious need and foreseeable consequence of failing to train, supervise, and control Defendants Chandler and Vaughn and as a result Mansur was deprived of life and liberty under the constitution.

56. As a direct and proximate result of the negligent conduct of Defendant Dotson described above, Mansur was caused to suffer severe pain, mental anguish, and an agonizing death.  Additionally, the actions of Defendants Chandler and Vaughn caused or contributed to cause Plaintiff to incur funeral and burial expenses.  As a result of Mansur's death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

57. The conduct of Defendant Dotson was reckless, malicious, wanton, and willful with Mansur constitutional rights and the award of punitive damages is necessary to punish Defendant

12

Dotson in his individual capacity and to deter him and others from the same or similar transgressions in the future.

**WHEREFORE**, the Plaintiff prays for judgment under Count IV against Defendant Dotson for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendant from engaging in this type of conduct in the future. The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## COUNT V – DEFENDANTS CITY OF ST. LOUIS AND DOTSON

### Municipal Liability
### (42 U.S.C § 1983)

58. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 57 as though fully set forth herein.

59. Instead of reports being made against other police officers within the City of St. Louis for excessive use of force, no action has been taken against these officers. Therefore, there exist within the City of St. Louis and its respective police department, policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants, that caused the constitutional deprivations of Mansur as have been fully set forth above. The policies, customs, practices, and usages that exist including, but not limited, to the following:

    a.     To use excessive force when it is not reasonably necessary;

    b.     To use excessive force against persons who have not committed any crime;

    c.     To use excessive force against persons who pose no danger or harm to police officers or the public; and

      d.      By continuing to use excessive and deadly force against a person who has been incapacitated.

60. Defendant Dotson is a person in a supervisory position with the City of St. Louis police department and his deliberate indifference to affirmatively act in the face of transgressions about which he knew or should have known, has established the policies of the City of St. Louis to condone or otherwise tolerate constitutionally violative conduct and generally and specifically the constitutionally violative conduct set forth in this complaint.

61. As a direct and proximate result of the aforementioned conduct, Mansur was killed by Defendants Chandler and Vaughn.

**WHEREFORE,** Plaintiff prays for judgment against Defendant City of St. Louis and Police Chief Dotson in their official capacities for compensatory damages in an amount that is fair and reasonable; for the costs of this action, reasonable attorney fees and costs; and for such other relief as the court deems just and proper under the circumstances.

## COUNT VI – CITY OF ST. LOUIS, DOTSON, CHANDLER AND VAUGHN
## (42 USC § 1988)

62. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 61 as though fully set forth herein.

63. For all claims in this complaint on which Plaintiff prevails, Plaintiff requests compensation for her reasonable attorney's fees and other costs as provided under 42 U.S.C § 1988 (b).

DEMAND FOR JURY TRIAL

64. Plaintiff requests a Demand for Jury Trial on all issues.

**THE LEGAL SOLUTION GROUP**

By:_/s/  Jermaine Wooten_____
   **Jermaine Wooten #MO59338**
   *Attorney for Plaintiffs*
   10250 Halls Ferry Road
   St. Louis, MO  63136
   Phone:  (314) 736-5770
   Fax:     (314) 736-5772
   Email:   jwooten@lsgstl.com