UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-01364-SPM |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motions to Dismiss Count II filed by Defendant Kyle Chandler, police officer in the City of St. Louis ("Defendant Chandler") and Ronald Vaughn, police officer in the City of St. Louis ("Defendant Vaughn") (collectively, "the Officer Defendants").[1] (Doc. 27). The motion has been fully briefed, and the parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Doc. 12). For the following reasons, the motion will be granted in part and denied in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2015, Defendants Chandler and Vaughn, along with an ATF agent, were assigned to cover the backyard of a residence located at 1241 Walton Avenue, St. Louis, Missouri, while a search warrant was executed on the residence. (1st Am. Compl., Doc. 21, ¶ 18). Chandler and Vaughn made visual contact with Plaintiff's son, Mansur Ball-Bey, in an alley behind the

---

[1] Defendants Dotson and the City also filed a separate Motion to Dismiss the claims against them. (Doc. 25). This case was consolidated by the Honorable Stephen R. Clark for purposes of resolving that motion. Judge Clark granted that motion to dismiss and then entered an order un-consolidating the cases.

1

residence, they chased him with guns drawn onto a neighboring property, and they discharged their weapons, striking and killing him. (*Id.* at ¶19-22).

In his First Amended Complaint, Plaintiff asserts five claims: (I) Excessive Use of Force in Violation of the Fourth and Fourteenth Amendments against Defendants Chandler and Vaughn, pursuant to 42 U.S.C. § 1983; (II) Wrongful Death/Assault & Battery against Defendants Chandler and Vaughn, pursuant to Mo. Rev. Stat. §§ 537.080(1) and 516.120; (III) Failure to Train, Supervise, and Control against the City of St. Louis and former St. Louis Police Chief Sam Dotson, pursuant to 42 U.S.C. § 1983; (IV) Failure to Train, Supervise, and Control against Dotson, pursuant to 42 U.S.C. § 1983; and (V) Municipal Liability against the City of St. Louis and Dotson, pursuant to 42 U.S.C. § 1983.

In the instant motion to dismiss, Defendants Chandler and Vaughn argue that Count II should be dismissed because it is barred by a two-year statute of limitations in Mo. Rev. Stat. § 516.140.

## II.   LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal

2

under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

### III.  DISCUSSION

The Officer Defendants move to dismiss Count II in its entirety as untimely. However, in Count II, Plaintiff appears to assert two different types of claims: a claim for assault and battery and a wrongful death claim. The Court will consider the claims separately.

**A.  Assault and Battery Claims**

Under Missouri law, an action for assault or battery must be brought within two years. Mo. Rev. Stat. § 516.140 ("Within two years: an action for libel, slander, injurious falsehood, **assault, battery**, false imprisonment, criminal conversation, malicious prosecution or actions brought under section 290.140.") (emphasis added). *See also Halsey v. Phillips*, 576 S.W.3d 177, 180 (Mo. 2019) ("Section 516.140 provides a two-year statute of limitations for assault and battery claims."). This two-year limitations period, and not the three-year limitations period in Mo. Rev. Stat. § 516.130 for actions against officers doing acts in their official capacities, applies to assault and battery claims brought against officers in their individual capacities. *See Powell v. Shelton*, No. 4:17CV2017 HEA, 2019 WL 172848, at *3 (E.D. Mo. Jan. 11, 2019) ("This Court has held that, where plaintiffs bring claims against officers in their individual capacities, the three-year statute does not apply to assault and battery claims.") (collecting cases).

The alleged assault, battery, and death in this case occurred on August 19, 2015. 1st Am. Compl., ¶¶ 18-22. Plaintiff did not file his initial complaint until August 17, 2018—nearly three years later. Thus, Plaintiff's assault and battery claims are untimely and must be dismissed. In his response, Plaintiff does not dispute that his assault and battery claims are untimely and concedes that these claims against Chandler and Vaughn in their individual and official capacities should be

3

dismissed. (Pl.'s Resp., Doc. 34, at 2). Accordingly, the Court will grant the Officer Defendants' motion to dismiss Count II to the extent that Plaintiff asserts assault or battery claims in Count II.

### B. Wrongful Death Claim

Plaintiff also brings a wrongful death claim in Count II. Such claims are governed by Mo. Rev. Stat. § 537.080.1, which states:

> 1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured . . .

An action for wrongful death must be brought within three years. *See* Mo. Rev. Stat. 537.100.1 ("Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue . . . ."). *See also, e.g., Boland v. Saint Luke's Health Sys., Inc.*, 471 S.W.3d 703, 704-05 (Mo. 2015) (applying three-year statute of limitations to a wrongful death claim).

In their motion to dismiss, the Officer Defendants do not cite this statute or discuss whether it applies to the wrongful death claim. In their Reply, however, the Officer Defendants argue that because Plaintiff has conceded that the assault and battery claims should be dismissed, the wrongful death claim cannot continue to exist. They argue that "Although a claim for wrongful death is an independent cause of action separate from the action of bringing a tort, there must be an underlying tort that the decedent could have brought. By dismissing the assault and battery claim, there is no such action, under the circumstances, which the decedent could have brought notwithstanding his death." Def.'s Reply, Doc. 35, at 3.

Defendants cite no case law to support their argument that a wrongful death claim cannot continue to exist once the statute of limitations has expired on the underlying tort, nor has the

4

Court's own research revealed any. To the contrary, the Court has found authority for the proposition that a wrongful death action may be brought even though the statute of limitations has expired for the underlying tort. In *Gramlich v. Travelers Ins. Co*., 640 S.W.2d 180 (Mo. App. E.D. 1982), the court rejected the defendants' argument that the plaintiff's cause of action for wrongful death action was barred because the decedent's own cause of action for medical malpractice would have been barred by the two-year statute of limitations. *Id.* at 185-86. The Court reasoned:

> The action for wrongful death is an action separate and distinct from the action for injuries to the decedent. It cannot arise and the statutory beneficiaries can take no action with respect to their claim until after the death occurs. The wrongful death action has its own limitation which is substantial in nature rather than procedural.

*Id.* at 186. It concluded that "the statute of limitations applicable to actions for wrongful death is the only statute of limitations that could be invoked to defeat the claim of plaintiffs in this case." *Id.*

More recently, another judge in this district relied on *Gramlich* to reach a similar result. *See Estate of Snyder v. Julian*, No. 1:11CV24 LMB, 2012 WL 2952934, at *2 (E.D. Mo. July 19, 2012) (relying in part on *Gramlich* to find that Section 537.100's three-year wrongful death statute of limitations, not Section 516.145's one-year statute of limitations for actions brought by an offender against the department of corrections, applied in a wrongful death case; stating, "Where a cause of action, such as wrongful death, has its own built in statute of limitations, the latter prevails").

Here, Plaintiff's complaint was brought within three years of the Mansur Ball-Bey's death, and thus the wrongful death claim was timely filed under the applicable statute of limitations. The Officer Defendants have not shown they are entitled to dismissal of this claim. Thus, the motion to dismiss the wrongful death claim in Count II will be denied.

**IV. CONCLUSION**

For all of the above reasons,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Count II filed by Defendants Kyle Chandler and Ronald Vaughn (Doc. 27) is **GRANTED IN PART and DENIED IN PART**. With respect to the assault and battery claims, the motion is **GRANTED**. With respect to the wrongful death claim, the motion is **DENIED**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of May, 2020.