# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:18-CV-01364 |
| | ) | |
| KYLE CHANDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSED MOTION TO SEAL DEPOSITION TRANSCRIPT PURSUANT TO RULE 26(c)(F) AND FOR A PROTECTIVE ORDER LIMITING DISCLOSURE OF INFORMATION PURSUANT TO RULE 26(C)(D)

COME NOW Defendants Kyle Chandler, Ronald Vaughn and City of St. Louis and respectfully request this Court enter a protective order pursuant to FED.R.C. P. 26(c)(D) and 26(c)(F) sealing the transcript of a non-party witness and protecting the witness's identity and limiting the scope of disclosure of the information contained therein. In support, Defendants state as follows:

1. On August 19, 2021 Plaintiff's counsel took the deposition of J. Doe, a non-party witness who provided testimony concerning the shooting incident at issue in this litigation.

2. J. Doe fears possible retaliation as a result of testimony provided in the case.

3. J. Doe's testimony reveals the approximate location of J. Doe's residential address as well as other sensitive information that, if publicly known, could jeopardize the safety of or otherwise prejudice J. Doe or J. Doe's relatives.

4. The identity of the individual has not previously been made public, and for the safety and security of J. Doe and J. Doe's family members, it is imperative that J. Doe's identity and

1

personal information, including residential location, be kept confidential and be made subject to the protective order previously entered in this case. See doc. 91.

5. "[T]he Court may take all reasonable steps necessary to protect witnesses during discovery, at trial, and thereafter." *Planned Parenthood Ark. v. Jegley*, 2016 U.S. Dist. LEXIS 180886 at *8-9 (E.D. Ark. Feb. 1, 2016)(finding good cause to grant motion for protective order applying a "highly confidential" designation to identity of third party witnesses in order to protect them from stigma and harassment). See also Fed. R. Evid. 611(a) ("The court shall exercise reasonable control over the mode . . . of examining witnesses and presenting evidence so as to. . . (3) protect witnesses from harassment or undue embarrassment").

6. This Court also recognizes that a non-party witness's home addresses is sensitive personal information. Local Rule 2.17 provides that "[t]he home address of a non-party should not appear in any filing." In addition, other courts have recognized that a non-party witness has an expectation of privacy and have recognized that compelling reasons exist to maintain the privacy interests of non-parties. See also *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000) (stating that "this court and others have concealed parties' identities in order to protect them from retaliation by third parties and also to protect nonparties from reprisals."); *Am. Friends Serv. Comm. v. City & County of Denver*, 2004 U.S. Dist. LEXIS 18474 at *26 (D. Col. Feb. 19, 2004) (finding that identity of non-parties who testified in a § 1983 action need not be revealed and that the non-parties "have a reasonable expectation of privacy which must be respected and which presents a compelling reason for overriding the public's right of access to court records.").

7. Although J. Doe's numeric address is not identified in the deposition, the location of the individual's residence will be easily identifiable based upon the context of the witness's testimony.

8. Further, the mere redaction of J. Doe's name from the transcript will not adequately address safety concerns because the content of the witness's deposition testimony otherwise reveals various information that could, in conjunction with other publicly available information, be used to identify the individual.

9. Pursuant to Rule 26(c)(D) a party may, for good cause, move for a protective order to limit the scope of disclosure of certain matters. Pursuant to Rule 26(c)(F) a party may, for good cause, move for a protective order requiring that a deposition be sealed.

10. The Defendants therefore move this Court, pursuant to Rule 26(c)(F), to seal the deposition of J. Doe, and pursuant to Rule 26(c)(D), issue a protective order barring the disclosure of the information revealed by J. Doe's testimony and/or designating the transcript "Attorneys Eyes Only" pursuant to the protective order previously entered in this case. See doc. 91.

11. Plaintiff, by agreeing to the terms of the agreed protective order set forth in doc. 91, has previously acknowledged that discovery material that Defendants believe contains "information that could jeopardize the safety and security of any person" warrants protection from disclosure.

12. Therefore, for good cause shown, this Court should enter an order placing under seal the transcript of the deposition of J. Doe conducted in this matter on August 19, 2021, and order that the information contained therein be protected as "Attorneys Eyes Only"

material as more fully set forth in the agreed protective order entered by this Court. See doc. 91.

13. To the extent that the Court finds it necessary to review the deposition transcript of J. Doe prior to ruling on the instant motion, Defendants further move the Court, pursuant to Local Rule 13.05 and for good cause shown, to issue an order permitting Defendants to file under seal the deposition transcript.

14. Plaintiff opposes the instant motion. The undersigned counsel conferred in good faith with Daniel Dailey, counsel for Plaintiff, in person near the conclusion of the deposition of J. Doe on August 19, 2021 and again on August 23, 2021 at approximately 4:30 p.m. via telephone concerning the matters set forth in this motion, but after sincere efforts to resolve their dispute, counsel are unable to reach an accord.

Wherefore Defendants Ronald Vaughn, Kyle Chandler and the City of St. Louis respectfully move this Court pursuant to FED.R.C. P. 26(c)(D) and 26(c)(F) to issue an order sealing the deposition transcript of J. Doe and designating the information contained therein "Attorneys Eyes Only" and subject to the protective order previously entered in this matter in doc. 91.

Respectfully submitted,

**MATT MOAK**
**CITY COUNSELOR**

By: /s/ Erin K. McGowan
Erin K. McGowan, #64020MO
Associate City Counselor
1200 Market Street, Room 314
St. Louis, MO 63103
Phone: (314) 622-3361
Fax: (314) 622-4956
McGowanE@stlouis-mo.gov
*Attorney for Defendants*

4

## CERTIFICATE OF SERVICE

    I hereby certify that on August 23, 2021, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

                                                   /s/ Erin K. McGowan

Case: 4:18-cv-01364-SPM   Doc. #:  147   Filed: 08/23/21   Page: 5 of 5 PageID #: 1317