IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:18-CV-01364 |
| | ) | |
| KYLE CHANDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT
TO RULE 26(c) AND RULE 30(d)(3)(A) TO LIMIT THE SCOPE OF DEPOSITION**

COME NOW Defendants Kyle Chandler, Ronald Vaughn and City of St. Louis and respectfully request this Court enter a protective order pursuant to FED.R.C. P. 26(c)(1) and 30(d)(3) and rule that information concerning the family members of a non-party witness is beyond the scope of Rule 26. In support, Defendants state as follows:

**I.   INTRODUCTION**

Plaintiff Dennis Ball-Bey ("Plaintiff") alleges various constitutional claims pursuant to 42 U.S.C. § 1983 and Missouri state law against two individual defendants and the City of St. Louis. On August 19, 2021 Plaintiff took the deposition of J. Doe, a non-party witness. During his examination of the witness, Plaintiff's counsel sought to elicit testimony concerning the names and identities of J. Doe's family members. J. Doe's testimony established that none of J. Doe's family members observed the officer-involved shooting at issue, and therefore the identities of J. Doe's family members are irrelevant and immaterial to the issues in this case. While J. Doe testified that he/she informed his/her spouse that he/she had witnessed an officer involved shooting, J. Doe also testified that he/she did not share any details of the shooting with

1

the spouse, and there is nothing other than speculation to suppose that the spouse's testimony will establish otherwise. J. Doe fears retaliation or adverse consequences due to J. Doe's involvement in this case, and therefore the identification of J. Doe's family members implicates extraordinary safety and security concerns. For these reasons, J. Doe found Plaintiff's counsel's line of inquiry concerning family members harassing and vexatious.

Based on safety concerns and the fact that the identities of the witness's family members are irrelevant to the issues in the case, defense counsel instructed the witness not to provide identities of J. Doe's family members, and pursuant to Rule 30(d)(3)(A), moved to limit the deposition on the grounds that it was being conducted in a manner that unreasonably annoys and oppresses the deponent. Subsequently, counsel for both parties placed a call to the Court to seek guidance on these issues. During that call, defense counsel represented to the Court that a Rule 30(d)(3) motion would be filed.

Defendants now file the instant motion and respectfully request that this Court issue an order ruling that Plaintiff's questions concerning the names or identities of J. Doe's family members exceed the scope of Rule 26(b) and further bar Plaintiff from seeking such information via written discovery. Defendants further ask the Court to bar Plaintiff from inquiring about the identities of the individual defendant's family members at future depositions because such information is likewise irrelevant and immaterial to the issues in this litigation.

## II.     LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit.  FED. R. C. P. 26(b)(1).

A court can enter a protective order upon a request of a party or a person from whom discovery is sought to protect a person from annoyance, oppression, or undue burden or expense. FED.R.C. P. 26(c). Among the types of protective orders that a court can enter are those holding that the discovery not be had or that discovery may be had only on specified terms and conditions or prescribing a discovery method other than the one selected by the party seeking discovery.  FED.R.C. P. 26(c)(1)(A)-(C).

Further, Rule 30(d)(3)(A) provides that at any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The court may limit the deposition's scope and manner as provided in Rule 26(c). Rule 30(d)(3)(B).

### III.    ARGUMENT

Here, as a threshold matter, information concerning the identities of J. Doe's family members is not relevant to this litigation. The identities of J. Doe's family members, including J. Doe's child/children, have no bearing on the issues on this litigation and this information exceeds the scope of Rule 26.

First, Plaintiff will be unable to show that the names of the witness's child/children are at all relevant to the issues in this litigation. J. Doe's testimony clearly established that none of the witness's family members were witness to the incident at issue in the litigation, and, therefore the witness's family members possess no first-hand knowledge of the events at issue. Second, Plaintiff's counsel's speculation that J. Doe *might* have a family member that knew the Decedent (or a juvenile witness present at the scene at the time of the shooting) was clearly

3

dispelled by J. Doe's testimony. J. Doe testified that he/she had no reason to believe that his/her child/children knew the juvenile witness or that J. Doe's child/children interacted with Decedent or the juvenile witness. Thus, J. Doe's family members have no relevant information to provide concerning the Decedent or the juvenile who accompanied Decedent on the date of the shooting. Plaintiff therefore has no reasonable basis for seeking the identity of the witness's family members.

With regard to the relevance of the identity of the witness's spouse, Defendants anticipate that Plaintiff will argue that the identity of J. Doe's spouse is relevant because the witness subsequently informed the spouse that he/she had witnessed a shooting. Defendants also anticipate that Plaintiff will seek to take the spouse's deposition in order to inquire about the content of that communication. However, J. Doe's spouse did not personally witness the shooting and therefore only has second-hand knowledge of the event. Moreover, any statements made by the witness to his/her spouse about the shooting are inadmissible hearsay, and Plaintiff's counsel has no good faith basis for believing the witness provided the spouse with any substantive details concerning the incident aside from the mere fact that the shooting occurred. In fact, J. Doe testified to having only a brief conversation with his/her spouse about the shooting incident and explained that it was not "a long conversation." Thus, there is simply no good faith basis for believing that J. Doe provided his/her spouse any information other than barebones details of the shooting. Nor is there a good faith basis for believing that J. Doe's statements to his/her spouse are inconsistent with the testimony already provided in the case. For these reasons, this Court should find that Plaintiff's plan to depose the witness's spouse is precisely the type of fishing expedition that Rule 26 prohibits.

Accordingly, this Court should find that the identity of J. Doe's spouse or children is not important in resolving the issues in the litigation and the burden and prejudice to J. Doe's and J. Doe's family by revealing their identities outweighs the likely benefit of that information. Rule 26(b)(1). See *Fanjoy v. Calico Brands, Inc.*, 2006 U.S. Dist. LEXIS 55158 at *12-14 (D. Utah Aug. 7, 2006)(quashing subpoena seeking children's names in product liability lawsuit because Plaintiffs' need for the identities of the children who participated in product safety testing did not outweigh the harm to the children and their parents given the likelihood that the young children would not be able to provide relevant information accurately). *See Highlander Holdings, Inc. v. Fellner*, 2020 U.S. Dist. LEXIS 113936 at *28 (S.D. Cal. June 29, 2020) (stating in context of lawsuit asserting claims of securities fraud and related state and common law claims that the Court did not look favorably on counsel's questions about defendant's first wife's or children's names).

### IV.   CONCLUSION

As set forth above, Plaintiff's counsel has no good faith basis on which to form the belief that J. Doe's family members have information discoverable pursuant to Rule 26, and therefore, Defendants respectfully request that this Court issue an order pursuant to Rule 30(d)(3)(A) and Rule 26(c) that bars Plaintiff from inquiring about the identities of the non-party witness's family members and further bars Plaintiff from inquiring about the identities of the family members of Defendants Chandler and Vaughn at future depositions.

Respectfully submitted,

**MATT MOAK**
**CITY COUNSELOR**

By: /s/ Erin K. McGowan
    Erin K. McGowan, #64020MO
    Associate City Counselor
    1200 Market Street, Room 314
    St. Louis, MO 63103
    Phone: (314) 622-3361
    Fax: (314) 622-4956
    McGowanE@stlouis-mo.gov
    *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 23, 2021, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Erin K. McGowan