UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-01364-SPM |
| ) | |
| KYLE CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its *in camera* review of several documents Plaintiff seeks in its First Motion to Compel Email Communications (Doc. 127) as to which Defendants have asserted the attorney/client and/or work product privileges. On July 13, 2021, the Court held a hearing on this motion. On July 16, 2021, the Court ordered Defendants to submit to the Court the following: (1) an amended privilege log that is sufficiently specific to allow the Court to decide whether the attorney/client and/or work product privileges apply to each document with respect to the applicable federal law; (2) an affidavit (or affidavits) of counsel to support any claims of work product privilege; and (3) for *in camera* review, all documents at issue in the motion to compel that Defendants claim are protected by the attorney/client and/or work product privileges. Defendants submitted four separate privilege logs and four corresponding pdfs, for *in camera* review, containing the documents listed in the privilege logs.

The Court articulated the applicable standards for evaluating claims of attorney/client privilege and work product privilege on the record at the hearing on July 13, 2021. For the reasons stated on the record at the hearing, the Court makes the following rulings.

1

### A.     Privilege Log1_Recs Search Term FINAL

The Court first considers the privilege log with the file name, "Privilege Log1_Recs Search Term FINAL." None of the four documents in this privilege log are protected by either the attorney/client or work product privileges. Defendants must produce all four documents described in this privilege log.

### B.     Privilege Log2_Releases Search Term FINAL

The Court next considers the privilege log with the file name, "Privilege Log2_Releases Search Term FINAL." None of the documents listed in this privilege log are protected by the attorney/client privilege. However, the following documents are protected by the work product privilege:

(1) The email from Craig Higgins to Winston Calvert sent on July 8, 2015, at 3:50 p.m. (PRIV0164);[1]

(2) The email from Craig Higgins to Winston Calvert sent on July 8, 2015, at 3:56 p.m. (PRIV0176);

(3) The email from Winston Calvert to Craig Higgins sent on July 8, 2015, at 3:55 p.m. (PRIV0177), but only to the extent that it contains the original email listed at PRIV0164 above; that portion should be redacted and the rest of the email should be produced in redacted form;

(4) The email from Rory O'Sullivan to Craig Higgins sent on May 8, 2013, at 4:36 p.m. (PRIV0178-PRIV0179);

(5) The email from Craig Higgins to Rory O'Sullivan sent on April 2, 2013, at 3:02 p.m. (PRIV0180-PRIV0181);

---

[1] Defendant logged document PRIV0164 as being subject to the attorney client privilege but did not object on grounds that it was also subject to the attorney work product privilege; however, the defendant asserted the work product privilege when the same email appeared in an email chain between Winston Calvert to Craig Higgins sent on July 8, 2015, at 3:55 p.m. (PRIV0177). Given this discrepancy, the Court finds the failure to assert the work product privilege in PRIV0164 was inadvertent.

2

(6) The email from Rory O'Sullivan to Craig Higgins sent on April 2, 2013, at 2:07 p.m. (PRIV0182-0183);

(7) The email from Craig Higgins to Rory O'Sullivan sent on October 1, 2013, at 9:52 a.m. (PRIV0186-0187);

(8) The email from Craig Higgins to Rory O'Sullivan sent on October 1, 2013, at 9:28 a.m. (PRIV0188);

(9) The email from Craig Higgins to Rory O'Sullivan sent on October 1, 2013, at 9:46 a.m. (PRIV0189-PRIV0190);

(10) The email from Rory O'Sullivan to Craig Higgins sent on October 1, 2013, at 9:50 a.m. (PRIV0191-PRIV0192);

(11) The email sent from Rory O'Sullivan to Craig Higgins on October 1, 2013, at 9:20 a.m. (PRIV0202).

Defendants need not produce the above documents, except for the document noted that must be produced in redacted form. The other documents listed in this privilege log are not protected by either the attorney/client privilege or the work product privilege and must be produced.[2]

C.  **Privilege+Log3+Recommendations+Search+Term FINAL**

The Court next considers the privilege log with the file name, "Privilege+Log3+Recommendations+Search+Term FINAL."

The following documents are protected by both the attorney/client privilege and the work product privilege and need not be produced:

(1) The email from Cathy Ruggeri-Rea to Sherry Wibbenmeyer and others sent on April 20, 2013, at 5:45 (PRIV0225-PRIV0227);

---

[2] The documents numbered PRIV151-PRIV163 were included in the pdf corresponding to this privilege log but were not listed on the privilege log. The Court finds that no privilege attaches to these documents, and if they have not already been be produced, they shall be produced.

3

(2) The email from Craig Higgins to Gordon Schweitzer and others sent on December 23, 2014, at 4:03 p.m. (PRIV0279);

(3) The email from Craig Higgins to Cathy Ruggeri-Rea sent on February 26, 2015, at 3:19 p.m. (PRIV0281)

(4) The email from Winston Calvert to Craig Higgins sent on December 23, 2014, at 4:15 p.m. (PRIV0282-PRIV0283);

(5) The email from Craig Higgins to Winston Calvert sent on December 23, 2014, at 4:25 p.m. (PRIV0338-PRIV0339).

The following document is protected by the attorney/client privilege but not the work product privilege:

(1) the email from Craig Higgins to Winston Calvert sent on December 5, 2014, at 5:02 p.m. (PRIV0239-PRIV0240).

The following documents are protected by the work product privilege but not the attorney/client privilege:

(1) The email from Justin Harmon to Craig Higgins sent on June 6, 2014, at 2:12 p.m. (PRIV0208-PRIV0209);

(2) The email from Craig Higgins to Donald Dylewski and others sent on May 30, 2014 at 10:46 p.m. (PRIV0215);

(3) The email from Craig Higgins to Michael Garvin sent on May 5, 2014 at 3:01 p.m. (PRIV0235-PRIV0236);

(4) The email from Craig Higgins to Maribeth McMahon sent on June 6, 2014 at 2:20 p.m. (PRIV0287-PRIV0288);

(5) The email from Craig Higgins to Winston Calvert sent on May 30, 2014 at 10:54 p.m. (PRIV0317-PRIV0318);[3]

---

[3] Defendant logged PRIV0317-PRIV0318 as documents subject to the attorney client privilege but did not also identify it as attorney work product. However, after carefully reviewing all the email communications, it appears that the failure to also identify the document as attorney work product was inadvertent.

4

(6) The email from Craig Higgins to Winston Calvert sent on May 30, 2014, at 10:54 pm (PRIV0322).[4]

The following document was listed in the privilege log but does not seem to have been part of the pdf submitted to the Court: the email sent from Craig Higgins to Cathy Ruggeri-Rea and others on June 23, 2015, at 9:22 a.m. (no Bates number). This document must either be produced to Plaintiff or submitted for in camera review no later than Wednesday, September 1, 2021.

The other documents listed in this privilege log are not protected by either the attorney/client privilege or the work product privilege and must be produced.[5]

### D.     Higgins+to+Bush+Priv+Log 4 FINAL

Finally, the Court considers the privilege log with the file name, "Higgins+to+Bush+Priv+Log 4 FINAL."

The following document is protected by the attorney/client privilege:

(1) The email from Craig Higgins to Julian Bush sent on June 12, 2018, at 6:47 p.m. (PRIV505).

The privilege log also lists an email sent from Julian Bush to Michael Garvin and others, sent on June 12, 2018, at 5:04 p.m. (number PRIV 506). However, this page is blank in the pdf submitted to the Court. If this email exists and is responsive to Plaintiff's request, it must either be produced to Plaintiff or submitted for *in camera* review no later than Wednesday, September 1, 2021.

---

[4] Defendant logged PRIV0322 as a document subject to the attorney client privilege but did not also identify it as attorney work product. However, after carefully reviewing all of the email communications, the Court finds the failure to identify the document as attorney work product was inadvertent.

[5] The document at PRIV0237 was included in the pdf corresponding to this privilege log but were not listed on the privilege log. The Court finds that no privilege attaches to this document, and if it has not already been be produced, it shall be produced.

5

The other documents listed in this privilege log are not protected by either the attorney/client privilege or the work product privilege and must be produced.

For all of the reasons above,

**IT IS HEREBY ORDERED** Plaintiff's Motion to Compel (Doc. 127) is **GRANTED IN PART and DENIED IN PART**, as set forth above.

**IT IS FURTHER ORDERED** that Defendants must produce the non-privileged documents to Plaintiff no later than **Thursday, September 2, 2021**.

                                              SHIRLEY PADMORE MENSAH
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of August, 2021.