UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-1364-SPM |
| ) | |
| KYLE CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

This matter is before the Court on two motions: Defendants' Opposed Motion to Seal Deposition Transcript Pursuant to Rule 26(c)(F) and for a Protective Order Limiting Disclosure of Information Pursuant to Rule 26(c)(D) (Doc. 147), and Defendants' Motion for Protective Order Pursuant to Rule 26(c) and Rule 30(d)(3)(A) to Limit the Scope of Deposition. (Doc. 148). After these motions were filed, Plaintiff requested that the Court hold these motions in abeyance while Plaintiff obtained additional information relevant to his responses, and the Court granted that request. (Doc. 160). Plaintiff has now filed a response stating that Plaintiff does not oppose either motions. (Doc. 167). The Court will consider each motion separately.

**A. Defendants' Motion to Seal Deposition Transcript Pursuant to Rule 26(c)(F) and for a Protective Order Limiting Disclosure of Information Pursuant to Rule 26(c)(D) (Doc. 147)**

In their first motion, Defendants state that on August 19, 2021, Plaintiff's counsel took the deposition of J. Doe, a non-party witness, who provided testimony concerning the shooting incident at issue in this litigation. They state that J. Doe fears possible retaliation as a result of testimony provided in this case, and that J. Doe's testimony reveals the approximate location of J. Doe's residential address, as well as other sensitive information that, if publicly known, could jeopardize the safety of J. Doe or otherwise prejudice J. Doe or J. Doe's relatives. Defendants state that the identity of this individual has not previously been made public, and that for the safety and security of J. Doe and J. Doe's family members, it is imperative

that J. Doe's' identity personal information, including residential location, be kept confidential and be made subject to the protective order previously entered in this case (Doc. 91). Defendants further state that the mere redaction of J. Doe's name from the transcript will not adequately address safety concerns, because the content of the deposition testimony reveals information that could, in conjunction with other publicly available information, be used to identify the individual.

The Court first considers Defendant's request that the Court enter an order designating the information contained in the deposition "Attorneys Eyes Only" and subject to the protective order previously entered in this case. The Court previously entered a protective order stating, *inter alia*, "Where a party reasonably believes that discovery material contains particularly sensitive information (e.g., . . . information that, if released could jeopardize any individual's safety), any such discovery materials may be designated by a producing party or non-party as 'Attorneys Eyes Only' under this Protective Order." Doc. 91, ¶ 16. Such material "shall be retained only in the custody of the respective counsel of record, who shall . . . restrict disclosure of such material only to attorneys of record in this case." *Id.* ¶ 17. Additional protections also apply to such material. *Id.* ¶¶ 19-22. Given the representations in Defendants' motion, and Plaintiff's current lack of opposition to the motion, the Court finds that the deposition of J. Doe should be designated as Attorneys Eyes Only pursuant to the existing protective order.

Defendants also request that the Court enter an order sealing the deposition transcript, pursuant to Federal Rule of Civil Procedure 26(c)(1)(F). Rule 26(c)(1)(F) states that a court "may, for good cause," enter a protective order "requiring that a deposition be sealed and opened only on court order." Defendants have not shown good cause for such an order. Defendants have not explained what additional protections would be provided by a sealing order beyond those already available with an Attorneys Eyes Only designation under the existing protective order, nor have they explained why such protections are necessary. The Court also notes that the deposition testimony has not yet been filed with the Court. In the event that either party decides to file portion of the deposition testimony in the Court record, either party may request

that the filing be held under seal, as set forth in the existing protective order and in Rule 13.05 of the Local Rules of the United States District Court for the Eastern District of Missouri.

### B. Defendants' Motion for Protective Order Pursuant to Rule 26(c) and Rule 30(d)(3)(A) to Limit the Scope of Deposition. (Doc. 148)

In Defendants' second motion, they state that in the August 19, 2021 deposition of J. Doe, Plaintiff's counsel sought to elicit testimony concerning the names and identities of J. Doe's family members. At the deposition, defense counsel instructed the witness not to provide that information. Pursuant to Federal Rule of Civil Procedure Rule 30(d)(3)(A), Defendants now request that the Court issue an order ruling that Plaintiff's questions concerning the names or identities of J. Doe's family members exceed the scope of Rule 26(b) and further bar Plaintiff from seeking such information via written discovery. Defendants state that J. Doe fears retaliation or adverse consequences due to J. Doe's involvement in this case, and therefore the identification of J. Doe's family members implicates safety and security concerns. Defendants also provide several arguments as to the reasons why the identities of the J. Doe's family members are irrelevant to the issues in the case. Defendants further ask the Court to bar Plaintiff from inquiring about the identities of the individual defendants' (Chandler's and Vaughan's) family members at future depositions, because such information is likewise irrelevant and immaterial to the issues in this litigation.

Under Federal Rule of Civil Procedure 26(c), a party may move for a protective order pertaining to discovery requests, and the court may, for good cause, "issue an order protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Further, Rule 30(d)(3)(A) provides, "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party . . . ." The court may limit the deposition's scope and manner as provided in Rule 26(c). Rule 30(d)(3)(B).

Here, for the reasons stated in Plaintiff's motion, and in light of Plaintiff's statement that he does not oppose Defendants' motion, the Court finds good cause to grant the request to bar Plaintiff from inquiring about the identities of the non-party witness J. Doe's family members. However, Defendants have

provided almost no information or argument regarding their request that Plaintiff be barred from inquiring about the identities of the family members of the individual defendants. Thus, the Court will deny that request, without prejudice.

For the above reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Seal Deposition Transcript Pursuant to Rule 26(c)(F) and for a Protective Order Limiting Disclosure of Information Pursuant to Rule 26(c)(D) (Doc. 147) is **GRANTED IN PART** and **DENIED IN PART**. With regard to the request that the transcript of J. Doe's deposition be designated Attorneys Eyes Only and subject to the previously entered protective order in this case, the motion is **GRANTED**. With respect to the request that the Court seal the deposition transcript, the motion is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order Pursuant to Rule 26(c) and Rule 30(d)(3)(A) to Limit the Scope of Deposition. (Doc. 148) is **GRANTED IN PART** and **DENIED IN PART**. Regarding the request that Plaintiff be barred from seeking any information in discovery regarding the identities of the family members of non-party witness J. Doe, the request is **GRANTED**. Regarding the request that Plaintiff be barred from seeking any information in discovery regarding the identities of the family members of the individual defendants, the motion is **DENIED**, without prejudice.

SHIRLEY PADMORE MENSAH  
UNITED STATES MAGISTRATE JUDGE

Dated: January 21, 2022.