IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:18-CV-01364 |
| ) | |
| KYLE CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES
PURSUANT TO RULE 37**

COME NOW, Defendants by undersigned counsel and for their Motion to Compel and hereby state the following:

1. On May 24, 2022, the court entered its Seventh Amended Case Management Order ("scheduling order"). Doc. #200.

2. The scheduling order indicated that the deadline for the parties to make supplemental disclosures pursuant to Rule 26(a)(1) Fed. R. Civ. Pro. has expired. Doc. #200, para. 3.

3. Further, the scheduling order requires Plaintiffs to produce expert witnesses for deposition no later than June 10, 2022. Doc. #200, para. 5.

1

4. On May 24, 2022, counsel for Defendants inquired of counsel for Plaintiff as to producing for deposition Plaintiff's designated expert witnesses. See attached Exhibit A.

5. On May 24, 2022, counsel for Defendants informed counsel for Plaintiffs that Plaintiff Rule 26 disclosures were still deficient in that neither Mr. Harmening nor Dr. Nazar's reports reports contain a list of cases in which they had been designated as expert witnesses in the previous four years as required by Rule 26(a)(2)(B)(v) Fed. R. Civ. Pro. See attached Exhibit B. Defendants have been requesting this information since March 15, 2022. See attached Exhibit C and D.

6. The only response counsel for Defendants ever received from counsel from counsel for Plaintiffs was a representation that they would produce their experts for deposition prior to June 10, 2022. See attached Exhibit E.

7. To date, Plaintiff has yet to provide a full disclosure of his expert's reports as required by Rule 26(a)(2)(B)(v) Fed. R. Civ. Pro. nor produced their experts for deposition as required by this court's order of May 24, 2022. Doc. #200, para. 5.

8. Defendants are prejudiced by Plaintiff's failure to comply with the requirements of Rule 26 Fed. R. Civ. Pro. and this court's order (Doc. #200) in that without the full report of Plaintiff's endorsed experts Defendants cannot prepare for and effectively examine them upon deposition and cross-examine them at trial.

9. Rule 37 provides: "**(1) *In General*.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. …" Rule 37(a)(1) Fed. R. Civ. Pro.

10. Defendants hereby certify that they have attempted to resolve this issue with Plaintiff in good faith. See Exhibit F.

WHEREFORE, Defendants hereby pray this court grant their Motion to Compel Plaintiff to produce lists of cases in which they were designated as expert witnesses pursuant to Rule 26(a)(2)(B)(v) Fed. R. Civ. Pro. or in the alternative to strike Plaintiff's endorsement of his non-produced expert witnesses, for their costs of this motion, and for any other and further relief this court deems appropriate in the circumstance.

Respectfully submitted,

**SHEENA HAMILTON
CITY COUNSELOR**

By: /s/Lawrence L. Pratt
    Lawrence L. Pratt, #41324MO
    Associate City Counselor
    1200 Market Street, Room 314
    St. Louis, MO 63103
    Phone: (314) 622-3361
    Fax: (314) 622-4956
    PrattL@stlouis-mo.gov

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Lawrence L. Pratt_____