IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:18-CV-01364 |
| ) | |
| KYLE CHANDLER, ET AL. ) | |

## **MOTION TO QUASH AND FOR PROTECTIVE ORDER**

COMES NOW the City of St. Louis, by undersigned counsel, and for its Motion to Quash and For Protective Order states as follows:

1. On December 27, 2022, Plaintiff filed his first Notice of Deposition of 30(B) 6 Deposition. Exh. A.

2. In Plaintiff's original Notice of Deposition, Plaintiff listed only one subject:

**I. YOUR POLICES, PRACTICES, TRAINING AND PROCEDURES FOR THE FOLLOWING:**

   **A. Usage, Plan, Parameters, and Purpose of Release agreements provided by St. Louis City Municipal Prosecutors to Defendants charged with Resisting Arrest.**

Exh. A.

3. Plaintiff's said notice further stated:

   **Pursuant to Fed. R. Civ. Pr. 34, YOU are hereby commanded to produce all documents in which you intend to rely upon, have**

1

**relied upon, or reviewed in preparation for this Deposition, within 48 hours prior to Yours scheduled Deposition.**

Exh. A.

4. On December 29, 2022, Plaintiff served his Second Amended Notice of Deposition of 30(B) 6 Deposition to also take place on January 10, 2023. Exh. B.

5. Plaintiff's Second Amended Notice of Deposition of 30(B)6 Deponent was identical to his first in Exh. A, with the addition that Plaintiff added an additional topic:

> **B. Any and (sic) internal investigations of the St. Louis City Metropolitan Police's Force Investigation unit by the St. Louis City Police Department including the investigation of Roger Englehardt.**
> **-including all information that led to the resignation of Roger Englehardt**
> **-including all internal affairs reports involving the Force Investigation Unit.**

Exh. B.

6. Plaintiff cites to Rule 34 Fed. R. Civ. Pro. as a basis in Exh. A and B. as a basis for his requiring Defendant's corporate representative to produce documents within 48 hours. Nowhere does Rule 34 Fed. R. Civ. Pro. authorize Plaintiff to serve a Notice of Deposition and demand documents on 48 hours' notice. Rule 34 Fed. R. Civ. Pro.

7. Further, Rule 30(b)(1) requires:

> *Notice in General*, A party who wants to depose a person by oral questions must give *reasonable* written notice to every other party…. [***Emphasis added***].

Rule 30(b)(1) Fed. R. Civ. Pro.

8. Rule 30 Fed. R. Civ. Pro. does not define what is reasonable and there is authority to suggest that the decision must be made on a case by case basis. *Foremost Insurance Company Grand Rapids, Michigan v. Enriquez*, 2015 WL 11578510 (S.D. Cal. March 27, 2015).

9. Instructive for purposes of this case is Rule 32 Fed. R. Civ. Pro. Specifically, Rule 32(a)(5) regarding use of deposition testimony. Rule 32(a)(5) states:

> *Deposition Taken on Short Notice*. A deposition must not be used against a party who, having received ***less than 14 days' notice of deposition***, promptly moved for protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place-and the motion was still pending when the deposition was taken. [***Emphasis added***].

Rule 32(a)(5) Fed. R. Civ. Pro.

10. Further, Rule 30(b)(6) Fed. R. Civ. Pro. requires:

> *Notice or Subpoena Directed to an Organization*. In its notice or subpoena, a party may name as the deponent … a governmental agency, or other entity and must describe ***with reasonable particularity*** the matters for examination…. [***Emphasis added***].

Rule 30(b)(6) Fed. R. Civ. Pro.

11. Plaintiff's notice in Exhibit B is so broad as make it impossible for Defendant to produce anyone who is reasonably able to prepare and testify with specificity about the topic listed in Exhibit B.

12. Finally, Rule 26(b)(1) limits the scope of discovery to only that which "… is relevant. to any party's claim or defense and proportional to the needs of the case…" Rule 26(b)(1) Fed. R. Civ. Pro. Rule 401 Fed. R. Evid. defines relevant evidence as:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) *the fact is of consequence* in determining the action. *[Emphasis added]*.

Rule 401 Fed. R. Evid.

13. Any alleged investigation of a Force Investigation Unit of the St. Louis Metropolitan Police Department and of a particular police officer, neither of which are named as having any role in any of the event Plaintiff claims lead to his decedent's death in Plaintiff's very lengthy Complaint, has no relevance to Plaintiff's claims, thus must be oppressive under Rule 26(c)(1).

WHEREFORE, Defendant City of St. Louis hereby prays this Court grant Defendant's Motion to Quash Plaintiff's Second Amended Notice of Deposition of 30(B) 6 Deposition and enter an order of protection prohibiting Plaintiff from interjecting new issues into the case at this late date and from compelling Defendant to produce a corporate representative relative to those irrelevant issues.

      Respectfully Submitted,

      SHEENA HAMILTON,
      CITY COUNSELOR

    By: /s/ Lawrence L. Pratt
      Lawrence L. Pratt, #41324MO
      Associate City Counselor
      City Hall, Room 314
      St. Louis, MO  63103
      314.641.8317
      FAX: 314.622.4956
      *Attorney for Defendants*

## **Certificate of Service**

I hereby certify that on January 9, 2023 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

      /s/ Lawrence L. Pratt