UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-CV-1364-SPM |
| KYLE CHANDLER, et al., | ) ) ) |
| Defendants. | ) |

# **ORDER**

This matter is before the Court on Defendants' Motion to Reconsider the Court's Order of March 30, 2023 (Doc. 248). The Court's Order of March 30th granted, among other things, Plaintiff's motion to compel the appearance of named defendant, Ronald Vaughn, for the continuation of his deposition after months of stalling by the defense. *See* Doc. 244. The Court also ordered, pursuant to Fed. R. Civ. P. 37(a)(5), that Defendants pay Plaintiff's reasonable expenses incurred in filing the motion to compel.[1] *Id.* Defendants' instant motion moves for reconsideration of the Court's March 30th Order on grounds that the motion to compel was improvidently granted in contravention of the Federal Rules of Civil Procedure. Specifically, Defendants say the motion to compel was "not well founded" and

---

[1] As Defendants' own motion makes clear, Plaintiff started taking Vaughn's deposition in September of 2021. The deposition was suspended by agreement of counsel for both parties and the attorneys agreed to find a mutually agreeable date before an amended notice of deposition for the continuation of Vaughn's deposition would be issued. *See* Mot. To Compel, Ex. 1, Doc. 239-1. In moving to compel the continuation of Vaughn's deposition, Plaintiff attached a string of email communications between Plaintiff's attorney and defense counsel which made clear that Plaintiff had been attempting for months to get the continued deposition scheduled, to no avail. *See* Mot. to Compel, Ex. 2, Doc. 239-2, & Ex. 3, 239-

failed to comply with the Rules because no amended deposition notice was ever issued to Vaughn, Plaintiff's motion did not include a certification of a good faith attempt to resolve before filing the motion to compel, and Plaintiff/the Court failed to give Defendants reasonable notice of a hearing.

The Court acknowledges that Plaintiff's motion to compel may well have suffered from some of the deficiencies pointed out by Defendants. However, Defendants' collateral attack on this Court's March 30th Order is astonishing because Defendants filed a written response to the Motion to Compel, *see* Doc. 242, and through counsel, acknowledged on the record that Defendants were conceding the motion to compel Vaughn's deposition. Defendants did not contest the motion, and despite being given the opportunity to make any other record regarding the motion, Defendants did not argue that they lacked sufficient time to prepare a response or to prepare for a hearing. In sum, the Court finds Defendants waived any objections they may have had regarding timeliness and technical compliance with the rules.

Even assuming, *arguendo*, that Defendants had not waived their objections to the motion to compel, the Court would find them to be without merit. First, Defendants' argument that Plaintiff's motion did not include a certification of a good faith attempt to resolve elevates form over substance. Plaintiff's motion includes a portion of Vaughn's deposition transcript and email communications which collectively demonstrate that Vaughn appeared for a deposition, pursuant to a notice of deposition, nearly two years ago; before the deposition concluded, the parties agreed to pause Vaughn's deposition and

resume at a mutually agreeable date and time;the parties agreed that once a date was agreed-upon Plaintiff would issue an amended deposition notice; Plaintiff's counsel then tried for months to arrange a mutually agreeable date and time for the continuation of the deposition; defense counsel, apparently, did not raise any objection to the deposition or otherwise provide a reason or excuse for delay. In sum, the record before the Court demonstrates that Plaintiff's counsel attempted in good faith to obtain the discovery sought—namely, the continuation of Vaughn's deposition—without court action.

Defendants' argument that the motion to compel was improvidently granted because Vaughn's deposition was not noticed by Plaintiff also fails. Specifically, Defendants argue that Rule 37 "provides for motions to compel and sanctions only after the moving party has noticed a deposition pursuant to Rule 30 Fed. R. Civ. Pro. [sic] and the deponent fails to appear or to answer questions." *See* Defs.' Mot., Doc 248, ¶ 11. Defendants' argument appears to be predicated on Fed. R. Civ. P. 37(d), which governs a party's failure to appear at a deposition and which provides that a court may order sanctions where a party "fails, after being served with proper notice, to appear for [his] deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). But Plaintiff's motion to compel did not ask the Court to order the appearance of a party who failed to appear for a deposition, and thus it was not brought under Rule 37(d). Rather, Plaintiff asked the Court to compel the production of Vaughn, a party, by a date certain so that Plaintiff could complete his deposition. Plaintiff sought court intervention in completing Vaughn's deposition only after the events discussed above occurred--Vaughn's properly noticed deposition was paused; the parties agreed to resume at

a mutually agreeable date and time; Plaintiff's counsel tried for months to arrange a mutually agreeable date and time for the continuation of the deposition; and Defendants ignored those attempts, thereby making it impossible for Plaintiffs to determine an appropriate date for the continuation of the deposition pursuant to the parties' agreement.

Plaintiff's motion to compel thus falls under Rule 37(a), which governs motions to compel discovery in general and which permits a party "to move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The Court granted the motion to compel pursuant to that Rule, and Defendants have cited no authority that persuades the Court that its ruling was improper.[2]

The Court's award of attorney's fees was authorized by Rule 37(a)(5), which provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court ***must***, after giving an opportunity to be heard, require the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Here, Defendants offered a date for the continuation of Vaughn's deposition only after Plaintiff's motion was filed, so the Court is required (after giving Defendants the opportunity

---

[2] The cases cited in support of Defendants' motion are inapposite as they involve cases where the moving party failed to properly notice a party's deposition before filing a motion to compel.

to be heard) to award fees unless one of the exceptions set forth above applies. None of the exceptions apply here. As discussed above, the Court considers Plaintiffs' numerous emails to be an attempt in good faith to obtain the discovery without court action. Defendants have offered no objection to producing Vaughn for a continuation of the deposition, nor have they offered any legitimate excuse to justify their repeated failure to respond to Plaintiffs' requests for dates that would be mutually acceptable to both parties. Defendants have also offered no other circumstances that make an award unjust.

At the hearing, the Court advised the parties that it intended to award reasonable attorney's fees associated with Plaintiff's motions under Federal Rule of Civil Procedure 37(a)(5). The Court ordered Plaintiff to submit a fee request by a date certain and gave Defendants an opportunity to object to any such fee request. As directed by the Court, Plaintiff subsequently submitted documentation of attorney's fees in the amount of $800.00. Although Defendants made no objection to an award of fees at the time of the hearing, Defendants now ask the Court to deny Plaintiff's request for attorney's fees on the ground that the motion to compel was not well founded. For the reasons set out in this Order, that argument lacks merit. Defendants have not offered any other challenge to the reasonableness of the fees and, upon review of the fee request, the Court finds the requested fees to be reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Reconsider the Court's Order of March 30, 2023 (Doc. 248) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is awarded $800.00 in attorney's fees.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: April 14, 2023.