Page 1

IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENNIS BALL-BEY,              )
                              )
    Plaintiff,                )
                              )
                              ) Case No.
vs.                           ) 4:18-cv-01364
                              )
KYLE CHANDLER, et al.,        )
                              )
    Defendant.                )


DEPOSITION OF ROGER ENGLEHARDT
TAKEN ON BEHALF OF PLAINTIFF
December 30, 2022


PAMELA G. WILLIAMS, RPR
MISSOURI CCR #880

Page 18

1 didn't really understand what they meant. And, you
2 know, they kept asking me, like, the same, like,
3 what -- do you have receipts of documents or
4 evidence I've brought over there. And I've been in
5 this job for 30 years, I never got a re -- I never
6 asked for a receipt when I'd bring stuff to the
7 circuit attorney's office. And --
8  Q  Would it -- oh, go ahead.
9  A  And so I was just, you know, and so, I, you
10 know, I, finally at one point, I just said, like,
11 hey, you keep asking me the same questions, I keep
12 giving you the same answers. You know, like these
13 answers aren't going to change.
14  Q  Right. And who was the main investigator?
15  A  It was, I think it was spearheaded by
16 Colonel Sack or then Major Sack.
17  Q  Right.
18  A  The -- the stated members of the team were
19 J. D. McCloskey, Sergeant Mickey Owens, and Sergeant
20 Tanya Porter. Those were the -- those were the
21 members of what they -- they call an audit team,
22 that they were doing an audit.
23  Q  Right.
24  A  That's what they claimed it to be.
25  Q  Okay.

Page 19

1  A  And there was a clovient (phonetic) audit of
2 the FIU unit, but that's -- I don't accept those as
3 true answers, though.
4  Q  Right.
5  A  Just so you -- I'm just telling you what
6 they told me.
7  Q  Exactly. What do you believe it was?
8  A  I think it's a way they wanted -- they need
9 to discredit me.
10  Q  And why?
11  A  Because the ineffectiveness of the
12 organization, which is the circuit attorney's office
13 and the organization which is the St. Louis
14 Metropolitan Police Department.
15  Q  So they needed to discredit you to save face
16 with the circuit attorney's office and Metro Police
17 Department as a whole?
18  A  Well, they weren't -- they weren't doing
19 their jobs as organizations. And this is my opinion
20 and I think it's pretty clear that they weren't.
21  Q  Did they -- did they get the impression that
22 you were not bringing strong cases against officer
23 involved shootings over to the circuit attorney's
24 office, so they could be in a position to maybe
25 issue those cases?

Page 20

1  A  That was never stated to me. Simply because
2 there was never an instance where -- there was --
3 they could never cite an example of when the circuit
4 attorney asked me for something and I didn't give it
5 to them.
6  Q  All right.
7  A  If I had it. You know, I just, I -- the
8 facts are that the circuit attorney's office, the
9 way the policy is written and I know, because I
10 wrote the policy, the circuit attorney's office is
11 the one who decides whether a shooting is justified
12 under the law or not. And it's specifically written
13 to the policy that way so it's not cops clearing
14 cops. There's an outside, independent look at these
15 shootings. And so it is not my job or it wasn't my
16 role to clear anyone of any shooting. I -- it
17 wasn't my role and I simply don't even have that
18 power to do that.
19  Q  Okay. Let me ask you this: In your 30
20 years, I'm assuming you've gone to the circuit
21 attorney's office and taken a number of cases over
22 there with the recommendation that they issue the
23 case for whatever the charge may be, correct?
24  A  Yeah, this term recommendation's been thrown
25 around a lot and what we're talking about is, is

Page 21

1 this warrant supplemental form is what I -- is what
2 usually -- what people are talking about, where we
3 come over there with charges that are listed in a --
4 in either a police report or in a warrant
5 supplemental. Is that what we're talking about?
6  Q  Right.
7  A  Okay. Yes, I've done that many times.
8  Q  Exactly. But in a -- but in a officer
9 involved shooting, you don't do that, correct?
10  A  No.
11  Q  You just do the investigation and they do an
12 investigation --
13  A  Or, yeah, whatever they do --
14  Q  You just gave them the investigative report?
15  A  I give them -- and I -- well, it evolved.
16 It kept evolving. And interestingly, the case we're
17 talking about, it evolved on that day. Because
18 if -- you can correct me if I'm wrong, but this
19 happened on August 19th of 2015.
20  Q  Correct.
21  A  Okay. One year prior to that, there was a
22 shooting death of a Kajieme Powell.
23  Q  Right.
24  A  Happened on the same day, okay? On the day
25 of this shooting, and you might remember this, too,

Page 106

CERTIFICATE OF REPORTER

1. I, Pamela G. Williams, Certified Shorthand Reporter, within and for the State of Missouri, do hereby certify that the witness whose testimony appears in the foregoing deposition was duly sworn by me; the testimony of said witness was taken by me to the best of my ability and thereafter reduced to typewriting under my direction; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition was taken, and further that I am not a relative or employee of any attorney or counsel employed by the parties thereto, nor financially or otherwise interested in the outcome of the action.

*Pamela G. Williams*
Certified Shorthand Reporter
within the State of Missouri

Page 107

Veritext Legal Solutions
1100 Superior Ave
Suite 1820
Cleveland, Ohio 44114
Phone: 216-523-1313

January 20, 2023

Roger Englehardt
roger@3786@gmail.com

Case Name: Ball-Bey, Dennis v. Chandler, Kyle, Et Al.

Veritext Reference Number: 5640918

Deposition Date: 12/30/2022

Dear Sir/Madam:

Enclosed you will find a transcript of your deposition.

As the reading and signing have not been expressly waived, please review the transcript and note any changes or corrections on the errata sheet included, indicating the page, line number, change and reason for the change. Sign at the bottom of the sheet in the presence of a notary and forward the errata sheet back to us at the address shown above or email to production-midwest@veritext.com.

If the errata is not returned within thirty days of your receipt of this letter, the reading and signing will be deemed waived.

Sincerely,

Production Department

NO NOTARY REQUIRED IN CA

Page 108

DEPOSITION REVIEW
CERTIFICATION OF WITNESS

ASSIGNMENT REFERENCE NO: 5640918
CASE NAME: Ball-Bey, Dennis v. Chandler, Kyle, Et Al.
DATE OF DEPOSITION: 12/30/2022
WITNESS' NAME: Roger Englehardt

In accordance with the Rules of Civil Procedure, I have read the entire transcript of my testimony or it has been read to me.

I have made no changes to the testimony as transcribed by the court reporter.

_____   _____
Date              Roger Englehardt

Sworn to and subscribed before me, a Notary Public in and for the State and County, the referenced witness did personally appear and acknowledge that:

They have read the transcript;
They signed the foregoing Sworn Statement; and
Their execution of this Statement is of their free act and deed.

I have affixed my name and official seal

this _____ day of _____, 20____.

_____
Notary Public

_____
Commission Expiration Date

Page 109

DEPOSITION REVIEW
CERTIFICATION OF WITNESS

ASSIGNMENT REFERENCE NO: 5640918
CASE NAME: Ball-Bey, Dennis v. Chandler, Kyle, Et Al.
DATE OF DEPOSITION: 12/30/2022
WITNESS' NAME: Roger Englehardt

In accordance with the Rules of Civil Procedure, I have read the entire transcript of my testimony or it has been read to me.

I have listed my changes on the attached Errata Sheet, listing page and line numbers as well as the reason(s) for the change(s).

I request that these changes be entered as part of the record of my testimony.

I have executed the Errata Sheet, as well as this Certificate, and request and authorize that both be appended to the transcript of my testimony and be incorporated therein.

_____   _____
Date              Roger Englehardt

Sworn to and subscribed before me, a Notary Public in and for the State and County, the referenced witness did personally appear and acknowledge that:

They have read the transcript;
They have listed all of their corrections in the appended Errata Sheet;
They signed the foregoing Sworn Statement; and
Their execution of this Statement is of their free act and deed.

I have affixed my name and official seal

this _____ day of _____, 20____.

_____
Notary Public

_____
Commission Expiration Date