**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **DENNIS BALL-BEY** * | |
| Plaintiff, * | |
| * | Case No. 4:18-CV-01364 |
| v. * | |
| * | |
| **KYLE CHANDLER,** * | |
| **RONALD VAUGHN,** * | |
| **FORMER POLICE CHIEF SAM** * | |
| **DOTSON, and** * | |
| **CITY OF ST. LOUIS et al.,** * | |
| Defendants. * | |

**DEFENDANT CITY OF ST. LOUIS' RESPONSES TO PLAINTIFF'S FORTH REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant City of St. Louis (hereinafter "Defendant"), by and through the undersigned counsel, and serves its Responses to Plaintiff's Fourth Request for Production of Documents.

**INSTRUCTIONS**

1. If any of these requests cannot be answered or produced in full, respond to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you do have concerning the unanswered portion.

2. In each of Your responses identify each person consulted in responding thereto.

3. These requests are continuing in nature, and if you obtain any additional information subsequent to answering these requests, you are required to supplement your answers immediately.

4. Terms used in the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular, and the masculine, feminine or neuter pronouns shall be deemed to include each other.

1

5.      The disjunctive "or" shall be deemed to include the conjunctive "and"; the conjunctive "and" shall be deemed to include the disjunctive "or"; and each of the functional words "each," every," "any," and "all" shall be deemed to include all of the other functional words, as necessary to bring within the scope of any request for documents what might otherwise be construed to be outside the scope.

6.      If a document requested has been discarded, destroyed or lost, identify such document in reasonable detail, including the type of document, its date, the date when it was discarded, destroyed or lost, and the identity of all persons having knowledge of its content. In addition, state in reasonable detail the circumstances in which it was discarded, destroyed or lost and the identity of all persons with knowledge of those circumstances.

7.      With respect to any document for which you claim a privilege, identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege. Identify the document by stating (a) the type of document (letter, memo, and so forth), (b) the identity of the author, (c) the date written or originated, (d) the identity of each person to whom the original or a copy was addressed or delivered, and (e) the identity of every other person who has ever had possession of the document.

**OBJECTION: Defendant objects to Plaintiff's "INSTRUCTIONS" as Rule 34 Fed. R. Civ. Pro. does not provide for or authorize such.**

## DEFINITIONS

The following definitions shall apply to these document requests:

1.      You, Your, Defendant means CITY OF ST. LOUIS, RONALD VAUGHAN, KYLE CHANDLER.

2.       "Communication (s)" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party even if the other party does not necessarily respond.

3.       "Describe" and "description", when used in reference to persons or the members of a class, means to identify each individual person or member of the class, and when used in reference to a document means to state the following as to each document:

a) the nature and contents thereof;

b) the date thereof;

c) the name, address, and position of the author or signer thereof;

d) the name, address, and position of the addressee, if any; and

e) the present location thereof and the name, present address, and position of the person or persons having present custody thereof.

4.       "Document (s)" "Documentation" shall be broadly interpreted as used in the Federal Rules of Civil Procedure and means the original and all non-identical copies of all written or printed items and electronically stored information ("ESI", further defined below), including, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, day planners, travel records, lists, outlines, summaries, records of telephone conversations, facsimiles, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web site, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, records or

3

representations of any kind and description that are fixed in any medium upon which intelligence or information can be recorded or retrieved including, but not limited to, documents fixed in tangible media or electronically or digitally stored on disk or tape in a native format.

5. "ESI" means electronically stored information, electronically stored data or electronic data and is to be interpreted broadly as used in the Federal Rules of Civil Procedure and advisory committee notes thereto to include all types of information, regardless of the storage media (e.g., hard drive, CD-ROM, DVD, disc, tape, thumb drive, etc.), that requires a computer or other machine to read or process it. Because the variety of computer systems in use varies from company to company, Plaintiff is willing to meet and confer with Your knowledgeable representatives concerning the likely sources of relevant ESI which may include but are not limited to:

a. custodian computers, server-based and archival e-mail, and file server home directories;

b. other custodian sources such as Blackberries, cell phones, removable disks, USB drives, external hard drives, home computers and email accounts, voice mail, call logs, and travel and entertainment reimbursement systems;

c. shared data sources such as departmental and other shared file server directories, Sharepoint team sites, Outlook Public folders, document and records management systems;

d. business transactional applications, databases, reporting systems, data warehouses and data marts;

e. repositories of ESI retained for purposes of prior litigation, regulatory, or other retention purposes, whether located on company systems, offline media, or located at a third-party vendor or other facilities; and

f. ESI hosted, managed or stored by third-parties under an agreement with or on behalf of the Defendant.

6. "Identify" or "identification" when used in reference to an individual means to state his full name, present or last known address(es) and telephone number(s), and his present or last known position and business affiliation. "Identify" or "identification", when used in reference to a document, means to identify the type of document, the title of the document, the medium upon which the document is inscribed, the date of the document, the author of the document, and the intended recipient, if any, of the document. "Identify" or "identification", when used in reference to a statement, means to describe the statement.

7. "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts: concerning, containing, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise referring, in whole or in part.

8. Relevant Period: January 1, 2014- January 1, 2023.

**OBJECTION: Defendant objects to Plaintiff's "DEFINITIONS" as Rule 34 Fed. R. Civ. Pro. does not provide for or authorize such.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1**

Produce the audit/report conducted by St. Louis City Police Department of the Force Investigative Unit's investigations between January 2014-January 2023.

**Response: See Bates numbered documents Ball Bey v. City of St. Louis 008172-008224.**

**Request No. 2**

Produce the deposition transcripts of Ronald Vaughan and Kyle Chandler from the following cases Nelson et al v. City of St. Louis 4:18-cv.01561 and Gray v. City of St. Louis et al. 4:18-cv-01678.

**Response: Objection: Any deposition transcripts of individuals taken in the context of other cases are not relevant to any issue in this case. Further, deposition transcripts from different cases may contain privileged or confidential information of non-parties. Subject to said objections and without waiving same. Defendant has no responsive deposition transcripts in its possession or control.**

    Respectfully Submitted,

    SHEENA HAMILTON,
    CITY COUNSELOR

By: /s/ Lawrence L. Pratt
    Lawrence L. Pratt, #41324MO
    Associate City Counselor
    City Hall, Room 314
    St. Louis, MO  63103
    314.641.8317
    FAX: 314.622.4956
    *Attorney for Defendants*

## Certificate of Service

I hereby certify that on May 31, 2023 the foregoing was served by email to Plaintiff's counsel at jwooten@lsgstl.com.

/s/ Lawrence L. Pratt