IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18cv-01364 |
| ) | |
| KYLE CHANDLER, et al.; ) | |
| ) | |
| Defendants. ) | |

___

**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO DEFENDANT RONALD VAUGHN IN HIS OFFICIAL CAPACITY**

Defendant Ronald Vaughn, in his Official Capacity, hereby submits the objections and responses to the Plaintiff's Second Requests for Production of Documents:

The item(s) and matters to be produced are as follows:

1. Any and all unprivileged audio, video, surveillance, radio communication, 911 call recording, photographs and/or any other recording or depiction and/or any transcript made from any such recording, related in any way to any part of the incident and/or the scene of the said incident, and/or related in any way to decedent Mansur Ball-Bey, currently in your possession that has not been previously produced.

**RESPONSE:** Please see the documents Bates stamped Ball-bey v. City 002881-002949. These will be produced once the Court has entered a protective order.

2. Copies of any policies of insurance insuring any Defendant at the time of the incident which forms the subject matter in question and Defendant's Insurance Policy Declaration Sheet in force at the time of the incident, including but not limited to, any and all insurance

policies, whether basic, umbrella, or excess, which may pay any judgment in this case or provide any defense in this case. Including any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:No such documents exist.**

3. A copy of any and all policies, procedures, and/or training manuals and/or guidelines in effect at the time of the incident described in the complaint regarding the:

    a. Fourth Amendment of the United States Constitution as it pertains to use of force and or excessive force, use of force in general, escalation of force and/or de-escalation techniques, how to evaluate levels of threat, use of verbal commands.
    b. the Fourteenth Amendment of the United States Constitution as it pertains to the Equal Protection Clause, the treatment of minority and/or African Americans, racial discrimination, the right of parents to the familial relationship with their children.
    c. law enforcement officer use of automobiles in detaining individual(s), how to maneuver automobiles when used as a detainment technique, use of automobile as a weapon and/or the lawful and/or permitted use of automobiles in detaining individual(s).
    d. procedure to summons medical care and/or seek medical attention for injured persons and/or rendering first aid and/or medical attention to injured parties.

**RESPONSE:Defendant objects to this request to the extent that it requests training or policies related to the using automobiles or relating to race or equal protection as no such claims or factual allegations have been asserted in this case.**

**Subject to and without waiving the foregoing objection, this request will be supplemented with responsive, non-privileged documents.**

4. Any and all complaints of previous incidents where you were accused of and/or disciplined for using excessive force and/or racial discrimination and/or using an automobile to injure a person, and/or for detaining a person during a ped-check or for walking on the street, including any

>documentation of the outcome of said complaint(s) whether founded or unfounded, including any and all reports prepared by you to the United States Department of Justice in its review(s) of the City of St. Louis and/or St. Louis Police Department and/or any and all reports prepared by the United States Department of Justice in its review(s) of the City of St. Louis and/or St. Louis Police Department.  Include full names and addresses of any and all complainants thereof.

**Response: Defendant objects to this request as it has been directed to the officers in their official capacities, which are the same as claims against the City of St. Louis.** *See See Banks v. Slay,* **875 F.3d 876 (8th Cir. 2017)("A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official-capacity suit against an individual is really a suit against that official's government entity.") So, these interrogatories are being responded to by the City of St. Louis.** *See Brown v. Univ. of Kansas*, **Case No. 10-2606-EFM-KGG, 2012 U.S. Dist.LEXIS 13092, \*6 (D. Kan. Feb. 3, 2012) (Discovery directed to individuals in their official capacity must, at a minimum be responded to by the entity the individuals represent in their official capacities.)**

**Defendant further objects to this request as overly broad and unduly burdensome. Because this request is made against the officers in their official capacities, it is thus appropriately against the City. Such a request, without any time frame limitations department wide is overbroad. Further, a request for all accusations or disciplinary actions related to racial discrimination or automobile related incidents which are not at issue in this case. If Plaintiff is willing to reconsider the wording of this request, the City will reconsider its objection.**

>5.  Complete employment records, including but not limited to hiring records and contracts, training and/or certification records, internal investigation records of said officer, and disciplinary records.

**RESPONSE:Defendant objects to this request as it has been directed to the officers in their official capacities, which are the same as claims against the City of St. Louis.** *See See Banks v. Slay,* **875 F.3d 876 (8th Cir. 2017)("A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official-capacity suit against an individual is really a suit against that official's government entity.") So, these interrogatories are being responded to by the City of St. Louis.** *See Brown v. Univ. of Kansas*, **Case No. 10-2606-EFM-KGG, 2012 U.S. Dist.LEXIS 13092, \*6 (D. Kan. Feb. 3, 2012) (Discovery directed to individuals in their official capacity must, at a minimum be responded to by the entity the individuals represent in their official capacities.)**

**Defendant further objects to this request as vague in that the phrase "said officer" is not defined to stated with particularity. Defendant objects to this request as it is overly broad and unduly burdensome. Because this request is made against the**

3

officers in their official capacities, it is thus appropriately against the City. Such a request, without any time frame or other limitations department wide is overbroad.

**Subject to and without waiving the foregoing objection personnel records for Officers Chandler and Vaughn will be produced no later than 10 days after the entry of a protective order.**

> 6. Copies of any and all statements previously made by Plaintiff(s) including but not limited to the decedent Mansur Ball-Bey., concerning the subject matter of this incident, including any emails, social media posts, written statements signed or otherwise adopted or approved by the Plaintiff(s) hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff(s) hereto and contemporaneously recorded.

**RESPONSE:Defendant directs Plaintiff to the documents produced at Ball-Bey v. City 002507-002538; 002559-002599; 002917-002919.**

> 7. A complete copy of your file as it relates in any way to the criminal investigation and/or grand jury proceedings, of the incident involving the shooting of Mansur Ball-Bey and/or any and all arrest records related to any person in any way to the subject incident.

**RESPONSE:Please see the documents produced at Ball-bey v. City 000001-002949. Those documents will be produced upon the entry of a Protective Order**

> 8. A copy of any witness' statement(s), including any audio and/or video recordings and/or transcriptions of same, regarding the incident which forms the subject matter of this lawsuit that are not privileged by law, including name(s) and address(es) of any and all witnesses to the subject incident which are known to the Defendant and/or known to the Defendant's representative and/or Defendant's Attorney.

**RESPONSE:Defendant Directs Plaintiff to the documents Bates stamped at Ball-Bey v. City 000026-000117; 000245-000309; 000316-000361; 000414-000500; 002886-002897; 2911-2916; 2920 2945-47; 2949. Those documents will be produced upon the entry of a Protective Order in this case.**

9. Any and all expert reports, recordings, photographs, diagrams or other material which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested, and/or a curriculum vitae or resume of each individual whom you may call as an expert witness at the trial of this case.

**RESPONSE:No report has yet been received, but this response will be supplemented once it is. This response will be supplemented with the remaining responsive documents within 14 days of this response.**

10. Any and all memorandum, reports, records, documents, graph, diagram, audio recordings, autopsies, video recordings, photographs, crime scene photographs, administrative crime scene photographs, aerial photographs, any and all replications of the scene, any internal and/or interdepartmental communication record, sergeant's daily reports, Watch Commander's daily reports, custody reports, and/or thing related in any capacity to the incident subject to the complaint, including but not limited to, any such item obtained from another agency by you and/or created and/or gathered by you, including but not limited to, any such item obtained to prepare a report and/or internal investigation report and/or use of force report and/or Force Investigation Unit/Division reports for the subject incident.

**RESPONSE:Defendant directs Plaintiff to the documents Bates stamped Ball-Bey v. City 000001-002949. Such documents will be produced upon the entry of a Protective Order in this case.**

11. Any and all use of force policies including the use of deadly force of the St. Louis Police Department.

**RESPONSE:Defendants will supplement his response within one week.**

                                                Respectfully submitted,

                                                JULIAN BUSH
                                                CITY COUNSELOR

                                       By: */s/ Brandon Laird*
                                                Brandon Laird
                                                Assistant City Counselor
                                                Mo Bar No. 65564
                                                Erin McGowan
                                                Assistant City Counselor

                          Mo. Bar No. 64020
                          City Hall
                          1200 Market Street, Room 314
                          St. Louis, Mo  63103
                          (314) 622-4652
                          (314) 622-4956 fax
                          lairdb@stlouis-mo.gov
                          *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019 the foregoing was e-mailed to the following:

Daniel Dailey
ddailey@kingdomlitigators.com

Jermaine Wooten
jwooten@lsgstl.com

      Attorneys for Plaintiff

                          */s/ Brandon Laird*
                          Brandon Laird
                          Assistant City Counselor