# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:18-CV-01364 |
| v. ) | |
| ) | |
| KYLE CHANDLER, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OF BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, by and through undersigned counsel, and for their Response and Memorandum in Opposition To Plaintiff's Motion For Stay of Briefing on Defendants' Motion For Summary Judgement states as follows:

Plaintiff's counsels repeatedly allege Defendants did not respond to Plaintiff's request for depositions. This is *not* accurate.

As a threshold matter, Plaintiff did not request the depositions of Lt. McCloskey, Sgt. Porter or Sgt. Porter until May 18, 2023. Nearly five months after the Court's January 23, 2023. To avoid needless repetition, see Doc. #285 for further discussion of this issue. Nowhere in the Federal Rules of Civil Procedure or any of this Court's orders are Defendants mandated to read the Plaintiff's counsel's mind or to force upon Plaintiff random individuals for deposition. Plaintiff's own position

1

on this issue is somewhat disingenuous as Plaintiff requested the above-referenced individuals for deposition on May 18th, now two of those three have changed. Instead of Sgts. Owens and Porter Plaintiff now want to take the deposition of Chief Dotson and Lt. Owens.

Further, regarding FIU documents Defendants are not obligated under the Federal Rules of Civil Procedure to produce documents for which Plaintiff has not requested, nor can Defendants do so. Plaintiff's eleventh hour request for additional time to engage in additional vaguely defined discovery is nothing more than an attempt to completely reopen discovery in this case and conduct a fishing expedition in the hopes of finding something to bolster their outlandish claims.

Finally, Plaintiff's reference to the documents they seek having been the subject of other cases is relevant in this case only to the extent that should the Court rule them to be relevant and discoverable we can know that Plaintiff has not been prejudiced because they already knew and had access to these documents. The only issue regarding these documents that remain is Plaintiff's dilatory failure to address this "known" discovery earlier within the confines of the Court's scheduling order.

Defendants' object to Plaintiff requesting any additional time to conduct additional discovery and to allow additional time for Plaintiff to file some vague amended response as Defendants will be prejudiced by having already filed their

Motion For Summary Judgment in an attempt to comply with the Court's scheduling order.

## CONCLUSION

For foregoing reasons Defendants pray this Court deny Plaintiff's Motion For Stay of Briefing on Defendants' Motion For Summary Judgement.

                                                Respectfully Submitted,

                                                SHEENA HAMILTON,
                                                CITY COUNSELOR

                                            By: /s/ Lawrence L. Pratt
                                                Lawrence L. Pratt, #41324MO
                                                Associate City Counselor
                                                City Hall, Room 314
                                                St. Louis, MO  63103
                                                314.641.8317
                                                FAX: 314.622.4956
                                                *Attorney for Defendants*

## Certificate of Service

I hereby certify that on June 9, 2023 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

                                                /s/ Lawrence L. Pratt