UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-1364-SPM |
| ) | |
| KYLE CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On June 13, 2023, this matter came before the Court for a hearing on Plaintiff's Motion for Stay of Briefing on Defendants' Motion for Summary Judgment (Doc. 288), which the Court construes as a motion for leave to amend the Seventh Amended Case Management and the Order Setting Trial, and Plaintiff's Motion to Compel Discovery (Doc. 276). At the Court's direction, the parties supplemented the Motion to Compel by filing a Joint Memorandum setting out in further detail the parties' positions. (Doc. 296-1). For the reasons stated on the record in open court during the hearing and for the reasons set out below, both motions will be denied. However, Plaintiff will be given a limited period to conduct and complete the limited discovery that was specifically authorized by this Court's order dated January 24, 2023.

**I. FACTUAL BACKGROUND**

The facts of this case are known to the parties and were discussed on the record; they will not be repeated in full here. Briefly, for a variety of reasons, this case has been pending for nearly five years. Trial is set for September 11, 2023. On May 24, 2022, following a status hearing with counsel for both parties, this Court entered its Seventh Amended Case Management Order (CMO) setting the deadline for completion of all discovery on January 11, 2023, and setting deadlines for the filing and briefing of motions for summary judgment. *See* Doc. 200.

In late December, as the parties were completing discovery, Plaintiff learned for the first time in a deposition that Defendant City of St. Louis's Force Investigation Unit (FIU)—a unit developed to investigate use-of-force by officers—had been audited and the investigation into the FIU had found the unit committed a multitude of errors in carrying out its investigations. As a result of this discovery, Plaintiff's counsel amended Plaintiff's 30(b)(6) Deposition Notice to the City to include a topic about the FIU investigation including investigations of Roger Englehart, the lead supervising investigator of the FIU from 2014 through 2020. The City moved to quash the deposition notice, and on January 23, 2023, the Court held a hearing on the motion to quash. Following the hearing, the Court entered an order acknowledging that the information sought may well lead to discovery of "information that could be highly relevant to Plaintiff's claims" if, for example, the internal affairs investigation "uncovered information about what occurred in the [Ball-Bey] shooting." *See* Doc. 220, at p. 4. However, the Court concluded the information sought would otherwise be of limited probative value and held that "requiring Defendant to conduct the research and preparation necessary to prepare a Rule 30(b)(6) witness on [the topic of the FIU investigation] would be quite burdensome ***and that burden might outweigh the likely benefit of the discovery sought.***" *See id.* (emphasis added).

Based on a discussion on the record between the Court and counsel for both parties, and after considering the issue of proportionality, the Court concluded that allowing Plaintiff to depose a few individual witnesses about the internal affairs investigation was a less burdensome way for Plaintiff to obtain the information sought. *Id.* As such, the Court granted the motion to quash the amended 30(b)(6) deposition notice but granted Plaintiff leave to conduct very limited discovery, after the general discovery cutoff, on the FIU investigation:

> IT IS FURTHER ORDERED that Plaintiff is granted leave to take the depositions of the individuals from the St. Louis City Police Department who conducted the internal investigations of the St. Louis City Metropolitan Police's Force Investigation Unit. Plaintiff is also granted leave to serve any narrowly tailored document requests resulting from the deposition testimony.

(Doc. 220). Due to an oversight, the Court did not set a deadline for completion of this limited FIU-related discovery.

Defendants timely filed their motion for summary judgment on March 10. Based on the Seventh Amended CMO's briefing schedule, Plaintiff's opposition brief was due on April 7. On March 27, Plaintiff filed a motion to compel the continuation of the deposition of Defendant Ronald Vaughan, arguing that he would be disadvantaged in responding to summary judgment if he did not have Vaughan's deposition. Plaintiff did not indicate to the Court at that time that he had not yet obtained the FIU-related discovery or that he needed any additional time to conduct FIU-related discovery before filing his opposition to summary judgment. The Court entered an order compelling Defendant to produce Vaughan for deposition and granted Plaintiff an extension of time (to May 12) to respond to summary judgment. Plaintiff subsequently obtained some short extensions of time to file his opposition to summary judgment, also based on delays in obtaining Vaughan's deposition transcript. On May 17, Plaintiff filed an initial opposition to summary judgment that was stricken by the Court. On May 30, with leave of Court, Plaintiff filed his revised opposition to summary judgment.

On May 29—the day before he filed his revised opposition to summary judgment—Plaintiff filed the instant Motion to Compel Discovery, asking the Court to compel Defendants to produce (1) the FIU Audit and related documents, and (2) the personnel files of Defendants Vaughan and Chandler. Plaintiff argues that he has attempted to conduct the FIU-related discovery authorized by the Court's January 24 Order but that Defendants' counsel has been unresponsive or has refused to produce the relevant documents and witnesses. In a Joint Memorandum filed at the Court's direction, Plaintiff states that he received the FIU Audit Report on May 31 but that he still needs the following: (1) depositions of three individuals with knowledge of the FIU (J.D. McCloskey, Lt. John Green, and former Chief Sam Dotson); (2) supplementary

3

documents related to the FIU audit; (3) IAD and personnel records of Roger Engelhardt; (4) IAD and personnel records of Steven Burle; (5) the ILEADS audit; and (6) Chandler and Vaughan's personnel files.

On June 5—six days after filing his revised opposition to summary judgment—Plaintiff filed the instant Motion for Stay of Briefing on Defendants' Motion for Summary Judgment. Plaintiff argues that he has been awaiting the production of FIU-related documents, that he received one document on May 31, and that he needs many more documents and depositions related to the FIU audit. Plaintiff also states that he will need to supplement his opposition to summary judgment after conducting that discovery. Plaintiff therefore requests 60 days to conduct additional discovery and then 14 more days after that to file a supplemental opposition to summary judgment. The Court construes this as a motion for leave to amend the Seventh Amended Case Management Order and the Order Setting Trial.

**II. DISCUSSION**

**A. Motion for Stay of Briefing on Defendants' Motion for Summary Judgment**

In moving to stay briefing on Defendants' motion for summary judgment, Plaintiff, in effect, asks the Court to amend the deadline for filing his opposition to the motion for summary judgment even though the deadline for opposing summary judgment has already expired. Thus, the applicable standard for evaluating the motion is provided by Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. Under Rule 6(b)(1)(B), "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices,* 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). The

4

factors to be considered include "(1) the possibility of prejudice to [the non-moving party]; (2) the length of [the moving party's] delay and the possible impact of that delay on judicial proceedings; (3) the reasons for [the moving party's] delay, including whether the delay was within [the moving party's] reasonable control; and (4) whether [the moving party] acted in good faith." *Id.* (internal quotation marks omitted). The Court will address each factor in turn.

   *1. Possibility of Prejudice to Defendants*

Based on the parties' written submissions and after carefully considering the entire record before the Court, I find that the possibility of prejudice to Defendants in expanding the deadline for summary judgment briefing is great and, therefore, weighs against a finding of excusable neglect. After nearly five years of litigation, Defendants timely filed their summary judgment motion on March 10 based on what they understood to be the key factual and legal issues in the case. By that date, Plaintiff was well-aware of issues related to the FIU investigation. Indeed, on January 23 the Court conducted an hour-long hearing on the record during which Defendants sought to quash as irrelevant and untimely Plaintiff's Amended 30(b)(6) deposition notice for a witness who would testify about the FIU and the City's investigation of the FIU. When pressed by the Court at the hearing in January, Plaintiff's counsel was unable to fully explain how the FIU-related discovery connected to the legal issues in the case against the City. Plaintiff's counsel was also unable to articulate why this discovery was so relevant or significant to Plaintiff's legal theories that it warranted reopening discovery and potentially significantly extending the deadlines that had just recently been established in the Seventh Amended CMO. Instead, Plaintiff's counsel proposed that he could withdraw the 30(b)(6) notice stating all he really needed was testimony of the lead investigator of the FIU.

In sum, as of the filing of Defendants' summary judgment motion on March 10, Plaintiff was aware of and had been granted leave to pursue the FIU-related discovery (albeit on a limited basis). However, at no time between the filing of Defendants' summary judgment motion on March 10 and Plaintiff's instant motions did Plaintiff notify the Court that he would need the FIU-related discovery to respond to summary

5

judgment (as Plaintiff did with the Vaughn deposition). Allowing Plaintiff to supplement his summary judgment opposition brief with information and legal arguments that were not raised before the deadline for filing or responding to dispositive motions would be highly prejudicial to Defendants especially because, as Plaintiff himself has demonstrated in related filings, Defendants likely would need to conduct further discovery and investigation to properly respond to any supplemental opposition by Plaintiff.

### 2. *Length of the Delay*

The second factor—the length of the delay in this case and the impact on judicial proceedings—weighs heavily against a finding of excusable neglect. This case is already nearly five years old and is currently on its Seventh Amended Case Management Order. The Court has already given the parties numerous extensions of time to conduct discovery and file various briefs. The Court advised the parties on March 30 that it did not intend to grant any further extensions of any deadlines in the Seventh Amended Case Management Order and did not intend to move the September 11 trial date. *See* Order dated March 30, 2023, Doc. 244. The Court has already extended the deadline for Plaintiff's opposition to summary judgment several times, for a total extension of more than a month and a half (from April 7 to May 30). Plaintiff now asks the Court to move that deadline by another two and a half months (from May 30 to August 18). That delay would, in turn, require the Court to move the deadline for Defendants' Reply to September 1, and to move the September 11 trial date to some unknown future date. Moving these dates at this point would constitute a severe disruption to the judicial proceedings.

### 3. *The Reasons for Delay*

The third factor—the reasons for Plaintiff's delay, including whether the delay was within Plaintiff's reasonable control—also weighs heavily against a finding of excusable neglect. Plaintiff lays the blame for delay at the feet of Defendants, arguing that Defendants' production of the FIU Audit the day after Plaintiff responded to summary judgment was tantamount to an admission that Defendants did not want Plaintiff to have access to the FIU Audit while briefing summary judgment. *See* Doc. 288, p. 1-2. However, it is not at

6

all clear to the Court that Plaintiff timely requested production of the FIU Audit or diligently pursued FIU-related discovery when leave was granted to Plaintiff to do so out of time.

Based on the record before this Court, Plaintiff first became aware of the FIU Audit in late December 2022 and was aware that the FIU Audit contained potentially damning information about the way in which the FIU conducted its force investigations. Although, in January, Plaintiff was granted leave to pursue FIU-related discovery after the discovery cutoff, Plaintiff waited thirty days to email Defendants' counsel about the discovery. In a February 24 email, Plaintiff's counsel notified defense counsel that he "plan[ned] to notice up several depositions in March related to the investigation of the FIU" and asked for the attorney's "availability in March." *See* Doc. 287, at 2. On March 10, after receiving Defendants' motion for summary judgment, Plaintiff still did not press urgently for the FIU-related discovery. Rather, it appears that after the summary judgment motion was filed, Plaintiff's efforts to obtain this discovery consisted of two additional emails to defense counsel: (i) an April 4 email containing a written request for production of the FIU audit report and stating, "Upon receipt of the FCI audit report, I will schedule depositions" (Doc. 276-3, at 1), and (ii) an April 6 email stating, "If you could provide the FCI audit ASAP, then we will schedule the deposition of the investigators" (Doc. 276-4, at 2).[1]

Plaintiff did not name the specific witnesses he wanted to depose. He did not serve any deposition notices. When he received no responses to his emails, or received unsatisfactory responses, he did not request a discovery conference with the Court.[2] He did not file a motion to compel, nor did he tell the Court that he needed more time to file his opposition to summary judgment because he had not obtained the FIU-related discovery—despite the fact that he did exactly this for an unrelated deposition on which Defendants

---

[1] To the extent that the record contains any additional emails of a similar character that the Court missed in its review of the parties' exhibits, it does not change the Court's conclusion.

[2] The Court's Seventh Amended Case Management Order generally requires that before filing a discovery motion, the parties request a conference with the Court.

were also ignoring his emails.³ On May 17, Plaintiff filed his initial opposition to summary judgment without having deposed the FIU-related witnesses. Not until May 18—*after* the initial opposition had already been filed—did Plaintiff's counsel even ask defense counsel for deposition dates for specific witnesses.

Although the record supports Plaintiff's argument that Defendants were not responsive, for the foregoing reasons, the record equally shows a lack of diligence on the part of Plaintiff. The Court finds no good reasons for the delay and finds that the delay was almost entirely within Plaintiff's control.

### 4. *Good faith by Plaintiff*

Regarding the fourth factor, although the Court finds Plaintiff did not act diligently in trying to pursue the FIU-related discovery in conjunction with summary judgment, the Court has no reason to believe that Plaintiff did so in bad faith.

In sum, after considering the relevant factors, the parties' submissions, and the arguments at the hearing, the Court does not find excusable neglect that would warrant allowing Plaintiff to file a supplemental opposition to summary judgment at this late date. As such, Plaintiff's request to file a supplemental opposition brief after conducting additional discovery will be denied.

### B. Motion to Compel Discovery

Plaintiff has moved to compel discovery of FIU-related discovery and other discovery. The substance of this motion is set forth in the Joint Memorandum. The Court will address below each category of discovery Plaintiff asks the Court to compel.

---

³ As set out above, on March 27, after Defendants ignored Plaintiff's requests to continue the previously-suspended deposition of Defendant Vaughan, Plaintiff filed a motion to compel the deposition and asked for more time to file his opposition to summary judgment after the deposition was complete. That relief was granted. Plaintiff has presented no satisfactory explanation as to why he did not do the same for the FIU-related witnesses.

### *1. Depositions of FIU-related Witnesses*

Plaintiff seeks an order compelling the depositions of three individuals who have information related to the FIU Audit: J.D. McCloskey, Lt. John Green, and former Chief Sam Dotson. At the hearing, Defendants indicated that they did not dispute Plaintiff's request to depose McCloskey and Green. As to Dotson, however, Defendants argued (both at the hearing and in their portion of the Joint Memorandum) that Dotson was not an investigator and that his testimony is not relevant.

Based on the parties' submissions and the agreement of the parties, the Court finds that the depositions of witnesses McCloskey and Green fall within the scope of the Court's January 24 Order and are relevant. However, based upon a review of the record at the time of the January 23 hearing on the motion to quash, the Court is not persuaded that Dotson's deposition falls within the scope of the January 24 Order, which permitted only "the depositions of the individuals from the St. Louis City Police Department who conducted the internal investigations of the St. Louis City Metropolitan Police's Force Investigation Unit." Defendant argues that Dotson did not conduct an internal investigation of the FIU, and Plaintiff has not persuaded the Court otherwise. The Court therefore does not find a justification for reopening discovery to allow Plaintiff to depose Dotson.

Although Plaintiff has permission to conduct the depositions of Green and McCloskey under the January 24 Order, the Court will deny Plaintiff's motion to compel these depositions. There is nothing in the record to suggest that Plaintiff has served a notice of deposition for any of these witnesses under Rule 30(b)(1). Indeed, as to Green, there is no evidence that Plaintiff's counsel has ever even sent Defendants' counsel an informal request to depose him.[4] Under these circumstances, Plaintiff's motion to compel is premature and will be denied. *See, e.g.*, *Byrd v. Castlepoint Fla. Ins. Co.*, No. CV 15-634-BAJ-RLB, 2016 WL 1559584, at *2 (M.D. La. Apr. 18, 2016) (denying motion to compel in the absence of a properly issued

---

[4] On May 18, Plaintiff's counsel asked Defendants' counsel for deposition dates for three FIU-related witnesses—McCloskey, Owens, and Porter. He did not include requests to depose Green or Dotson.

9

Notice of Deposition under Rule 30(b)(1); *Wolk v. Seminole Cnty., Fla.*, No. 605CV-1722-ORL-18KRS, 2007 WL 328685, at *1 (M.D. Fla. Jan. 31, 2007) ("Because no deposition had been noticed as of the date of filing of the motion, a motion to compel such a deposition is not ripe for consideration."); *Ruminer v. Gen. Motors Corp.*, No. 4:03CV00349 GTE, 2005 WL 8164522, at *1 (E.D. Ark. Nov. 10, 2005) (denying motion to compel as premature where the movant had not properly given notice of the depositions and had not shown that the witness would not attend if properly noticed) (collecting cases).

The Court also notes that Plaintiff's Motion to Compel does not comply with Rule 37(a)(1), which requires a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," or with Rule 3.04(A) of the Local Rules for the United States District Court for the Eastern District of Missouri, which provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A). Plaintiff's noncompliance with these rules provides an independent basis for denying the motion to compel.

In sum, the motion to compel is denied with respect to the FIU-related witnesses. However, the Court will allow Plaintiff to conduct depositions of witnesses McCloskey, Green, and any other witness who falls within the scope of the Court's January 24 Order **so long as the depositions are completed no later than Monday, July 24, 2023.**

### 2. *Personnel Files of Defendants Chandler and Vaughan*

At the hearing, the parties represented that Plaintiff is already in possession of these personnel files. Thus, the motion to compel will be denied as moot regarding these documents.

10

### *3. ILEADS Audit*

At the hearing, Plaintiff stated that he was withdrawing this request. The Court will consider this aspect of the motion to compel to be withdrawn.

### *4. Supplementary Documents Related to the FIU Audit, and IAD/Personnel Records of Roger Engelhardt and Steven Burle*

The Court's January 24 Order granted Plaintiff leave "to take the depositions of the individuals from the St. Louis City Police Department who conducted the internal investigations of the St. Louis City Metropolitan Police's Force Investigation Unit" and then to "serve any narrowly tailored document requests resulting from the deposition testimony." Plaintiff has not taken any depositions, and thus any request for written documents is premature. Moreover, these requests, as articulated in the Joint Memorandum, are very broad, not "narrowly tailored." Finally, the Court notes that it does not appear that Plaintiff has served Defendant with any requests for this information, making any motion to compel premature. The motion to compel production of these documents is denied.

### III. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Stay of Briefing on Defendants' Motion for Summary Judgment (Doc. 288), which the Court construes as a motion for leave to amend the Seventh Amended Case Management and the Order Setting Trial, and a Motion to Compel Discovery (Doc. 288), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 276) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff may conduct the limited discovery already specifically authorized in the Court's January 24 Order, including conducting depositions of J.D. McCloskey and Lt.

John Green, so long as the discovery falls squarely within the scope of the January 24 Order and is served and completed no later than **Monday, July 24, 2023**.

**IT IS FURTHER ORDERED** that any motion to compel related to the limited discovery authorized by the Court's January 24 Order must be filed promptly and no later than **Monday, August 7, 2023**. No motion to compel discovery may be filed unless (1) the motion makes clear that the deposition notice or discovery request at issue was properly served as set forth in the Federal Rules of Civil Procedure (emails or telephone calls requesting documents or available deposition dates are not sufficient); and (2) the parties have complied with the requirements of Fed. R. Civ. P. 37(a)(1) (requiring a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action); and Rule 3.04(A) of the Local Rules for the United States District Court for the Eastern District of Missouri (containing more specific requirements for the certification). **Any motion to compel that does not comply with these requirements will be summarily denied.**

**IT IS FURTHER ORDERED** that Defendants' oral motion, made at the hearing, for an extension of time until ten days from the date of this Memorandum and Order in which to file their Reply in support of summary judgment, is **GRANTED**. Defendants' Reply in support of their motion for summary judgment shall be filed within **ten (10) days** of the date of this order.

**IT IS FURTHER ORDERED** that Defendants' earlier motion for a shorter extension of time to file their Reply (Doc. 300) is **DENIED** as moot.

                                              SHIRLEY PADMORE MENSAH
                                              UNITED STATES MAGISTRATE JUDGE

Dated: June 16, 2023.