**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KYLE CHANDLER, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO UNSEAL, OR IN THE ALTERNATIVE, MEMORANDUM PURSUANT TO L.R. 13.05 REGARDING SEALING

Plaintiff Dennis Ball-Bey and Defendants City of St. Louis filed a Joint Memorandum to the Court regarding several discovery issues on June 9, 2023. ECF No. 296-1.  Much of Plaintiff's portion of the brief relied upon the FIU Audit (ECF No. 296-2), which had been belatedly produced by the City of St. Louis the day after Plaintiff filed his response to Defendants' Motion for Summary Judgment. Because the City of St. Louis had designated the FIU Audit as "Confidential" pursuant to the operative Protective Order in this case, and because Plaintiff quoted from the Audit in his Joint Memorandum, Plaintiff filed the Joint Memorandum and the Audit under seal. As mentioned at oral argument regarding on Tuesday, June 13, Plaintiff is in the position of filing documents designated by Defendants as "Confidential" despite the fact that Plaintiff does not believe such documents need be filed under seal, and is thus not a "proponent of the sealing" according to the Local Rule, and thus brings this filing as a Motion to Unseal. In the alternative, however, Plaintiff brings the following Memorandum under Local Rule 13.05 (A)(4)(c), detailing why the Joint Memorandum and accompanying FIU Audit (collectively, "Sealed Materials") need not be filed under seal.

1

## **Legal Background**

At the common law, judicial records are presumptively public, particularly dispositive motions and their attached documents. *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018); *Steele v. City of Burlington*, 334 F. Supp. 3d 972, 977–79 (S.D. Iowa 2018) (collecting cases). The Sealed Materials are judicial records because they are all documents filed in connection with a motion for before the Court. *Steele*, 334 F. Supp. 3d at 979. Because the Sealed Materials are judicial records, the presumption of access can only be overcome when the court has "balance[ed] 'the interests served by the common law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *Flynt*, 885 F.3d at 511 (citation omitted). A party seeking to prevent disclosure can only overcome the common law right of access if it "provides compelling reasons for doing so." *Id.* In providing a compelling interest, a party cannot merely point to a document's designation during discovery as "confidential" to file the document under seal. *Blue Buffalo Co., Ltd. v. Wilbur-Ellis Co.*, No. 4:14-CV-859-RWS, 2020 WL 13560167, at *1 (E.D. Mo. June 18, 2020); *accord* E.D. Mo. L.R. 13.05(A)(3).

The Eighth Circuit recognizes that "[c]ourt proceedings are presumptively public," *United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022, and there is a common law right of access to judicial records in civil proceedings, *Flynt*, 885 F.3d at 511 (*citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978)); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). This right of access "bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.' It also provides a measure of accountability to the public at large, which pays for the courts." *IDT Corp.*, 709 F.3d at 1222 (citations omitted); *accord United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023) ("The presumption [of access] is based on the need for

the federal courts 'to have a measure of accountability and for the public to have confidence in the administration of justice.'" (citation omitted)); *Hart v. ITC Serv. Grp., Inc*., No. 4:15-CV-00599-DGK, 2017 WL 2728439, at *1 (W.D. Mo. June 23, 2017) ("[The presumption of access] is based not only on the values underlying the free-speech and free-press clauses of the First Amendment, but also on the fact that the public cannot adequately monitor the judiciary's performance if records of judicial proceedings are kept secret.").

## ARGUMENT

The Sealed Materials comprise several records of the audit of the Force Investigation Unit ("FIU"), a team of SLMPD officers tasked with investigating police officer shootings of civilians in 2014. The Commander of FIU from 2014-2018 was Roger Engelhardt, who was later removed from his role and fired amidst allegations that he was "double dipping"—working a secondary job while he was supposed to be running the FIU. Ex. 1, Deposition of Roger Engelhardt, at p. 10-11.

The FIU Audit is an investigation of the operations of the FIU team, as well as a list of police-involved shootings from 2014-2018. The *fact* of these shootings, such as the address and the dates of the shootings, as well as the identity of both the police officer who shot the civilians as well as the civilians who were shot, are by their nature public records that would be obtainable through Sunshine Law requests of the underlying police reports. *See, e.g.* RSMo 610.100.2, which states that "all incident reports ... shall be open records" where an incident report is defined as "a record of a law enforcement agency consisting of the date, time, specific location, name of the victim and immediate facts and circumstances surrounding the initial report of a crime or incident." Therefore, nothing in the FIU Audit is confidential—rather, many of the files are simply a compendium of various public records of police shootings.

Other parts of the Audit describe the investigation of the operations of the FIU team during the 2014-2018 period. See ECF No. 296-2 at 2-8; 16-20. These generic descriptions of the investigation and its findings do not reveal any specific information related to the investigations of FIU or regarding specific police intelligence that would justify their closure.

Other records describe investigation into Engelhardt's actions as Commander of FIU. While Defendants may try to categorize parts of this investigation as internal affairs related, such a designation does not justify its sealing. In fact, Missouri law holds that personnel and disciplinary records, when they relate to the commission of a crime, are open records under Missouri law. *Guyer v. City of Kirkwood*, 38 S.W.3d 412, 415 (Mo. 2001). Therefore, even if Defendants claim that the FIU Audit was related to personnel matters, because it allegedly related to the commission of a crime (that is, theft related to working two jobs at once) the document would be a public record.  Last, any claim from Defendants that the FIU Audit is confidential rings hollow here, where the employee at issue, Roger Engelhardt, has openly disclosed these issues himself publicly. *See* Ex. 1, deposition of Roger Engelhardt, p. 10 ("They claimed or they still claim, that I double dipped on six separate occasions ranging from May 18th of 2014 to February 10th of 2018. They claimed that I approved a report without a deceased offender in it. They claimed that I failed to capture 146 errors in a report."). Regardless, to the extent the Court determines that this portion of the FIU Audit should be under seal, that can be accomplished through redactions, not the wholesale sealing of the entire document.

## CONCLUSION

For the reasons stated above, Mr. Ball-Bey requests this Court unseal the documents from the Sealing Materials.

Dated:  June 22, 2023                                    **KHAZAELI WYRSCH, LLC**

*/s/ John M. Waldron*
John M. Waldron, 70401MO
James R. Wyrsch, 53197MO
Javad M. Khazaeli, 53735MO
911 Washington Avenue, Suite 211
St. Louis, Missouri  63101
(314) 288-0777
(314) 400-7701 (Fax)
jack.waldron@kwlawstl.com
james.wyrsch@kwlawstl.com
javad.khazaeli@kwlawstl.com

**THE LEGAL SOLUTIONS GROUP**
Jermaine Wooten, 59338MO
10250 Halls Ferry
St. Louis, Missouri  63136
(314) 736-5770
(314) 736-5772 (Fax)
wootenjlaw1@aol.com

*Attorneys for Plaintiff*