UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-1364-SPM |
| | ) |
| KYLE CHANDLER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter came before the Court for a hearing on June 23, 2023, to address Defendants' Motion for Sanctions (Doc. 292). For the following reasons, the motion will be denied.

**I.   BACKGROUND**

In their motion, Defendants seek sanctions against Plaintiff, up to and including dismissal of this case, based on an allegation that Plaintiff's counsel made an improper *ex parte* phone call to Tom Morris, a current City of St. Louis employee. Defendants allege that on May 30, 2023, Plaintiff's counsel called Mr. Morris, asking him for a copy of a report he had prepared in 2016 (that had been previously produced to Plaintiff in discovery) and asking him how he came to be involved in the case.[1] Defendants also note that they warned Plaintiff's counsel in 2019 about improper *ex parte* communications after Plaintiff's counsel made calls to two employees of the City of St. Louis, suggesting that *ex parte* communications have been a repeated issue. Defendants did not articulate in their briefing the legal authority under which

---

[1] In response, Mr. Morris told Plaintiff's counsel that in 2016 he was a consultant for the SLMPD and had been specifically retained by it to consult in this case. Mr. Morris directed Mr. Wooten to send any request for documents through the City Counselor's Office. Defendants acknowledged at the hearing that they were not prejudiced as a result of the conversation.

1

the Court should enter sanctions; at the hearing, they suggested that such authority exists under either Rule 37 of the Federal Rules of Civil Procedure or this Court's inherent powers.

## II. DISCUSSION

In their motion, Defendants' sole argument was that that Plaintiff's counsel's *ex parte* contact with a City agent or employee violated Missouri Supreme Court Rule 4-4.2.[2] In their reply, Defendants added a new argument: that Mr. Morris was a retained expert, and that *ex parte* contact with a retained expert is prohibited under Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure and associated case law. The Court will address both arguments.

### A. Rule 4-4.2

Rule 4-4.2 states:

**Communication with Person Represented by Counsel**

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Mo. Sup. Ct. R. 4-4.2. As Plaintiff points out in his opposition, in *State ex rel. Pitts v. Roberts*, the Missouri Supreme Court adopted a three-category test for determining those persons within an organization who should be accorded protected status under Rule 4-4.2. 857 S.W.2d 200, 202 (Mo. 1993). Under *Pitts*, he three categories of persons covered by this rule are (1) "persons having the managerial responsibility on behalf of the organization," (2) "any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability," and (3) "any other person . . . whose statement may constitute an admission on the part of the organization. *Id.* (quoting the official

---

[2] "The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended from time to time by that Court, except as may otherwise be provided by this Court's Rules of Disciplinary Enforcement." E.D. Mo. L.R. 12.02.

comment to Rule 4-4.2).[3] Additionally, Rule 4-4.2, by its terms, applies only where the lawyer "knows" that the person is represented by another lawyer. *See* Mo. Sup. Ct. R. 4-4.2; *see also* comment 8 to Mo. Sup. Ct. R. 4-4.2. ("The prohibition on communications with a represented person only applies in circumstances where the lawyer knows that the person is in fact represented in the matter to be discussed. This means that the lawyer has actual knowledge of the fact of the representation; but such actual knowledge may be inferred from the circumstances.").

The Court finds that Defendants have not shown that Mr. Morris is a person represented by a lawyer within the meaning of Rule 4-4.2. Defendants argued, both in their reply brief and at the hearing, that Mr. Morris falls within the second and/or third categories set forth above, but the Court finds their arguments conclusory and unpersuasive. It is not apparent to the Court how Mr. Morris is either a "person whose act or omission in connection with that matter may be imputed to the [City] for purposes of civil or criminal liability" or a "person whose statement may constitute an admission on the part of the organization." *See Pitts*, 857 S.W.2d at 202.

The Court also agrees with Plaintiff that even assuming, *arguendo*, that Mr. Morris falls within one of these categories, there is nothing to suggest that Plaintiff knew of that fact or even knew that Mr. Morris was a City employee when he made the telephone call at issue. Plaintiff's counsel obtained Mr. Morris's telephone number from a 2016 letterhead that did not identify Mr. Morris as a City employee (because he was not a City employee at that time) but instead associated him with an independent organization, St. Louis Traffic Accident Reconstruction ("SLTAR").

---

[3] The comment to Mo. Sup. Ct. R. 4-4.2 on which the *Pitts* court relied in articulating this three-category test has since been amended, and Comment 7 now states, "In the case of a represented organization, Rule 4-4.2 prohibits communications with a constituent of the organization who supervises, directs, or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." Neither party addressed this comment, either in briefing or in the argument at the hearing.

For all of the above reasons, Defendants have not shown that Plaintiff's counsel violated Rule 4-4.2.

### B. Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure

Defendants next argue Mr. Morris was a retained expert, and that *ex parte* contact with a retained expert is prohibited under Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure and associated case law.

As a preliminary matter, the Court notes that it need not consider this argument, because it was made for the first time in Defendants' reply brief. See, e.g., *Green v. Missouri*, 734 F. Supp. 2d 814, 848 (E.D. Mo. 2010) ("As a general rule, courts will not consider arguments raised for the first time in a reply."), *aff'd sub nom. Green v. Nocciero*, 676 F.3d 748 (8th Cir. 2012). Even if the Court were to consider it, however, the Court would find that this argument to be without merit. Although Defendants assert that Mr. Morris is a retained expert, Plaintiff has filed a copy of Defendants' expert disclosures, which does not list Mr. Morris as either a retained expert or a non-retained expert. The Court finds that Defendants have failed to show that Mr. Morris was a retained expert for whom contact may be governed by the case law on which Defendants rely.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions (Doc. 292) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: June 27, 2023.

4