UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:18-CV-01364-SPM |
| KYLE CHANDLER, et al., | ) ) ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions and memoranda related to whether certain documents in this case should be kept under seal.

### I. BACKGROUND

This case arises out of an incident in August 2015 in which an officer with the St. Louis Metropolitan Police Department shot and killed the son of Plaintiff Dennis Ball-Bey. Plaintiff alleges excessive force and wrongful death claims against the shooting officer and alleges municipal liability claims against the City of St. Louis.

On July 21, 2020, at the joint request of the parties, the Court entered a Protective Order to protect personal, confidential, sensitive, and private information that might be produced during this litigation. (Doc. 91). That Protective Order provided, *inter alia*, that a party could designate discovery material as "Confidential" or "Attorneys Eyes Only," and that in the event that such materials are filed with the Court, "the party seeking to file those Materials may move the Court

1

for an order that the Materials be received and maintained by the Clerk under seal pursuant to E.D. Mo. L.R. 13.05." Protective Order, Doc. 91, at ¶ 21.[1]

During the course of discovery, Defendants marked numerous documents "Confidential." In opposing summary judgment and in making discovery motions, Plaintiff has relied on various documents marked "Confidential" by Defendants. Rather than filing those documents in the public record, Plaintiff has sought leave to file them under seal in light of Defendants' position that they are confidential and should be kept under seal. With regard to most of those documents, however, Plaintiff's position is that they should be unsealed or should be partially redacted and then unsealed. The Court will address the specific issues presented below.

## II. LEGAL STANDARDS

It is well established that "[t]here is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). However, this right is "not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223.

---

[1] The Protective Order also contains an alternative procedure that may be followed if the filing party does not believe there is good cause for the materials at issue to be received and maintained under seal. *See* Protective Order, ¶ 22. It does not appear that the parties have used that alternative procedure in this case.

"The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). In providing a compelling interest, it is not sufficient for a party to point out that a document was designated "confidential" pursuant to a protective order. *Blue Buffalo Co., Ltd. v. Wilbur-Ellis Co.*, No. 4:14-CV-859-RWS, 2020 WL 13560167, at *1 (E.D. Mo. June 18, 2020). *See also* E.D. Mo. L.R. 13.05(A)(3). ("The fact that certain information or material has been protected as confidential by parties in a case pursuant to a Protective Order is relevant to, but not dispositive of, whether this information or material will be sealed when filed with the Court.").

"The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, No. 4:19-CV-03410-SRC, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599).

### III. DISCUSSION

The documents the parties have sought leave to file under seal fall into two broad categories (1) the documents filed on May 30, 2023, as part of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (collectively, the "May 30 Summary Judgment Opposition Documents"); and (2) the Force Investigation Unit Audit Report and the documents related to that Report (collectively, the "FIU Audit-Related Materials").

#### A. The May 30 Summary Judgment Opposition Documents

The Court first considers the documents filed on May 30, 2023, as part of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. On May 30, 2023, Plaintiff filed his Motion for Leave to File Under Seal Summary Judgment Opposition (Doc. 279), in which he

3

sought leave to file under seal his memorandum in opposition to summary judgment and all 42 exhibits he submitted to support his opposition to summary judgment. (Doc. 280 & attached exhibits). These 42 exhibits included several documents that plainly do not warrant sealing, including newspaper articles and materials that had been previously filed in the public record. Plaintiff sought, and was granted, extensions of time to file proposed redacted versions of these documents and/or memoranda explaining the reasons for the inability to file redacted versions, as required by Local Rule 13.05(A)(4)(c).

On June 14, 2023, Plaintiff filed a Memorandum in Support of Motion for Sealing (Doc. 302), addressing the May 30 Summary Judgment Opposition Documents, in which he asked the Court to completely seal one document, to partially redact two documents, and to unseal all of the other documents. The Court construes this Memorandum in part as a request to withdraw the motion for leave to file documents under seal and in part as an attempt to comply with Local Rule 13.05(A)(4)(c)'s redaction and/or memorandum requirement.

In this Memorandum, Plaintiff argues that Exhibit 5 to Plaintiffs' Opposition ("Photos of Ball-Bey," Doc. 280-7), which consists of photographs depicting Plaintiff's son's body on the ground after he was shot, should be kept completely under seal. Plaintiff argues that although these photographs are relevant to understanding the bullet wound in Plaintiff's son's back and his position just outside the gangway, neither the fact that Plaintiff's son was shot in the back nor the fact of where his body fell are disputed by the parties, and thus these intensely personal and painful photographs have little public relevance and should not enter the public domain.

Plaintiff next argues that Exhibit 1 to Plaintiff's Opposition ("FIU Report," Doc. 280-3), which is the initial Force Investigation Unit Report of the incident giving rise to this lawsuit, should

4

be partially redacted to protect addresses and other pedigree information of non-parties and witnesses. Plaintiff filed, under seal, a proposed redacted version of Exhibit 1. (Doc. 303-1).

Plaintiff next argues that Exhibit 16 to Plaintiff's Opposition ("Secret Witness Deposition"), which is a transcript of the deposition of an off-duty officer who witnessed the incident, should be partially redacted to protect the officer's identity. (Doc. 280-18). Plaintiff filed, under seal, and a proposed redacted version of Exhibit 16 that redacts information that would reveal the officer's identity. (Doc. 303-2).

Finally, Plaintiff argues that all of the remaining May 30 Summary Judgment Opposition Documents should be unsealed. The Court construes this as a request to withdraw the motion for leave to file these documents under seal.

On June 16, 2023, the Court entered an order stating that "no later than Friday, June 23, 2023, Defendants shall file a response to Plaintiff's Memorandum in Support of Motion for Sealing (Doc. 302), stating whether Defendants agree or disagree with Plaintiff's proposals and offering any necessary argument or authority." (Doc. 305). Defendants did not file any response by June 23. The Court thus assumes that Defendants have no objection to Plaintiff's proposals.

The Court has reviewed each of the May 30 Summary Judgment Opposition Documents and the proposed redactions submitted by Plaintiff. After balancing the interests at issue, the Court finds that Plaintiff has presented compelling reasons for keeping under seal the photographs of Plaintiff's son's body, the identity of the Secret Witness, and the personal identifying information that has been redacted from the FIU Report. The Court will therefore direct the clerk to keep under seal Exhibit 5 and to enter into the public record the redacted versions of Exhibit 1 and Exhibit 16. The Court also finds that because neither party has offered any reasons whatsoever for the sealing of the remaining May 30 Summary Judgment Opposition Documents, Plaintiff's request to

withdraw its motion for leave to file those documents under seal should be granted, and those documents should be unsealed.

### B. The FIU Audit-Related Materials

The Court next addresses the second category of documents for which sealing is at issue: the FIU Audit-Related Materials. On May 31, 2023, Defendants produced some documents related to an audit of the FIU. Since receiving these documents, Plaintiff has sought to rely on them in submitting supplemental facts and a supplemental exhibit in support of his opposition to summary judgment and in filing motions and memoranda asking the Court to compel the production of additional documents and testimony. Although Plaintiff's position is that the FIU Audit-Related Materials are public records and need not be sealed, Plaintiff has sought leave to file these materials under seal in light of the Protective Order and Defendants' position that these materials should be kept under seal. *See* Consent Motion to Seal Memorandum Regarding Outstanding Discovery (Doc. 295); Memorandum in Support of Consent Motion to Seal (Doc. 296), Sealed Supplement (Doc. 317); and Motion to Seal Memorandum in Support of Motion to Compel (Doc. 330).

On June 22, 2023, Plaintiff filed a Motion to Unseal or, in the Alternative, Memorandum Pursuant to L.R. 13.05 Regarding Sealing (Doc. 310), in which Plaintiff argued that the FIU Audit-Related Materials (or at least the ones that had been filed with the Court as of the filing of that motion)[2] should be considered public records and should be unsealed. Defendants did not respond to that motion. In at least one document filed after the Motion to Unseal was filed, Plaintiff stated that he "will supplement the record regarding his proposal for redaction pursuant to Local Rule 13.05" (Doc. 330). However, Plaintiff has not yet filed any proposed redacted versions of any of the FIU Audit-Related Materials.

---

[2] Plaintiff filed additional FIU Audit-Related Materials after the filing of this Motion to Unseal.

After review of the record, it appears that the FIU-Audit Related Materials for which the Court must determine whether sealing, unsealing, or redaction is appropriate are as follows:

(1)  The Memorandum in Support of Consent Motion to Seal filed by Plaintiff on June 9, 2023 (Doc. 296, 2 pages);

(2)  The Joint Memorandum Regarding Plaintiff's Motion to Compel filed jointly by Plaintiff and Defendants on June 9, 2023 (Doc. 296-1, 10 pages);

(3)  The FIU Audit (Bates numbered Ball Bey v. City of St. Louis 008172 through 008224) filed jointly by Plaintiff and Defendants on June 9, 2023 (Doc. 296-2, 53-pages), and re-filed by Plaintiff on June 23, 2023, as an exhibit to Plaintiff's Supplemental Material Facts (Doc. 317-2, 53 pages);

(4)  The "Sealed Supplement" filed by Plaintiff on June 23, 2023 (Doc. 317, 2 pages);

(5)  Plaintiff's Supplemental Material Facts, filed by Plaintiff on June 23, 2023 (Doc. 317-1, 4 pages);

(6)  Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit, filed by Plaintiff on August 7, 2023 (Doc. 331, 14 pages);

(7)  Exhibit 1 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Video Deposition of J.D. McCloskey), filed by Plaintiff on August 7, 2023 (Doc. 331-1, 21 pages);

(8)  Exhibit 2 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Videotaped Deposition of Lieutenant Colonel Michael Sack), filed by Plaintiff on August 7, 2023 (Doc. 331-2, 17 pages);

(9)  Exhibit 3 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Videotaped Deposition of Sergeant Tonya Porter), filed by Plaintiff on August 7, 2023 (Doc. 331-3, 9 pages);

(10) Exhibit 4 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Defendants' Response to Plaintiff's Fifth Requests for Production to Defendants), filed by Plaintiff on August 7, 2023 (Doc. 331-4, 4 pages);

(11) Exhibit 5 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Email dated Tuesday, July 25, 2023, at 10:49:23 a.m.), filed by Plaintiff on August 7, 2023 (Doc. 331-5, 2 pages);

(12) Exhibit 6 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Defendants' Response to Plaintiff's Request for Production of Documents), filed by Plaintiff on August 7, 2023 (Doc. 331-6, 20 pages); and

(13) Exhibit 7 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (First Amended Complaint in Farrar v. Nutt), filed by Plaintiff on August 7, 2023 (Doc. 331-7, 26 pages).

On the current record, the Court lacks the information necessary to determine whether there are compelling reasons for sealing any of these materials or any of the content within these materials. Although Plaintiff has repeatedly informed the Court that Defendants (and only Defendants) believe that FIU Audit-Related Materials should be kept under seal, Defendants have never actually filed any briefing in support of sealing any of these documents or redacting any of the information contained therein. The Court also has no proposed redacted versions of these documents from either party. Accordingly, the Court will order the parties to file memoranda regarding their positions regarding each of the above documents, and (if necessary) proposed redacted versions of those documents.

### IV. CONCLUSIONS

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Under Seal Summary Judgment Opposition (Doc. 279) is **GRANTED,** except to the extent that the Court deems the motion withdrawn, as set forth below.

With respect to Exhibit 5 (Photos of Ball-Bey) (Doc. 280-7), Plaintiff's Motion for Leave to File Under Seal is **GRANTED**. Exhibit 5 shall be maintained entirely under seal.

With respect to Exhibit 1 (FIU Report) (Doc. 280-3), Plaintiff's Motion for Leave to File Under Seal is **GRANTED**, and Exhibit 1 shall be maintained under seal. However, the clerk shall unseal the redacted version of Exhibit 1 that found at Doc. 303-1, and the clerk shall indicate in the docket that the redacted version of Exhibit 1 corresponds to the sealed version of Exhibit 1.

With respect to Exhibit 16 (Secret Witness Deposition) (Doc. 280-18), Plaintiff's Motion for Leave to File Under Seal is **GRANTED**, and Exhibit 16 shall be maintained under seal.

However, the clerk shall unseal the redacted version of Exhibit 16 that is found Doc. 303-2, and the clerk shall indicate in the docket that the redacted version of Exhibit 16 corresponds to the sealed version of Exhibit 16.

With respect to all remaining documents filed on May 30, 2023 in connection with Plaintiff's opposition to summary judgment, the Court deems Plaintiff's Motion for Leave to File Under Seal to be withdrawn in light of Plaintiff's Memorandum proposing that these documents should not be sealed (Doc. 302) and Defendants' lack of response to the Court's order permitting Defendants to respond to Plaintiffs' proposal. The Clerk shall therefore unseal Doc. 280 and all of its attachments *except for* Doc. 280-3 (Exhibit 1, FIU Report), Doc. 280-7 (Exhibit 5, Photos of Ball-Bey), and Doc. 280-18 (Exhibit 16, Secret Witness Deposition).

**IT IS FURTHER ORDERED** that, no later than **Wednesday, August 30, 2023**, each party shall file the following:

(1) A memorandum stating, **for each of the 13 documents in the FIU Audit-Related Materials listed above**, whether that party's position is that

   (a) the document should be completely unsealed,

   (b) the document should be partially redacted and the redacted version should be filed in the public record, or

   (c) the documents should be kept completely under seal, and it would be impossible to file a redacted version in the public record;[3] and

(2) Proposed redacted versions of any documents that the party contends should be redacted.

**IT IS FURTHER ORDERED** that each memorandum should include relevant law and facts in support of the party's position. In light of the presumption of public access to judicial

---

[3] The Court is disinclined to keep documents completely under seal with no redacted versions filed in the public record. Any party taking this position with respect to any document must provide very specific and convincing reasons both as to why sealing is necessary and why redaction is impossible.

9

records, **if any party fails to comply with this order, the Court will presume that the party's position is that the FIU Audit Materials should be unsealed and filed in the public record**. The parties are encouraged to meet and confer and to attempt to reach agreement regarding these matters before filing their memoranda. If the parties are able to reach agreement on any of the 13 documents in the FIU-Audit Related Materials, they should state in their memoranda the areas of agreement.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of August, 2023.