UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-1364-SPM |
| | ) |
| KYLE CHANDLER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Related to FIU Audit. (Doc. 329). Defendant has filed an opposition. (Doc. 338). For the following reasons, the motion will be granted in part and denied in part.

I. **BACKGROUND**

This case arises out of the fatal shooting of Plaintiff Dennis Ball-Bey's son, Mansur Ball-Bey, by a St. Louis police officer on August 19, 2015. Plaintiff Dennis Ball-Bey asserted various claims under federal and state law against the two St. Louis police officers who allegedly shot and killed his son, and he also asserted claims of municipal liability against the City of St. Louis based on its customs and policies related to the use of excessive force by officers.[1] In late 2022, Plaintiff deposed Roger Engelhardt, the former head of the Force Investigation Unit ("FIU")—the unit within the St. Louis City Police Department that was dedicated to investigating officer-involved shootings and that had investigated the shooting of Plaintiff's son. During that deposition, Plaintiff

---

[1] As discussed below, the Court granted summary judgment in the City's favor on the claims against the City on September 7, 2023 (after the instant motion was filed). Plaintiff also dismissed the claims against Defendant Officer Ronald Vaughan, after discovering that the evidence showed that Defendant Officer Kyle Chandler had actually fired the shot that killed Plaintiff's son.

1

learned information about an investigation of the FIU (the "FIU Audit") that had identified numerous problems with the FIU's practices and with Roger Engelhardt's conduct in heading the FIU. Plaintiff served an amended notice of 30(b)(6) deposition, adding a topic related to the investigation of the FIU and Roger Engelhardt. Defendant moved to quash the amended notice.

On January 24, 2023, the Court entered an order granting the motion to quash the amended notice because the addition of the new Rule 30(b)(6) topic would be unduly burdensome to Defendants. (Doc. 220). However, the Court found that the information sought in the notice was relevant, and it granted Plaintiff "leave to take the depositions of the individuals from the St. Louis City Police Department who conducted the internal investigations of the St. Louis City Metropolitan Police's Force Investigation Unit" and "leave to serve any narrowly tailored document requests resulting from the deposition testimony." (Doc. 220). On June 16, 2023, the Court entered a second order setting a July 24 deadline for conducting the limited discovery authorized by the January 24 order. (Doc. 306). On June 23, 2023, Plaintiff's counsel served Plaintiff's Fifth Requests for Production ("5th RFPs") on Defendants, which were directed at issues related to the FIU. (Doc. 331-4; Doc. 331-5). Plaintiff requested the following:

1. [A]ll materials in the possession of the City of St. Louis related to the audit of the Force Investigations Unit, including but not limited to:
   (a)   The FIU Audit.
   (b)   The March 6, 2018 memorandum by John Green detailing problems with the FIU.
   (c)   Any Internal Affairs records related to the IAD investigation of Roger Engelhardt or any other FIU employee for misconduct alleged during their employment at FIU.
   (d)   Any other records related to misconduct alleged against Roger Engelhardt during his employment at FIU.
2. ILEADS Audits, or any document displaying the metadata within any report related to the shooting of Mansur Ball-Bey.

2

3. All annual evaluations, or other written evaluations, of Roger Engelhardt or Steven Burle during their tenure at FIU, from 2014-2018.

4. All documents related to discipline or allegations of misconduct of Roger Engelhardt or Steven Burle prior to or during their employment as FIU employees from 2014- 2018.

(Doc. 331-4).

In mid-July, Plaintiff's counsel deposed three witnesses to the FIU Audit: J.D. McCloskey, a former Internal Affairs Division ("IAD") Officer who managed the three-person FIU Audit team (Doc. 331-1); Michael Sack, the head of the Bureau of Professional Standards, who met regularly with the FIU Audit team and monitored its progress (Doc. 331-2); and Sgt. Tonya Porter, a member of the FIU Audit team with prior experience as a St. Louis Metropolitan Police Department Officer who also took the lead on the subsequent IAD investigation into FIU Commander Roger Engelhardt that occurred after the FIU Audit (Doc. 331-3). Soon after these depositions, Plaintiff's counsel identified several documents that were mentioned within the depositions and that Plaintiff believed were responsive to the previously-served 5th RFPs. In an email sent on July 25, 2023, Plaintiff's counsel asked Defendant's counsel to produce "the following items responsive to RFP 1 and which were discussed in depositions":

a. The complete "Project 747" electronic file kept by JD McCloskey. (See testimony of McCloskey)
b. The complete production of all six paper boxes created by the FIU Audit team and delivered to the City Counselor's office upon completion of the Audit. (See testimony of Sack and Porter)
c. Any documentation of subsequent follow-up conducted on the old FIU filed by John Green after the FIU audit (See testimony of Sack).
d. Any documentation related to IAD investigations into supervisors of Roger Engelhardt for failure to supervise FIU. (See testimony of Tonya Porter).

(Doc. 331-5). Plaintiff's counsel also requested "full production of RFPs 2-4." (*Id.*)

On August 3, 2023, Defendants responded for the first time to the 5th RFPs.[2] As to RFP 1(a), Defendants referred to their Response to Plaintiff's Fourth Request for Production of Documents. As to the other requests, Defendants objected to them as not relevant, violating the attorney-client privilege and the work product doctrine, violating employee-employer confidentiality, being not proportional to the needs of the case, threatening security within the SLMPD as it touches on investigatory methodology, and the burden on Defendants outweighing the likely benefit. (Doc. 331-4). Defendant also objected to RFP No. 2 as vague. (*Id.*)

On August 7, 2023, Plaintiff filed the instant motion to compel, asserting that even after counsel met and conferred, Defendants' counsel has refused to produce a single page of documents other than the initial 52-page FIU Audit Summary (Doc. 296-2), which was produced on May 31, 2023. *See* Doc. 288. On September 7, 2023, the Court granted the City's motion for summary judgment on all claims against the City.

## II.   LEGAL STANDARDS

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[2] Plaintiff points out that this response was more than ten days after the 30-day deadline set by Fed. R. Civ. P. 34(b)(2) and suggests that Defendants' objections should be deemed waived because of the untimely response.

Fed. R. Civ. P. 26(b)(1). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Morrison v. Hale*, No. 4:17-CV-875-NAB, 2018 WL 1792208, at *1 (E.D. Mo. Apr. 16, 2018) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

### III.  DISCUSSION

In the memorandum submitted in support of the motion, Plaintiff sets forth several categories of discovery that have been requested by Plaintiff and that Defendants have refused to produce. The Court will address each in turn. At the outset, the Court notes that much of the discovery at issue in the instant motion to compel appears to be relevant primarily or exclusively to Plaintiff's claims against the City. Because the Court has granted summary judgment on those claims, the Court will carefully scrutinize Plaintiff's requests to determine whether they are relevant to the only claims remaining in the case—the claims against Officer Chandler based on the shooting of Plaintiff's son.

*RFP 1: Documents Related to the FIU Audit*

### A.  FIU Paper Files

Plaintiff states that after the FIU Audit team conducted a months-long investigation of the FIU's failures from 2018, Major Michael Sack testified that he packaged up the team's work into six boxes and delivered copies of the entire FIU Audit to the FBI, the IAD, and the City Counselor's office (the "FIU Paper Files"). Plaintiff states that the FIU Audit reviewed each individual shooting and documented issues with it, and so by definition, documents within the FIU Audit boxes bear on the Ball-Bey shooting and should have been produced years earlier in this

case. Plaintiff also argues that these boxes contain information relevant to the municipal liability claims against the City. Plaintiff further argues that these files are relevant to the individual liability claims because if the FIU investigations were designed to intentionally insulate the shooting officers, that is relevant for a jury who is weighing the facts gathered by the FIU team.

The Court finds that now that summary judgment has been granted on the claims against the City, documents about the FIU's investigations of other shootings, or the FIU's procedures generally, likely have little or no relevance to any issues presently before the Court, and compelling their production would not be proportional to the needs of the case at this time. However, any documents that specifically discuss the Ball-Bey shooting are highly relevant to the still-pending claims against Officer Chandler and must be produced. The Court will order Defendants to produce all documents from the FIU Paper files that discuss or relate to the shooting of Mansur Ball-Bey or the FIU's investigation of the shooting of Mansur Ball-Bey.

**B.    FIU Computer Records**

Plaintiff states that, similar to the paper files collected by Major Sack in six boxes, Sergeant J.D. McCloskey testified that he retained all electronic files related to the FIU Audit in an electronic file, which he believes likely still exists (the "FIU Computer Records"). As with the FIU Paper Files, the Court finds that the only documents that are relevant and discoverable in this category are those that specifically discuss the Ball-Bey shooting. The Court will order Defendants to produce all documents from the FIU Computer Records that discuss or relate to the shooting of Mansur Ball-Bey or the FIU's investigation of the shooting of Mansur Ball-Bey.

**C.    IAD Records Related to the Subsequent IAD Investigation of Engelhardt**

Plaintiff states that after the months-long investigation of the FIU, Sergeant Tonya Porter returned to IAD, where she conducted a separate IAD investigation into the SLMPD policy

6

violations of Roger Engelhardt while he was running the FIU. Plaintiff seeks the entire IAD file related to Engelhardt's misconduct. The Court finds that now that summary judgment has been granted on the claims against the City, the investigation into the head of the FIU has little to no relevance to any issues presently before the Court, and compelling their production would not be proportional to the needs of the case at this time. The Court will therefore deny the motion to compel as to this category of documents.

    **D.**    **IAD Investigations into Supervisors of Engelhardt**

The Court finds that now that summary judgment has been granted on the claims against the City, investigations into the supervisors of the head of the FIU have little to no relevance to any issues presently before the Court, and compelling their production would not be proportional to the needs of the case at this time. The Court will therefore deny the motion to compel as to this category of documents.

*RFP 2: ILEADS "Audit" of Ball-Bey Report*

Plaintiff states that Sergeant McCloskey testified that an "audit" process within the SLMPD report software allows investigators to learn who viewed police reports, who approved them and when, and also potentially what edits occurred to the given report. Plaintiff seeks only the ILEADS audit of the investigation of the Ball-Bey shooting. The Court agrees with Plaintiff that this information is likely relevant to the individual liability claims and must be produced. The Court will grant the motion to compel as to this category of documents.

*RFP 3: Annual Evaluations of Roger Engelhardt and Steven Burle*
*During Their Tenure at FIU*

Plaintiff states that he requested the annual evaluations of Roger Engelhardt and of Steven Burle (who wrote the Ball-Bey FIU report) during the time period that the officers were at FIU. The Court finds that now that summary judgment has been granted on the claims against the City,

these documents have little to no relevance to any issues presently before the Court, and compelling their production would not be proportional to the needs of the case at this time. The Court will therefore deny the motion to compel as to this category of documents.

### *RFP 4: Prior Misconduct of Engelhardt and Burle*

Plaintiff seeks evidence of the prior misconduct of Engelhardt and Burle. The Court finds that now that summary judgment has been granted on the claims against the City, these documents have little to no relevance to any issues presently before the Court, and compelling their production would not be proportional to the needs of the case at this time. The Court will therefore deny the motion to compel as to this category of documents.

### *Testimony of IAD Investigations Into Engelhardt and Other FIU Supervisors*

During the depositions of FIU-related witnesses, Defense counsel objected and instructed the witnesses not to answer questions about the IAD investigation into Roger Engelhardt. The Court finds that now that summary judgment has been granted on the claims against the City, these documents have little to no relevance to any issues presently before the Court, and compelling their production would not be proportional to the needs of the case at this time. The Court will therefore deny the motion to compel as to this testimony.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to compel is **GRANTED IN PART and DENIED IN PART**, as set forth above. The motion is **GRANTED** with respect to (1) all FIU Paper Files or FIU Computer Records that discuss or relate to the shooting of Mansur Ball-Bey or the FIU's investigation of the shooting of Mansur Ball-Bey, requested in Request for Production Number 1; and (2) the ILEADS "Audit" of the Ball-Bey Report, requested in Request for Production Number 2. The motion is **DENIED** in all other respects.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2023.