**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1364-SPM |
| | ) | |
| KYLE CHANDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**EIGHTH AMENDED CASE MANAGEMENT ORDER**
**AND ORDER SETTING TRIAL**

On October 17, 2023, the Court held a conference with counsel to discuss the parties' Proposed Eighth Amended Case Management Order. Based on the discussion with counsel at the conference, and in light of the recent death of Plaintiff's expert witness, the Court finds good cause to extend the deadlines as set forth below. Accordingly,

**IT IS HEREBY ORDERED** that the following schedule applies in this case, and will be modified only upon a showing of exceptional circumstances:

**I.     SCHEDULING PLAN**

1.     This case has been assigned to **Track 2 (Standard)**.

2.     The deadline for motions for joinder of additional parties or amendment of pleadings has expired.

3.     The deadline for the parties to make all supplemental disclosures required by Fed.R.Civ.P. 26(a)(1) has expired.

4.     Whenever feasible, the parties will produce all electronically stored information in bates-stamped, pdf format. The parties must comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A) if they withhold information during discovery under an assertion of privilege or of protection as trial preparation material.

5.     Plaintiff must disclose a new expert to offer opinions on the topics previously addressed in the opinion and testimony of the deceased expert, Mr. Michael Knox,

no later than **January 12, 2024**. Plaintiff must provide any report required by Fed. R. Civ. P. 26(a)(2) no later than **January 12, 2024.** Plaintiff must make the expert witness available for depositions, and have depositions completed, no later than **February 16, 2024**. The time for Plaintiff to disclose expert witnesses on any other topics has expired.

6.  Defendants must disclose any rebuttal expert witness(es) and provide the reports required by Fed. R. Civ. P. 26(a)(2), no later than **March 15, 2024**, Defendants must make the rebuttal expert witnesses available for depositions, and have depositions completed, no later than **April 12, 2024**. Defendant's rebuttal expert witnesses shall only offer opinions on topics covered by Plaintiff's new expert witness. The deadline for Defendants to disclose expert witnesses on any other topics has expired.

7.  No extensions to deadlines related to expert witness disclosures or depositions may be made without leave of court.

8.  The parties shall conduct depositions by videoconference whenever possible.

9.  The deadlines for requesting physical or mental examinations of parties pursuant to Fed. R. Civ. P. 35 have expired.

10.  The deadline for the completion of any discovery other than the expert discovery addressed above has expired.

11.  All discovery motions, including motions to compel, must be pursued in a diligent and timely manner. All discovery motions must be filed no later than ten days immediately after the response is made or is due, whichever is earlier. The Court will not consider motions to compel filed more than fourteen (14) days following the expert discovery deadline set out above. Pursuant to L.R. 37-3.04, no motion to compel will be considered unless the parties have first attempted to resolve the dispute without court intervention.

12.  Before filing any discovery motion, the parties must first attempt to resolve their discovery dispute in compliance with the Court's requirements and the Local Rules. If the parties are unable to reach an agreement without court intervention, they ***must*** file a joint memorandum requesting a conference. The memorandum must be filed jointly; must specify the parties' previous attempts to resolve; must stipulate (in bullet points) the issues in dispute; and must not exceed three pages in length.

13.  A party may seek relief by motion and need not request a discovery conference if (a) that party is seeking discovery from a non-party; (b) the opposing party has failed to timely respond to discovery requests or (c) the opposing party has failed to make disclosures mandated by a court order.

14.     The deadline for completion of alternative dispute resolution has expired.

15.     Any motion to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), or *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), shall be filed no later than **May 24, 2024.** Opposition briefs must be filed no later than fourteen (14) days after the dispositive motion is filed. Reply briefs must be filed no later than ten (10) days after the opposition brief is filed.

16.     Any motions to dismiss, for summary judgment, or motions for judgment on the pleadings must be filed no later than **May 24, 2024**. Opposition briefs must be filed no later than twenty-eight (28) days after the dispositive motion is filed. Reply briefs must be filed no later than fourteen (14) days after the opposition brief is filed.

## II.     ORDER RELATING TO TRIAL

**IT IS HEREBY ORDERED** this action is set for a **JURY** trial on **Monday, September 23, 2024,** at **9:00 a.m.** The trial is expected to last five days.

Pursuant to Local Rule 8.04, if this action is to be settled or voluntarily dismissed, the parties shall notify the judge and the Clerk of Court immediately. If, due to the parties' failure to give such notice, prospective jurors report to the Court for service in the case, the Court may assess the costs of the panel, including per diem, parking charges, and mileage reimbursement against any or all of the parties.

**IT IS FURTHER ORDERED** that in this case, unless otherwise ordered by the Court, the attorneys shall, not less than **twenty-one (21) days** prior to the date set for trial:

1.  **Stipulation:**  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.  **Witnesses:**

    a.  Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

b.  Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3.  <u>Exhibits:</u>**

a.  Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

b.  Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

c.  Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.

d.  Any objections not made in writing at least **fourteen (14) days** prior to trial may be considered waived.

**4.  <u>Depositions, Interrogatory Answers, and Request for Admissions:</u>**

a.  Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.

b.  At least **fourteen (14) day**s before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

c.  Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5.  <u>Jury Instructions:</u>**  Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts, reserving the right to submit requests for additional or modified instructions at least **fourteen (14) days** before trial in light of opposing party's requests for instructions. Each request must be supported by at least one pertinent citation. ***Each proposed instruction shall be labeled with a unique identifier that indicates both***

***the submitting party and the instruction number.*** For example, in a single-plaintiff case, Plaintiff's proposed instructions should be numbered, "Pl. 1," "Pl. 2," etc.; in a case with multiple plaintiffs submitting different instructions, they should be numbered, "Pl. Smith 1," Pl. Smith 2," etc. and "Pl. Jones 1," "Pl. Jones 2," etc.). Any revised or substituted versions of a proposed instruction must contain a new, unique number, and must include a reference to the number of the previously-submitted instruction being modified. Any objections to an opposing party's instruction must refer to the instruction number. ***Each party must submit to chambers a copy of its proposed instructions, with labels and citations, in Microsoft Word or similar format, by email at: MOEDml_Mensah@moed.uscourts.gov.***

6. <u>**Trial Brief:**</u>  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7. <u>**Motions in Limine:**</u>  Unless otherwise ordered by the Court, the attorneys must, not later than **fourteen (14) days** before trial, file all motions in limine to exclude evidence. The parties must submit courtesy copies of their motions (in electronic and/or paper form) directly to the Court's chambers, at least **fourteen (14) days** before trial. Responses to all motions in limine are due not later than **seven (7) days** before trial.

In all cases, the parties shall deliver to chambers courtesy copies of their Pretrial Compliance.

**IT IS FINALLY ORDERED** that the Court will hold a final pretrial conference on <u>**Wednesday, September 18, 2024**</u> at <u>**9:30 a.m.**</u> The conference will begin in chambers. Trial counsel must attend and should be prepared to argue any unresolved motions in limine at that time.

Failure to comply with any part of this order may result in the imposition of sanctions.

SHIRLEY P. MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of October, 2023.