IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 4:18-CV-01364 |
| v. | ) | |
| | ) | |
| KYLE CHANDLER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Defendant's Response to the Plaintiff's Motion for Attorney's Fees

Defendant, Kyle Chandler, files this response to Plaintiff's Motion for Fees. On Tuesday, January 10, 2024, this Court ordered that Plaintiff's counsel be allowed to inspect 11 boxes of documents that were related to an investigation into the Force Investigation Unit. That inspection occurred on January 16, 2024. For the reasons stated below, the fees requested should be reduced for the inspection of documents. Any additional sanction, if necessary, should only be awarded to either the City of St. Louis[1] or to prior counsel of record.

a. Plaintiff's counsel should not be entitled to attorneys' fees for the inspection of documents

The eleven boxes in question were made available to the Plaintiff for inspection as required by the Court's January 10, 2024 order and were inspected on January 16, 2024. During the inspection, Plaintiff's attorneys only copied two additional

---

[1] Though the City has been dismissed as a party, the underlying motion to compel (Doc. 329) upon which the Court's order that required the documents at issue to be produced (Doc. 360) was filed while the City was still a party to this lawsuit.

1

documents, both of which had previously been produced by the City. The results of the inspection were consistent with the statements provided by Sgt. Tanya Porter, who packed the boxes, that all documents related to the incident at issue in this case, the incident involving Mansur Ball-Bey, had been produced by the City. Sgt. Porter, as the person who actually packed the boxes, had personal knowledge of the contents of the documents. She attested to that fact in an affidavit that was attached to Defendant's response to Plaintiff's motion to compel. (Doc. 372-1) Those documents had been produced before the inspection. As there was no factual basis for believing that there would be additional records related to the incident at issue in this case, Plaintiff's counsel should not be entitled to fees for this time for three attorneys for this time.

b.     Attorneys' fees should only be awarded against those whose conduct was improper

Rule 37(a)(5)(A) provides that a court must award sanctions against the "party…whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Pro. 37(a)(5)(A). Lawrence Pratt was lead counsel and most senior attorney on this case. He represented, on multiple occasions, to the undersigned attorneys and Deputy City Counselor Andrew Wheaton that all responsive documents had been produced. Mr. Pratt separated from the City's employ on December 29, 2023. Following his separation and the date of this filing, Attorney Vossmeyer had multiple conversations with Mr. Pratt relating to motion, the location of documents within the file, and the actions that had taken place which only Mr. Pratt and employees of the SLMPD had

been privy to during Mr. Pratt's employment with the City. During those conversations, Mr. Pratt represented that all responsive documents had been produced.

"[S]anctions act as a symbolic statement about the quality and integrity of an attorney's work—a statement which may have a tangible effect upon the attorney's career." *In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 278 F.3d 175, 191 (3rd Cir. 2002). The purpose of sanctions is to "penalize those whose conduct may be deemed to warrant" them and "deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Here, the conduct that the Court has found sanctionable is attributable to Mr. Pratt who was, at the time, the lead counsel and senior attorney on the case. In the subsequent investigation conducted by the undersigned counsel, several emails were discovered between Mr. Pratt and SLMPD staff as well as emails between Mr. Pratt and City Counselor's Office support staff.[2] Those emails establish that Mr. Pratt worked independently with SLMPD and City Counselor's Office support staff to collect the documents. Further, no other City employee knew that Mr. Pratt had not reviewed any documents before producing them until after he separated from the City's employ.

"In addition to a wide array of options, the Court has broad discretion to impose sanctions for a party's failure to comply with discovery requests. *United States v. Big*

---

[2] Such emails can be provided to this Court for its review in camera if the Court requests.

3

*D Enterprises, Inc.*, 184 F.3d 924, 936 (8th Cir. 1999); *Collins v. Burg*, 169 F.3d 563, 565 (8th Cir. 1999). But the Court's discretion "is bound by the requirement of Rule 37(b)(2) that the sanction be 'just' and 'relate to the claim at issue in the order to provide discovery.'" *Hairston v. Alert Safety Light Prod., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)." *Starks v. St. Louis County*, 4:21-CV-435-RLW2022 WL 2208950, at *5 (E.D. Mo. June, 21, 2022).

"FRCP 37 contemplates that the burden will fall on the individual responsible for the offending conduct." *Lee v. Walters*, 172 F.R.D. 421, 436 (D.Or.,1997). "[I]t is a great injustice for a court to publicly punish an attorney who has done nothing wrong…" *Otis v. Demarasse*, 399 F.Supp.3d 759, 767 (E.D. Wis. 2019). Again, it was not until after Mr. Pratt separated from the City's employ that he informed anyone at the City that he had not reviewed any of the documents that were produced to Plaintiff. It also bears noting that Mr. Pratt was the only attorney included on the signature block on the response to the motion to compel filed in September, 2023, (Doc. 338), and the only attorney who attended the hearing on the motion to compel, (Doc. 361). To the extent the Court decides to award attorneys' fees in connection with this motion to compel, the undersigned respectfully requests that the Court's order reflect only an effort to penalize those whose conduct may be deemed to warrant said sanctions.

## Conclusion

Plaintiffs' attorneys' fees for searching through boxes should be reduced as the search was conducted only because they did not trust the representations of the Police Sergeant who stated that no additional documents relating to the Mansur Ball-Bey incident existed beyond what was already produced by the City. It was not reasonable to use three attorneys to conduct this search. Further, the award of any sanctionable attorneys' fee should be limited to an award against the City or the attorney by whom the sanctionable conduct was committed in this case.

Respectfully submitted,

SHEENA HAMILTON
CITY COUNSELOR

*/s/ Brandon Laird*
Brandon Laird                                         #65564MO
Rebecca Sandberg-Vossmeyer        #70342MO
1200 Market Street
City Hall, Room 314
St. Louis, Missouri 63103
(314) 622-4652
(314) 622-4956 (facsimile)
lairdb@stlouis-mo.gov
vossmeyerr@stlouis-mo.gov

*Attorneys for Defendant Chandler*