UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-01364-SPM |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on five motions related to the sealing of documents in this case: the parties' Consent Motion to Seal Memorandum Regarding Outstanding Discovery (ECF No. 295); Plaintiff's Motion to Unseal, or in the Alternative, Memorandum Pursuant to L.R. 13.05 Regarding Sealing (ECF No. 310); Plaintiff's Sealed Supplement, which the Court construes as a motion for leave to file under seal (ECF No. 317); Plaintiff's Motion to Seal Memorandum in Support of Motion to Compel (ECF No. 330); and Plaintiff's Motion for Leave to File Sealed Documents (ECF No. 343). For the following reasons, the Court will grant in part and deny in part the parties' Consent Motion to Seal (ECF No. 295), Plaintiff's Sealed Supplement (ECF No. 317), and Plaintiff's Motion to Unseal (ECF No. 310); direct Plaintiff to submit a redacted version of one of the documents addressed in these motions; and deny the remaining motions.

**I.  BACKGROUND**

This case arises out of the fatal shooting of Plaintiff Dennis Ball-Bey's son, Mansur Ball-Bey, by a St. Louis police officer on August 19, 2015. Plaintiff Dennis Ball-Bey asserted various claims under federal and state law against the two St. Louis police officers who allegedly shot and

1

killed his son, and he also asserted claims of municipal liability against the City of St. Louis based on its customs and policies related to the use of excessive force by officers.[1] On May 31, 2023, Defendants produced some documents related to an audit of the Force Investigation Unit ("FIU")—the unit within the St. Louis City Police Department that was dedicated to investigating officer-involved shootings and that had investigated the shooting of Plaintiff's son. Since receiving these documents (collectively, the "FIU-Audit-Related Materials"), Plaintiff has sought to rely on them in various filings. Although Plaintiff's position is that the FIU-Audit-Related Materials are public records and need not be sealed, Plaintiff has sought leave to file these materials under seal in light of the fact that they were marked "Confidential" under the Protective Order and in light of Defendants' position that these materials should be kept under seal. *See* Consent Motion to Seal Memorandum Regarding Outstanding Discovery (ECF No. 295); Memorandum in Support of Consent Motion to Seal (ECF No. 296), Sealed Supplement (ECF No. 317); and Motion to Seal Memorandum in Support of Motion to Compel (ECF No. 330).

On June 22, 2023, Plaintiff filed a Motion to Unseal or, in the Alternative, Memorandum Pursuant to L.R. 13.05 Regarding Sealing (ECF No. 310), in which Plaintiff argued that the FIU-Audit-Related Materials (or at least the ones that had been filed with the Court as of the filing of that motion)[2] should be considered public records and should be unsealed. Defendants did not respond to that motion. In at least one document filed after the Motion to Unseal was filed, Plaintiff stated that he would "supplement the record regarding his proposal for redaction pursuant to Local

---

[1] The Court has now granted summary judgment in the City's favor on the claims against the City, and Plaintiff has dismissed the claims against one of the two officers. Claims remain pending against the other officer, Defendant Kyle Chandler.

[2] Plaintiff filed additional FIU Audit-Related Materials after the filing of this Motion to Unseal.

Rule 13.05" (ECF No. 330). However, Plaintiff did not file any proposed redacted versions of any of the FIU-Audit-Related Materials.

On August 25, 2023, the Court entered a Memorandum and Order setting forth the FIU-Audit-Related Materials for which the Court must determine whether sealing, unsealing, or redaction is appropriate as follows:

(1) The Memorandum in Support of Consent Motion to Seal filed by Plaintiff on June 9, 2023 (ECF No. 296, 2 pages);

(2) The Joint Memorandum Regarding Plaintiff's Motion to Compel filed jointly by Plaintiff and Defendants on June 9, 2023 (ECF No. 296-1, 10 pages);

(3) The FIU Audit (Bates numbered Ball Bey v. City of St. Louis 008172 through 008224) filed jointly by Plaintiff and Defendants on June 9, 2023 (ECF No. 296-2, 53-pages), and re-filed by Plaintiff on June 23, 2023, as an exhibit to Plaintiff's Supplemental Material Facts (ECF No. 317-2, 53 pages);

(4) The "Sealed Supplement" filed by Plaintiff on June 23, 2023 (ECF No. 317, 2 pages);

(5) Plaintiff's Supplemental Material Facts, filed by Plaintiff on June 23, 2023 (ECF No. 317-1, 4 pages);

(6) Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit, filed by Plaintiff on August 7, 2023 (ECF No. 331, 14 pages);

(7) Exhibit 1 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Video Deposition of J.D. McCloskey), filed by Plaintiff on August 7, 2023 (ECF No. 331-1, 21 pages [pp. 1, 9-14, 23-26, 34, 48-53, 66-67, 71]);

(8) Exhibit 2 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Videotaped Deposition of Lieutenant Colonel Michael Sack), filed by Plaintiff on August 7, 2023 (ECF No. 331-2, 17 pages [pp.1, 28-30, 69-70, 99-100, 104, 119-21, 151-53, 170-71]);

(9) Exhibit 3 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Videotaped Deposition of Sergeant Tonya Porter), filed by Plaintiff on August 7, 2023 (ECF No. 331-3, 9 pages [pp. 1, 23-25, 37-38, 64, 134-35]);

(10) Exhibit 4 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Defendants' Response to Plaintiff's Fifth

3

> Requests for Production to Defendants), filed by Plaintiff on August 7, 2023 (ECF No. 331-4, 4 pages);
>
> (11) Exhibit 5 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Email dated Tuesday, July 25, 2023, at 10:49:23 a.m.), filed by Plaintiff on August 7, 2023 (ECF No. 331-5, 2 pages);
>
> (12) Exhibit 6 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Defendants' Response to Plaintiff's Request for Production of Documents), filed by Plaintiff on August 7, 2023 (ECF No. 331-6, 20 pages); and
>
> (13) Exhibit 7 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (First Amended Complaint in Farrar v. Nutt), filed by Plaintiff on August 7, 2023 (ECF No. 331-7, 26 pages).

ECF No. 339. The Court found that it lacked the information necessary to determine whether there were compelling reasons for sealing any of these materials or any of the content within these materials and ordered the parties to file memoranda regarding their positions regarding each of the above documents, and (if necessary) proposed redacted versions of those documents.

On August 30, 2023, Defendants filed a Memorandum stating that Defendants do not oppose the unsealing of the documents numbered 1, 4, 10, 11, 12, and 13 from the Court's Order of August 25. The Court will therefore unseal those documents. As to the seven documents numbered 2, 3, 5, 6, 7, 8, and 9, Defendants argue that these documents "must remain sealed in their entirety due to the government's compelling interest in protecting the confidential disciplinary and personnel records of its current and former employees and its compelling interest in protecting against the disclosure of information that could compromise criminal investigations and prosecutions." Defs.' Mem., ECF No. 342, at 1-2.

On the same date, Plaintiff filed a memorandum arguing that Defendants had not provided compelling reasons for overcoming the presumption of public access to these records and that none of the records should be sealed or redacted. This memorandum and its exhibits were filed under seal, along with a Motion for Leave to File Sealed Documents (ECF No. 343) in which Plaintiff

4

asked the Court to file these documents seal but indicated that Plaintiff did not believe the documents should be sealed. Although Defendants did not file a response to this motion, these documents are similar to (and overlap with) other documents Defendants want sealed, so the Court presumes that Defendants' position is that they should be sealed. These four documents will be added to the Court's list as follows:

(14)    Plaintiff's Response to the Court's Order Regarding Sealing (ECF No. 344), filed by Plaintiff on August 30, 2023;

(15)    Exhibit 1 to Plaintiff's Response to the Court's Order Regarding Sealing (Video Deposition of J.D. McCloskey), filed by Plaintiff on August 30, 2023 (ECF No. 344-1 , 9 pages: pp. 1, 27-33, 71).

(16)    Exhibit 2 to Plaintiff's Response to the Court's Order Regarding Sealing (Videotaped Deposition of Sergeant Tonya Porter), filed by Plaintiff on August 30, 2023 (ECF No. 344-2, 6 pages: pp. 1, 64-66, 100).

(17)    Exhibit 3 to Plaintiff's Response to the Court's Order Regarding Sealing (Videotaped Deposition of Lieutenant Colonel Michael Sack), filed by Plaintiff on August 30, 2023 (ECF No. 344-3, 3 pages: pp. 1, 152-53).

The Court will address below the whether each of the eleven documents numbered 2, 3, 5, 6, 7, 8, 9, 14, 15, 16, and 17 (collectively, the "disputed documents") should be completely unsealed, completely sealed, or partially redacted.

## II.    DISCUSSION

It is well established that "[t]here is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)).[3] "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (quoting *Nixon*, 435 U.S. at 598)

---

[3] The parties here do not dispute that the disputed records are "judicial records" to which the common-law right of access applies.

5

(internal citation omitted). *See also United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023) (noting that the common-law presumption of public access "is based on the need for the federal courts 'to have a measure of accountability and for the public to have confidence in the administration of justice.'") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). However, this right is "not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). Compelling reasons for denying public access may include protecting the privacy rights if individuals, avoiding professional harm to individuals, and avoiding disclosure of trade secrets. *See, e.g. id.* at 512; *IDT Corp.*, 709 F.3d at 1224.

"The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, No. 4:19-CV-03410-SRC, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). In making that decision, "the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223 (quoting *Nixon*, 435 U.S. at 599). Some courts have found that a "lack of admissible evidence alone constitutes a basis for denying" a motion to seal. *See Hammerhead Grp., LLC v. Riley*, No. 4:23-CV-00676-SEP, 2023 WL 6160435, at *1 (E.D. Mo. Sept. 21, 2023); *see also Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d. 977, 981 (D. Minn. 2016) ("Defendants assert that the information they redacted constitutes 'confidential and sensitive business and personnel information' . . . . But Defendants make no effort to support these bare assertions with any evidence."). If the district

6

court determines that a document contains material that warrants sealing, it should also "evaluate whether redaction [is] a reasonable alternative to sealing" the entire document. *IDT Corp.*, 709 F.3d at 1224.

## A. Weight of the Presumption of Public Access

The Eighth Circuit has recognized that "[t]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *Amodeo*, 71 F.3d at 1049). "[J]udicial records and documents generally will 'fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* at 1223 (quoting *Amodeo*, 71 F.3d at 1049). The presumption of public access is entitled to "strong weight" for documents that play a role "in determining litigants' substantive rights." *Amodeo*, 71 F.3d at 1049. *See also, e.g.*, *Cambria Co. LLC v. Disney Worldwide Servs., Inc.*, No. CV 22-459 (JRT/JFD), 2023 WL 4559436, at *2 (D. Minn. July 17, 2023) ("The rebuttable presumption of access is harder to overcome for documents filed along with dispositive motions."); *25th St. Grp. Apartments #1, LLC v. Bremer Bank, Nat'l Ass'n*, No. 3:20-CV-167, 2021 WL 9975909, at *1 (D.N.D. Sept. 30, 2021) ("Where the public's interest in access to judicial records is strong, such as documents filed with dispositive motions, the presumption of access is difficult to overcome.") (quoting *Marden's Ark, Inc., v. UnitedHealth Grp.*, No. 19-cv-1653, 2021 WL 1846803, at *5 (D. Minn. Apr. 15, 2021)). On the other hand, "[d]iscovery motions and other non-merits-based motions generally are afforded a lower or weaker presumption of public access than proceedings in which a district judge exercises Article III power to determine the merits of a case." *Am. Achievement Corp. v. Jostens, Inc.*, No. 21-CV-2613 (NEB/DJF), 2023 WL 3815697, at *1 (D. Minn. June 5, 2023).

Here, two of the disputed documents—the FIU Audit (Court's #3) and Plaintiff's Supplemental Material Facts (Court's #5) were filed in conjunction with Plaintiff's opposition to Defendants' motion for summary judgment, and the Court considered those documents in finding Defendant City of St. Louis was entitled to summary judgment on the claims against it. As to these documents, the presumption of public access is entitled to great weight. Without access to the content of these documents, the public will be unable to meaningfully "evaluate the reasonableness and fairness" of the Court's adjudication of Plaintiff's claims against the City. *See IDT Corp.*, 709 F.3d at 1222. The importance of public access to those documents is further heightened by the nature of the claims addressed in the Court's summary judgment ruling. These were not claims between private individuals or companies, but claims that the City of St. Louis maintained a custom of failing to supervise and discipline officers who were involved in shootings and other instances of excessive force. The document at issue bears on the question of whether the City properly investigated officer-involved shootings. The public interest in this claim and in how the Court evaluated it is very high.

The Court is unpersuaded by Defendant's argument that "the public's right of access to these records is weak, because the records the Intervenor [sic] seeks to unseal are wholly immaterial, irrelevant, and had nothing to do with the Court's decision on the merits or its exercise of judicial power." Defs.' Mem., ECF No. 342, at 7.[4] These documents were relevant to Plaintiff's claims against the City and were considered in granting Defendant's motion for summary judgment on those claims.

The other nine disputed documents (Court's # 2, 6, 7, 8, 9, 14, 15, 16, and 17) were submitted in connection with discovery or sealing motions and were not considered in connection

---

[4] This case does not involve an intervenor.

with Defendant's motion for summary judgment or other substantive rulings in this case. The weight of the presumption of public access as to those records is weaker than for the documents submitted in connection with summary judgment briefing. *See IDT Corp.*, 709 F.3d at 1224. However, Defendants still must produce compelling reasons to justify keeping such records sealed.

### B. Whether Defendants Have Provided Compelling Reasons for Sealing

The Court next turns to whether Defendants have provided compelling reasons for sealing some or all of the disputed records.

#### 1. The FIU Audit (Court's #3/ECF Nos. 296-2 & 317-2)

The FIU Audit itself is the primary focus of the parties' arguments in their briefs on sealing. Defendants make three arguments in favor of sealing this document.

Defendants' first argument is the FIU Audit should be sealed because it "relates to an internal disciplinary investigation and is a record prepared for disciplinary purposes." Defs.' Mem., ECF No. 342, at 2. Defendants argue, citing Mo. Rev. Stat. § 84.344.8, that Missouri state law explicitly provides that records prepared for disciplinary purposes shall be closed, confidential records.

This argument is unpersuasive for several reasons. First, Defendants have not actually identified any rules or regulations providing that records prepared for disciplinary purposes are closed records; instead, they merely cite a statute stating the civil service commission shall adopt such regulations. *See* Mo. Rev. Stat. § 84.344.8 ("The civil service commission of the city may adopt rules and regulations appropriate for the unique operation of a police department . . . . The civil service commission's rules and regulations shall provide that records prepared for disciplinary purposes shall be confidential, closed records available solely to the civil service commission and those who possess authority to conduct investigations regarding disciplinary

9

matters pursuant to the civil service commission's rules and regulations."). Moreover, even assuming such regulations exist, the Court agrees with Plaintiff that Defendants have not shown that the FIU Audit is a record "prepared for disciplinary purposes." Defendants cite nothing in the record to support this assertion. In contrast, Plaintiff has produced deposition testimony showing that internal investigation of the head of the FIU took place only *after* the FIU Audit process had been completed, suggesting that the FIU Audit was not prepared for disciplinary purposes. *See* Pl.'s Ex.1, ECF No. 344-1, Deposition of J.D. McCloskey (July 14, 2023), at 71:3-11; Pl.'s Ex. 2, ECF No. 344-2, Deposition of Tonya Porter (July 19, 2023), at 100:4-13. Finally, even assuming, *arguendo*, that the FIU Audit had been prepared for disciplinary purposes and there were regulations making it a "closed record," Defendants have provided no legal authority to support the proposition that something being designated a "closed" record under a Missouri rule or regulation constitutes a compelling reason for keeping it under seal when the presumption of public access to a judicial record is at issue.

Defendants' second argument is that the FIU Audit should be kept under seal because it is (or relates to) a personnel record, in which Missouri and federal courts recognize a right to privacy. *See, e.g., State ex rel. Delmar Gardens N. Operating, LLC v. Gaertner,* 239 S.W.3d 608, 611-12 (Mo. 2007) (stating, "Missouri recognizes a right of privacy in personnel records that should not be lightly disregarded or dismissed"; finding that although employment records are not entirely undiscoverable, discovery of confidential personnel records "must be limited to information that relates to matters put at issue in the pleadings, especially in relation to sensitive personal information" and that protective orders may be entered to preserve privacy) (internal quotation marks omitted); *FS Southbrooke LP v. Nationwide Gen. Ins. Co.,* No. 2:21-CV-02120, 2021 WL 10050851, at *1 (W.D. Ark. Dec. 22, 2021) (stating, "Personnel files are likely to contain

confidential and personal information which justify the protections of a protective order before dissemination"; finding good cause to enter a protective order as to personnel files); *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 558-59 (N.D. Iowa 2015) (recognizing privacy interest that an employee has in the contents of their personnel records but finding them discoverable and holding that "any [personnel records] obtained… [shall] be maintained as confidential"); *Nuckles v. Wal-Mart Stores, Inc.*, No. 4:06CV00178-WRW, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007) (stating, "There is a strong public policy against the public disclosure of personnel files . . . ." and finding that personnel records were discoverable but must be produced under a protective order and with medical and personal information such as social security numbers and addresses redacted); *Williams v. Bd. of Cnty. Comm'rs,* No. CIV. A. 98–2485–JTM, 2000 WL 133433 at *1 (D. Kan. Jan. 21, 2000) (noting that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination"; denying motion for protective order because it was not sufficiently specific about what materials could be designated as confidential); *E.E.O.C. v. City of St. Louis,* No. 90-313C(6), 1991 WL 138324, at *1-2 (E.D. Mo. Mar. 27, 1991) (granting motion to compel production of personnel and payroll documents of a defendant's present and former employees but finding that because "defendant's desire to protect the confidentiality of these documents raises legitimate privacy concerns," the documents must be produced subject to a protective order; entering a protective order requiring that these materials be filed under seal).

Defendants' second argument is also unpersuasive. Although Defendants are correct that employees have an interest in the confidentiality of their personnel files and records, Defendants have not shown that the FIU Audit is a personnel file or personnel record. The document does not, on its face, appear to be a personnel file or personnel record. Notably, Defendants do not state

11

*whose* personnel record it is, nor is it apparent to the Court.[5] Defendants have also not pointed to any information in the document that would be particularly sensitive or personal as to any particular employee, such as medical information or social security numbers.[6] Although the FIU Audit certainly discusses the activities of various police personnel, that alone cannot turn the document into a "personnel record" that must be kept confidential.

Moreover, even if the FIU Audit were a personnel record, Defendants have not shown compelling reasons for keeping it under seal. The cases relied on by Defendant indicate that an employee's interest in the confidentiality of his or her personnel records should be given serious consideration by the Court, but they do not establish an absolute right for personnel records to be kept confidential or kept under seal. Significantly, the cases relied on by Defendants all arose in the context of discovery disputes; none of them addressed the presumption of public access to judicial records, which is particularly weighty in a case like this where the records at issue were considered in ruling on a dispositive motion. Here, even if some of the information in the FIU

---

[5] The employee who would appear to have the most significant interest in keeping the FIU Audit confidential is Roger Engelhardt, whose alleged errors and misconduct as head of the FIU are discussed in the FIU Audit. However, as Plaintiff points out, Engelhardt himself has testified about many of the allegations against him in depositions filed publicly in this case, without making attempts to keep the information confidential. *See* Pl.'s Ex. 24 in opposition to Defendants' Motion for Summary Judgment, Deposition of Roger Engelhardt (December 30, 2022)*,* ECF No. 280-25, at 10:8-15:16 (Engelhardt's testimony that he was terminated because his employer claimed that during his time as FIU Commander he did not show up for work 16 to 18 times, "double-dipped" an several occasions, approved a report without a deceased offender in it, missed 146 errors in one report, and allowed a detective to write a police shooting report that his son was involved in; and that there had been attempts to charge Engelhardt with a crime). Defendants do not explain why anyone has an interest in keeping Engelhardt's personnel information confidential if Engelhardt himself does not, nor do they identify any personnel information in the FIU Audit that is more sensitive than the information Engelhardt has already disclosed in public filings.

[6] In their brief, Defendants state that "the information that Defendants seek to redact includes unrelated medical history . . . ." *See* Defs.' Mem., ECF No. 342, at 7. It is unclear what information Defendants are referring to. The Court's review of the disputed records does not reveal medical history for any employees; additionally, Defendants have not sought to "redact" any information at all, instead contending that all of the disputed documents must remain completely sealed.

Audit could be viewed as a personnel record, the presumption of public access to this judicial record outweighs the employees' interest in the confidentiality of that information under the circumstances of this case.

Defendants' third argument is that public release of the information in the FIU Audit "could compromise criminal investigations and prosecutions of crimes as serious as homicide." Defs.' Mem., ECF No. 342, at 5. Defendants argue that this document references facts, including identities of witnesses and suspects, along with personal identifying information about them regarding multiple criminal investigations spanning several years.

This argument is also unpersuasive. Defendants' general, conclusory assertions, unsupported by any evidence or citations to the record, cannot suffice to overcome the strong presumption of public access to this record. Defendants have not pointed to any particular criminal investigation that would be compromised by the release of the FIU Audit, nor is it apparent to the Court after careful review of the document how its release could compromise any particular criminal investigation. As Plaintiff points out, the FIU Audit was drafted more than five years ago and describes incidents from 2017 and earlier, so it would seem likely that any criminal investigations related to those incidents would have already concluded. If there are any investigations that have not concluded, Defendants have had ample opportunity to identify them to the Court, yet has not done so. Moreover, even if Defendants had identified some criminal investigations that would be compromised by the release of information in this document, the appropriate course of action would be redaction of information relevant to those investigations rather than sealing of the entire document. Given the absence of any argument or evidence regarding this point, it is not a compelling reason to overcome the strong presumption of public access to this judicial record. *See Hammerhead Grp., LLC*, 2023 WL 6160435, at *1 (a "lack of

13

admissible evidence alone constitutes a basis for denying" a motion to seal); *Skky, LLC*, 191 F. Supp. 3d. at 981 (D. Minn. 2016) ("If Defendants have a factual basis for requiring this information to be sealed, it is Defendants' duty to present that basis; the Court will not speculate based on broad, unsupported attorney advocacy. On this record, Defendants have not presented any factual basis for sealing this information from public access.").

For all of the above reasons, the Court does not find compelling reasons for sealing the FIU Audit its entirety. However, the Court finds that the addresses of the shootings in the FIU Audit should be redacted. *See* E.D. Mo. L.R. 2.17 (A)(5) ("The home address of a non-party should not appear in any filing. If a home address must be included, only the city and state may be listed."). The Court will order Plaintiff's counsel to file, in the public record, a version of the FIU Audit from which the addresses of the shooting scenes have been redacted. The unredacted version of the FIU Audit will be kept under seal.

> 2. *The Other Disputed Documents (Court's # 2/ECF No. 296-1; Court's #5/ECF No. 5; Court's #6/ECF No. 331; Court's #7/ECF No. 331-1; Court's #8/ECF No. 331-2; Court's #9/ECF No. 331-3, Court's #14/ECF No. 344, Court's #15/ECF No. 344-1, Court's #16/ECF No. 344-2, Court's #17/ECF No. 344-3)*

Defendants first argue that the disputed documents other than the FIU Audit must be sealed in their entirety because they "contain extensive excerpts from" the FIU Audit or "discuss it extensively in detail." Defs.' Mem., Doc. 342, at 1. Because the Court has found that the FIU Audit must be unsealed (aside from the home addresses contained therein), these documents' discussions of the FIU Audit and the information in it cannot provide a reason for keeping them sealed.

Defendants also argue that the disputed documents other than the FIU Audit should be kept under seal because they "reference other personnel and disciplinary matters wholly unrelated to the material in this case." Defs.' Mem., Doc. 342, at 3. They state that "Plaintiff's counsel inquired

14

of several witnesses regarding their respective disciplinary histories—all regarding disciplinary charges wholly unrelated to the police shooting in this case. Some charges were sustained and some not, but none were related in anyway [sic] to the shooting of Mansur Ball-Bey." Defs.' Mem., Doc. 342, at 3. These arguments are also unpersuasive. First, it is not at all clear what Defendants are referring to when they state that Plaintiff's counsel inquired of witnesses regarding their disciplinary histories and charges. This appears to be a reference to depositions, but the only depositions in the disputed documents are the depositions of McCloskey, Porter, and Sack, who testified about the FIU Audit and briefly discussed the fact that there was an IAD investigation of Roger Engelhardt. It does not appear that they were asked about "their respective disciplinary histories" in any of the disputed documents. Second, after careful review of all of the disputed documents, the Court finds that they do not contain any sensitive personnel information that needs to be sealed or redacted.

To the extent that Defendants argue that the release of any information in these documents could compromise criminal investigations and/or prosecutions, that argument is also unpersuasive. As discussed above with respect to the FIU Audit, Defendants have supported this vague and conclusory argument with any evidence or citations to the record. It does not appear from the Court's review of these documents that their release would compromise any criminal investigations or prosecutions.

For all of the above reasons, Defendants have not shown compelling reasons for sealing the disputed documents other than the FIU Audit, and those documents will be unsealed.

> 3. *The Court's Memorandum and Order Ruling on Defendants' Motion for Summary Judgment (ECF No. 348)*

On September 7, 2023, the Court entered its Memorandum and Order ruling on Defendants' Motion for Summary Judgment (ECF No. 347) under seal and entered a redacted

15

version in the public record (ECF No. 348), pending resolution of the sealing issues discussed above. In light of the Courts' determination that the information in the disputed documents should not be kept under seal, the Court will unseal its Memorandum and Order.

### III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the parties' Consent Motion to Seal Memorandum Regarding Outstanding Discovery (ECF No. 295) and Plaintiff's Sealed Supplement, which the Court construes as a motion for leave to file under seal (ECF No. 317) are **GRANTED IN PART** and **DENIED IN PART**. To the extent that these motions seek to keep the full, unredacted version of the FIU Audit (ECF Nos. 296-2 & 317-2) under seal, the motions are **GRANTED**. To the extent that these motions seek to keep all of the information in the FIU Audit sealed, the motions are **DENIED**. As set forth below, Plaintiff will be ordered to file in the public record a version of the FIU Audit that redacts the addresses of any non-parties. To the extent that these motions seek sealing of any documents other than the FIU Audit, these motions are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Unseal, or in the Alternative, Memorandum Pursuant to L.R. 13.05 Regarding Sealing (ECF No. 310), is **GRANTED IN PART and DENIED IN PART**. With respect to the FIU Audit, (ECF Nos. 296-2 & 317-2), the motion is **GRANTED IN PART** and **DENIED IN PART**, as set forth above. With respect to all documents other than the FIU Audit, the motion to unseal is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Seal Memorandum in Support of Motion to Compel (ECF No. 330) is **DENIED** as moot in light of the Court's ruling on Plaintiff's Motion to Unseal.

16

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sealed Documents (ECF No. 343) is **DENIED**.

**IT IS FINALLY ORDERED** that this Memorandum and Order is **STAYED** for **fourteen (14) days** pursuant to Local Rule 13.05(A)(4)(g). If no appeal of this order is filed by the end of the day on **Tuesday, February 27, 2024**:

1. The Clerk of Court shall unseal the following documents:

   - The Memorandum in Support of Consent Motion to Seal filed by Plaintiff on June 9, 2023 (ECF No. 296, 2 pages) (Court's #1);

   - The Joint Memorandum Regarding Plaintiff's Motion to Compel filed jointly by Plaintiff and Defendants on June 9, 2023 (ECF No. 296-1, 10 pages) (Court's #2);

   - The "Sealed Supplement" filed by Plaintiff on June 23, 2023 (ECF No. 317, 2 pages) (Court's #4);

   - Plaintiff's Supplemental Material Facts, filed by Plaintiff on June 23, 2023 (ECF No. 317-1, 4 pages) (Court's #5);

   - Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit, filed by Plaintiff on August 7, 2023 (ECF No. 331, 14 pages) (Court's #6);

   - Exhibit 1 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Video Deposition of J.D. McCloskey), filed by Plaintiff on August 7, 2023 (ECF No. 331-1, 21 pages [pp. 1, 9-14, 23-26, 34, 48-53, 66-67, 71]) (Court's #7);

   - Exhibit 2 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Videotaped Deposition of Lieutenant Colonel Michael Sack), filed by Plaintiff on August 7, 2023 (ECF No. 331-2, 17 pages [pp.1, 28-30, 69-70, 99-100, 104, 119-21, 151-53, 170-71]) (Court's #8);

   - Exhibit 3 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Videotaped Deposition of Sergeant Tonya Porter), filed by Plaintiff on August 7, 2023 (ECF No. 331-3, 9 pages [pp. 1, 23-25, 37-38, 64, 134-35]) (Court's #9);

   - Exhibit 4 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Defendants' Response to Plaintiff's Fifth Requests for Production to Defendants), filed by Plaintiff on August 7, 2023 (ECF No. 331-4, 4 pages) (Court's #10);

17

- Exhibit 5 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Email dated Tuesday, July 25, 2023, at 10:49:23 a.m.), filed by Plaintiff on August 7, 2023 (ECF No. 331-5, 2 pages) (Court's #11);

- Exhibit 6 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (Defendants' Response to Plaintiff's Request for Production of Documents), filed by Plaintiff on August 7, 2023 (ECF No. 331-6, 20 pages) (Court's #12);

- Exhibit 7 to Plaintiff's Memorandum in Support of His Motion to Compel Discovery Related to FIU Audit (First Amended Complaint in Farrar v. Nutt), filed by Plaintiff on August 7, 2023 (ECF No. 331-7, 26 pages) (Court's #13)

- Plaintiff's Response to the Court's Order Regarding Sealing (ECF No. 344), filed by Plaintiff on August 30, 2023 (Court's #14);

- Exhibit 1 to Plaintiff's Response to the Court's Order Regarding Sealing (Video Deposition of J.D. McCloskey), filed by Plaintiff on August 30, 2023 (ECF No. 344-1, 9 pages: pp. 1, 27-33, 71) (Court's #15);

- Exhibit 2 to Plaintiff's Response to the Court's Order Regarding Sealing (Videotaped Deposition of Sergeant Tonya Porter), filed by Plaintiff on August 30, 2023 (ECF No. 344-2, 6 pages: pp. 1, 64-66, 100) (Court's #16);

- Exhibit 3 to Plaintiff's Response to the Court's Order Regarding Sealing (Videotaped Deposition of Lieutenant Colonel Michael Sack), filed by Plaintiff on August 30, 2023 (ECF No. 344-3, 3 pages: pp. 1, 152-53) (Court's #17);

- The Court's Memorandum and Order ruling on Defendants' Motion for Summary Judgment (ECF No. 347, 38 pages); and

2. Plaintiff shall file in the public record a redacted version of the FIU Audit that redacts the addresses of any non-parties, as discussed above. This document should be filed **no earlier than Wednesday, February 28, 2024**, and **no later than Wednesday, March 6, 2024**.

*/s/ Shirley Padmore Mensah*
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of February, 2024.