IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENIS BALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-01364-SPM |
| ) | |
| KYLE CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES**

Defendant's Response (ECF No. 383) does not refute the number of hours incurred by Plaintiffs' attorneys to obtain compliance with this Court's order of four months ago, nor does it dispute on-point case law from this district regarding the valuation of Plaintiff's attorneys' time[1]. Rather, it seems to fault Plaintiff's counsel for their diligence in the face of Defendants' own manifest discovery failures.

Defendant's primary argument (ECF NO. 383 at 1-2) is that Plaintiff's counsel should not be compensated for the hours spent reviewing 11 boxes of documents. But this argument misses the mark for several reasons.

First, Defendants claim that counsel for Plaintiff should have accepted the representation of a non-attorney and fact witness to the case, Sgt. Tonya Porter, that the review she carried out was acceptable. But as this Court acknowledged in the hearing of January 10, 2024, not a single

---

[1] In his affidavit (ECF No. 379-1), undersigned counsel inadvertently included the incorrect hourly rate for Mr. Jermaine Wooten, counsel for Plaintiff. The rate for Mr. Wooten, who has practiced for more than fifteen years and is partner at his law firm, should have been $650 per hour, commensurate with Mr. Khazaeli and Mr. Wyrsch. Plaintiff does not seek any additional fees because of this discrepancy, but rather seeks only to clarify the record.

1

attorney from the City[2]—*to this day*—has reviewed the boxes in order to determine which documents were responsive to the Court's order. Because not a single officer of the court employed by Defendant Chandler could represent to the Court what was or was not in the boxes, Plaintiff's counsel did. Defendant owed an obligation to have its attorneys determine which documents were responsive; when they failed to do so, Plaintiff's counsel did their work for them. The fact that so few documents were located is irrelevant to whether any attorney for Defendant actually did the work which the Court's order obligated them to do. Defendant could have prevented all of this simply by doing its job.

Second, Defendant's Response ignores the fact that not even Sgt. Porter reviewed the majority of the boxes at issue. Her declaration (ECF No. 372-1) does not state that she reviewed the six boxes maintained by Lt. Col Michael Sack. As far as Plaintiff's counsel can discern, the first time these boxes were ever inspected for the purpose of this litigation was on the day of Plaintiff's inspection. In fact, despite representations by counsel for Defendants that the five boxes in the City Counselors' possession and the six boxes in Lt. Col. Sack's possession were identical, undersigned counsel found several files that were present in the collection of six boxes (which had not been examined by Sgt. Porter) that were not present in the collection of five boxes. These items could only have been reviewed because Plaintiff's counsel chose to diligently follow the Court's orders, after Defendants completely abandoned their discovery obligations.

As this Court is aware, this case involves an allegation that Defendant Kyle Chandler shot unarmed teenager Mansur Ball-Bey in the back, killing him. Counsel for Plaintiff is aware of the gravity of this case, and of the importance of obtaining all relevant files that may be used to support

---

[2] Defendant's Response appears to suggest that fees may appropriately be assessed against the City of St. Louis. ECF No. 383 at 1; FN 1. Plaintiff's counsel has no objection to this.

Mr. Ball-Bey's claims. The fact that Defendant seems not so share the same concern should not prevent Plaintiff from obtaining all possible records available to him under the Federal Rules.

For these reasons, Plaintiff Dennis Ball-Bey requests this Court grant his Motion for Attorney's Fees.

Dated:  February 14, 2023	**KHAZAELI WYRSCH, LLC**

*/s/ John M. Waldron*
John M. Waldron, 70401MO
James R. Wyrsch, 53197MO
Javad M. Khazaeli, 53735MO
911 Washington Avenue, Suite 211
St. Louis, Missouri  63101
(314) 288-0777
(314) 400-7701 (Fax)
jack.waldron@kwlawstl.com
james.wyrsch@kwlawstl.com
javad.khazaeli@kwlawstl.com

**THE LEGAL SOLUTIONS GROUP**
Jermaine Wooten, 59338MO
10250 Halls Ferry
St. Louis, Missouri  63136
(314) 736-5770
(314) 736-5772 (Fax)
wootenjlaw1@aol.com

*Attorneys for Plaintiff*