UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-01364-SPM |
| | ) |
| KYLE CHANDLER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Use Juror Questionnaire (ECF No. 453), in which Plaintiff requests that the Court send potential jurors a questionnaire inquiring about several topics, including the potential jurors' familiarity with the parties, witnesses, and attorneys; their religious and political alignments; their attitudes toward the police and the legal system; and their sources of news and information. Plaintiff argues that the use of the questionnaire will address the concern that some prospective jurors may not give complete, truthful answers in open court and will promote efficient selection of an unbiased jury. In his response, Defendant argues that the questionnaire is unnecessary and that the normal voir dire process will be sufficient to permit the parties to select a fair and impartial jury free of bias. Defendant also objects to several specific questions in the proposed questionnaire, arguing that they are irrelevant or present potential jurors with false dichotomies that may require disqualification of any juror who answers them.

Rule 47 of the Federal Rules of Civil Procedure governs the examination of jurors in civil trials and provides, in relevant part:

> (a) EXAMINING JURORS. The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.

Fed. R. Civ. P. 47(a). "District courts have broad discretion to determine the scope of voir dire." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 884 (8th Cir. 2006). "Voir dire is proper provided that there is an adequate inquiry to determine any juror bias or prejudice." *Id.* The Eighth Circuit has indicated that juror questionnaires may be used to assist in determining whether potential jurors may be biased. *See, e.g. United States v. Finley*, 56 F. 4th 1159, 1169 (8th Cir. 2023) (remanding and directing the district court to release to the parties completed juror questionnaires to allow the parties assess whether the jurors may have concealed biases in oral voir dire that they disclosed in their written responses); *Cravens v. Smith*, 610 F.3d 1019, 1032 (8th Cir. 2010) ("We have previously recognized that venirepersons' "strong responses . . . in the jury questionnaires in combination with their equivocal responses given during voir dire provide fair support for the district court's decision [to strike the venirepersons].") (quoting *United States v. Nelson*, 347 F.3d 701, 712 (8th Cir. 2003)).

The Court first finds that Plaintiff's motion must be denied because it was not filed sufficiently in advance of the January 27, 2025, trial. The motion was filed on Wednesday, November 27, 2024. On the following business day, December 2nd, the Court was informed by the Court's jury administrator that any juror questionnaires for this trial would need to be sent out by Monday, December 9th, and preferably earlier. The filing of the motion six business days before the date on which juror questionnaires must be sent out does not allow sufficient time for the Court to determine whether a juror questionnaire is appropriate or what its specific contents should be—

especially given that Defendant objects to both the need for a questionnaire and the specific content of the proposed questionnaire.

The Court further finds that a juror questionnaire, even if it might have been helpful in this case had it been timely sought, is not necessary to assess any juror bias or prejudice. The concerns raised in Plaintiff's motion can be adequately addressed through normal voir dire—including, if necessary, individual questioning of jurors at sidebar. *See, e.g., United States v. Phibbs*, 999 F.2d 1053, 1071-72 (6th Cir. 1993) (holding district court did not err in refusing to submit questionnaire to prospective jurors; rejecting the suggestion that "the written questionnaire created by defendants was necessary to ferret out those prospective jurors whose biases would not be revealed through a collective examination"; noting that "[m]uch of the questionnaire was directed at the personal habits and activities of the panel members (e.g., what books they read, what television shows they watched, etc.)" and that "[w]hile such information might have aided defendants in identifying sympathetic jurors, it was not needed to compose a fair-minded jury."); *U.S. v. Bakker*, 925 F.2d 728 (4th Cir. 1991) (holding district court did not err in refusing to submit defendant's written questionnaire to potential jurors; noting that a "trial court has broad discretion to control the scope of questions during *voir dire*," that the questionnaire "was concerned less with ensuring an impartial jury and more with ensuring a jury inclined to acquit," and that the defendant had the opportunity to acquire much of the information he sought through questioning during voir dire).

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Use Juror Questionnaire (ECF No. 453) is **DENIED**.

**IT IS FURTHER ORDERED** that the Zoom conference on this motion currently set for Friday, December 6, 2024, at 9:30 a.m., is **VACATED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of December, 2024.