UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1364-SPM |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff's Motions in Limine (ECF No. 484) and Defendant's Motions in Limine (ECF No. 485). The Court held a hearing on these motions on the record on January 22, 2025. For the reasons stated on the record and the reasons stated below,

**IT IS HEREBY ORDERED** that Plaintiff's motions in limine (ECF No. 484) are **GRANTED IN PART and DENIED IN PART**, except for those that are taken under submission, as follows:

1. **Plaintiff's Motion in Limine No. 1** (social media posts, video, text messages, or images of Mansur Ball-Bey holding a gun, making a gun gesture with his hands, or using purported gang symbols, or standing near anyone holding a gun, making a gun gesture, or using purported gang symbols) **is GRANTED in part and taken under submission in part**. To the extent that Plaintiff seeks to preclude Defendant from introducing such evidence to show Mansur Ball-Bey's state of mind or motive at the time of the shooting, the motion will be granted because this evidence has very little probative value and is highly prejudicial. To the extent that Plaintiff seeks to preclude Defendant from introducing such evidence to undermine Plaintiff's evidence of damages, the motion is taken under submission. Defendant may be permitted to introduce this evidence if Plaintiff opens the door by offering testimony that would be impeached or rebutted by this evidence.

2. **Plaintiff's Motion in Limine No. 2** (any allegations that Mansur Ball-Bey was a member of a gang or affiliated with a gang) **is GRANTED in part and taken under submission in part**. To the extent that Plaintiff seeks to preclude Defendant from introducing such evidence to show Mansur Ball-Bey's state of mind or motive at the time of the shooting, the evidence will be excluded because it has very little probative value and is highly prejudicial. To the extent that Plaintiff seeks to preclude Defendant from introducing such evidence to undermine Plaintiff's evidence of damages, the motion is taken under submission. Defendant may be permitted to introduce this evidence if Plaintiff opens the door by offering testimony that would be impeached or rebutted by this evidence.

3. **Plaintiff's Motion in Limine No. 3** (any use of the "St. Louis Circuit Attorney's Office Report Regarding the Review into the Shooting Death of Mansur Ball-Bey") **is GRANTED in part and taken under submission in part**. To the extent that Plaintiff seeks to exclude the St. Louis Circuit Attorney's Office Report itself, or any conclusions in that report, the motion is granted. *See, e.g.*, *Goffstein v. State Farm Fire & Cas. Co.*, 764 F.2d 522, 524 (8th Cir. 1985) ("As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges."); *Johnson v. City of Philadelphia*, No. CV 16-716, 2018 WL 11053491, at *1 (E.D. Pa. July 20, 2018) (granting motion in limine to exclude evidence of district attorney's decision not to prosecute officer who was a defendant in a fatal police shooting case; noting that any arguable relevance was "substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and undue delay"); *Tamara Star Comes Out v. Ahsan,* No. CIV. 05-5075-KES, 2008 WL 2230776, at *2 (D.S.D. May 28, 2008) (barring parties and witnesses from making any reference to of lack of prosecution of defendant in civil sexual assault case; stating, "The instant case is indistinguishable from *Goffstein* and its progeny. Evidence of non-prosecution is of limited probative value because of the higher burden of persuasion in a criminal case and because

prosecutorial discretion may consider other factors not relevant in a civil case."). To the extent that Plaintiff seeks to prevent Defendant's expert from discussing his reliance on the report, the motion is taken under submission. Defendant's expert may describe his reliance on the report without directly or indirectly revealing its ultimate conclusion by, for example, referring to the report as one about "The Shooting Death of Mansur Ball-Bey."

4. **Plaintiff's Motion in Limine No. 4** (any testimony, evidence, or argument that none of the officers on the scene were charged either administratively by internal affairs or criminally as a result of their actions in this case) is **GRANTED**.

5. **Plaintiff's Motion in Limine No. 5** (evidence or argument of criminal conduct or prior bad acts allegedly perpetrated by Mansur Ball-Bey) is *taken under submission*. Although prior crimes or bad acts might be relevant to Plaintiff's damages or for impeachment purposes, Defendants will not be permitted to introduce evidence that connects Mansur Ball-Bey to past crimes or other bad acts only through speculation.

6. **Plaintiff's Motion in Limine No. 6** (preclude Defendant from offering undisclosed expert opinions or offering the testimony of witnesses where not identified and disclosed as required by the Federal Rules of Civil Procedure) is **GRANTED**.

7. **Plaintiff's Motion in Limine No. 7** (any improper or undisclosed expert testimony, including any opinion testimony regarding the reasonableness of the officers' use of force) is **GRANTED**. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (no error in district court excluding, as impermissible legal conclusions rather than fact-based opinions, expert report consisting of overall reasonableness of procedures used by officers in Fourth Amendment case); *Alberternst v. Hunt,* No. 4:10-CV-642-JAR, 2011 WL 6140888, at *6 (E.D. Mo. Dec. 9, 2011) ("While expert testimony on police practices and the use of force is generally admissible in § 1983 excessive force

cases, the Court will not allow [the expert], either by his report or his testimony at trial, to offer any legal conclusions which either explicitly or implicitly touch on the ultimate legal issue in this case, that is, whether Defendants' conduct was reasonable under the totality of the circumstances they faced, particularly where, as here, the facts are in dispute.").

8. **Plaintiff's Motion in Limine No. 8** (any testimony by Dr. Michael Graham that Mansur Ball-Bey was able to run after being shot) is **GRANTED in part and taken under** *submission, in part*. Upon reviewing Dr. Graham's expert report and deposition, the motion is granted to the extent Dr. Graham intends to offer an unqualified opinion that Mansur Ball-Bey was able to run (or capable of running) after being shot. Dr. Graham may be permitted to offer a qualified opinion consistent with his deposition testimony such as it is possible that Mansur Ball-Bey could have run after being shot if the spinal cord wasn't transected but was bruised by the gunshot and then "basically tore apart after that." *See* Graham Dep. Tr. at p. 97-98.

9. **Plaintiff's Motion in Limine No. 9** (preclude or limit testimony about Defendant's prior military experience) is **GRANTED**.

10. **Plaintiff's Motion in Limine No. 10** (any evidence of Dennis Ball-Bey's criminal record) is **GRANTED**.

11. **Plaintiff's Motion in Limine No. 11** (any evidence or argument that Defendant Chandler or his partner Ronald Vaughan suffered any stress or cognizable mental injury because of the shooting) **is GRANTED in part and taken under submission in part**. Defendant may be permitted to introduce this evidence if Plaintiff introduces evidence of Chandler's or Vaughan's use of prescription medication and Defendant wants to explain the reasons for the use of prescription medication.

12. **Plaintiff's Motion in Limine No. 12** (any argument by counsel that Defendant shot his gun for any

other purpose than to protect Ronald Vaughan, including mistake) is *taken under submission*.

13. **Plaintiff's Motion in Limine No. 13** (any reference to Mansur Ball-Bey having marijuana in his system) is **GRANTED**.

14. **Plaintiff's Motion in Limine No. 14** (any testimony, evidence, or argument related to the drugs and the gun near the abandoned sports car in the lot of 1237 Walton) is **GRANTED**.

15. **Plaintiff's Motion in Limine No. 15** (any evidence or argument that the gun that Mansur Ball-Bey possessed was used in any previous crimes) is **GRANTED**.

16. **Plaintiff's Motion in Limine No. 16** (any DNA evidence) is taken under submission.

17. **Plaintiff's Motion in Limine No. 17** (preclude any officers in the gallery from appearing in their uniforms) is *taken under submission*. Counsel must admonish their clients and witnesses not to encourage officers to come in uniform as spectators.

18. **Plaintiff's Motion in Limine No. 18** (allegations of Plaintiff's financial motivations for filing suit) is **GRANTED**.

19. **Plaintiff's Motion in Limine No. 19** (evidence of cost to taxpayers) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motions in limine (ECF No. 485) are **GRANTED IN PART and DENIED IN PART**, except for those that are taken under submission, as follows:

1. **Defendant's Motion in Limine No. 1** (preclude Plaintiff from offering evidence, eliciting testimony or making reference to the Force Investigation Unit (FIU), the FIU audit, or other investigations into police shooting matters) is taken under submission. Although evidence of the FIU's misconduct in general or in other cases is likely irrelevant, evidence of the FIU's investigation in this case may be relevant to the credibility of the testimony of the officers in this case.

2. **Defendant's Motion in Limine No. 2** (preclude Plaintiff from offering evidence, eliciting

testimony, or making any reference that Defendant and/or other SLMPD officers covered up Defendant's use of force or the circumstances thereof) is ***taken under submission***. Evidence that officers other than the defendant and witnesses in this case engaged in a "cover up" does not appear to be relevant to the issues in this case and may be prejudicial. However, Plaintiff evidence and argument regarding false statements made by Defendant and the other witnesses in this case is relevant to undermine the credibility of their testimony. *See, e.g., Townsend v. Benya,* 287 F. Supp. 2d 868, 877 (N.D. Ill. 2003) ("The motion is granted in that Plaintiffs are barred from using the unduly prejudicial terms "cover-up" and "conspiracy." However, the motion is denied in that Plaintiffs will be allowed to introduce evidence of false statements and reports made by Defendants or other police officers because such statements and reports would be admissible for impeachment.").

3. **Defendant's Motion in Limine No. 3** (Preclude Plaintiff from offering evidence, eliciting testimony, or making any argument that any non-Defendant officer allegedly engaged in misconduct) is **GRANTED in part and taken under submission in part**. To the extent Defendant seeks to exclude evidence or questioning about the text messages received by Zajac and Manley, the motion is granted. In all other respects, the motion is taken under submission.

The misconduct of officer witnesses may certainly be relevant to their character for untruthfulness. Rule 608(b) specifically provides that although extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack the witness's character for truthfulness, "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness" of a witness. Fed. R. Evid. 608(b). However, the Court has concerns that at least some of the questioning Plaintiff proposes to conduct about these specific acts of misconduct may call for inadmissible hearsay. For example, to the extent

that Plaintiff intends to ask Vaughan whether Judge Garvey found Vaughan's credibility "questionable" in a prior case, it appears that such a question would call for Vaughan to testify to an out-of-court statement offered to prove the truth of the matter asserted in the statement. *See, e.g., United States v. Thompson*, No. 1:10-CR-00093, 2011 WL 2446564, at *2-3 (N.D. Iowa June 15, 2011) (holding judge's order calling into question officer's credibility in another case could not be admitted at trial under Rule 608(b) and further finding that "Defendant cannot question Officer Denlinger about Judge Koehler's order because any response would be barred by Federal Rule of Evidence 802, prohibiting hearsay. Finally, the Court finds that such questioning would unduly confuse the issues in this case and would cause undue confusion. *See* Fed.R.Evid. 403. In essence, the Defendant is seeking opinion evidence from a witness who will not be called or able to be cross-examined."). The Court will not permit questioning that calls for hearsay absent some applicable exception.

Additionally, based on the discussion on the record, it also appears that Plaintiff may intend, if a witness denies a specific prior act after being questioned pursuant to Rule 608(b), to offer rebuttal evidence. It appears to the Court that such evidence is likely inadmissible extrinsic evidence under Rule 608(b) and Eighth Circuit case law, and it will not be admitted absent persuasive contrary argument and authority from Plaintiff. *See, e.g., Davis v. Simon Contractors, Inc.,* 117 F.4th 994, 1001–02 (8th Cir. 2024) (stating that "[u]nder Rule 608(b), extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness" and noting that although an attorney may ask about such instances on cross-examination, "[t]he cross-examiner ordinarily must take the answer the witness provides and cannot use extrinsic evidence to prove that the specific bad acts occurred.") (internal quotation marks omitted).

Finally, the Court notes that even if evidence and/or questioning is not barred by Rule 608(b) or

Rule 802, the Court will still need to analyze whether, under Rule 403, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. For example, the Court has concerns that evidence of Judge Garvey's finding that Vaughan's credibility was questionable involves a danger of unfair prejudice and a danger of jury confusion regarding whose role it is to assess the credibility of the witnesses in this case.

As discussed on the record at the conference, the Court will direct the parties to file supplemental briefing addressing whether the questioning and evidence at issue in this motion, and any other motion addressing misconduct of Defendant or witnesses, constitutes or calls for inadmissible hearsay. The parties may also address the other concerns raised above.

4. **Defendant's Motion in Limine No. 4** (Preclude Plaintiff from offering evidence, eliciting testimony or making reference of substance abuse by Defendant Chandler) is ***taken under submission***. The Court will review the relevant case law and make a ruling.

5. **Defendant's Motion in Limine No. 5** (preclude Plaintiff from offering evidence, eliciting testimony or making reference to witness Ronald Vaughn's forgery indictment, charge, and/or acquittal, and any acts alleged therein) **is GRANTED in part and taken under submission in part**. As to the indictment, charge, or acquittal, the motion is granted. As to the forgery incident itself and the sustained allegations of lying, the motion is taken under submission.

6. **Defendant's Motion in Limine No. 6** (preclude Plaintiff from offering evidence, eliciting testimony or making reference to the Jeremy Eden order) is ***taken under submission*** for the reasons discussed above with respect to Defendant's Motion in Limine No. 3.

7. **Defendant's Motion in Limine No. 7** (preclude Plaintiff from offering evidence, eliciting testimony or making reference to Travis Robinson) is ***taken under submission***. This evidence may be relevant to the question of punitive damages but would be highly prejudicial if considered by the jury in

determining liability. As discussed on the record, the parties shall file supplemental briefing on whether a bifurcated trial or a limiting instruction would be appropriate to address these concerns.

8. **Defendant's Motion in Limine No. 8** (preclude Plaintiff from admitting or displaying graphic autopsy or other post-mortem pictures of Plaintiff's Decedent.) is *taken under submission*. Defendant may object to the introduction of this evidence on a photograph-by-photograph basis.

9. **Defendant's Motion in Limine No. 9** (preclude Plaintiff from asking Defense counsel to stipulate to the admissibility of any evidence or facts in the presence of the jury) is **GRANTED**.

10. **Defendant's Motion in Limine No. 10** (preclude Plaintiff from offering undisclosed expert opinions or offering the testimony of witnesses, like Brandon Clark, who were not identified and disclosed as required by the Federal Rules of Civil Procedure) is **GRANTED**.

11. **Defendant's Motion in Limine No. 11** (Plaintiff's retained expert witness, Matt Noedel, must be precluded from offering any opinion that is not disclosed in his report, including but not limited to, any opinion about the policies, practices or procedures of the SLMPD, or any opinion as to the negligence or "deliberate indifference," of Defendant Chandler because it is not helpful, constitutes an improper legal conclusion, and invades the province of the jury pursuant to FRE 702) is **GRANTED**, with the understanding that this motion does not seek to exclude opinions disclosed in Mr. Noedel's supplemental report.

12. **Defendant's Motion in Limine No. 12** (preclude Plaintiff from offering evidence, eliciting testimony or making reference to any settlement demand or discussions of any nature, the content thereof, amount demanded or offered, or any other comment or statement intended to convey in any manner the existence of settlement negotiations or the amounts thereof pursuant to FRE 408 and 402) is **GRANTED**..

13. **Defendant's Motion in Limine No. 13** (Preclude Plaintiff from offering evidence, eliciting testimony

or making reference about any officer's disciplinary history and/or internal affairs investigations or argument that any non-defendant officers allegedly engaged in misconduct) is *taken under submission*.

14. **Defendant's Motion in Limine No. 14** (preclude references and testimony regarding protests against police brutality/shootings, including the Black Lives Matter Movement, and other high profile cases involving alleged police misconduct.) is *taken under submission*.

15. **Defendant's Motion in Limine No. 15** (preclude Plaintiff and witnesses in the courtroom from wearing images of Decedent or references to protests against police brutality/shootings, and other high-profile cases involving alleged police misconduct) is *taken under submission*. Counsel must admonish their clients and witnesses not to encourage spectators to wear any clothing that directly or indirectly communicates a message to the jury.

16. **Defendant's Motion in Limine No. 16** (preclude Plaintiff from offering evidence, testimony or reference to the race of the parties or witnesses or argument that this shooting was racially motivated) **GRANTED in part and taken under submission in part**. To the extent Plaintiff seeks to argue directly or indirectly that this shooting was racially motivated, the motion is granted. Depending on the circumstances and purpose, Plaintiff may be permitted to offer evidence or testimony that refers to the race of the parties or witnesses.

17. **Defendant's Motion in Limine No. 17** (preclude Plaintiff from offering testimony or other evidence of damages that are not authorized by Missouri's wrongful death statute on the wrongful death claim, including Dennis Ball-Bey's grief and bereavement) is **GRANTED**, with the understanding that Plaintiff does not intend to offer evidence of his grief and bereavement because of the death of his son but that Dennis Ball-Bey's loss of consortium is relevant.

18. **Defendant's Motion in Limine No. 18** (preclude Plaintiff from offering testimony from Barbara

Chandler and Shonettda Ball regarding their relationship with Ball-Bey) is **DENIED** based on Defendant's representation that he will not challenge the admissibility of Barbara Chandler regarding her relationship with Mansur Ball-Bey and Plaintiff's representation that Ms. Balwill not testify.

19. **Defendant's Motion in Limine No. 19** (preclude evidence or argument that anyone, including Dennis Ball-Bey and Barbara Chandler, suffered medically diagnosable or medically significant harm absent requisite medical expert testimony regarding causation) is **GRANTED**.

20. **Defendant's Motion in Limine No. 20** (preclude Plaintiff from introducing into evidence a New York Times article which purportedly quotes Dr. Michael Graham) is *taken under submission*.

21. **Defendant's Motion in Limine No. 21** (preclude Plaintiff from offering into evidence a Youtube video purportedly depicting a spinal shock injury) is **DENIED**.

22. **Defendant's Motion in Limine No. 22** (preclude Plaintiff from introducing evidence of "Animation of Incident") is **DENIED**.

**IT IS FURTHER ORDERED** that, based on the Court's ruling on **Plaintiff's Motion in Limine No. 3**, Plaintiff's objection to **Defendant's Exhibit CC** is **SUSTAINED**.

**IT IS FURTHER ORDERED** that, based on the Court's ruling on **Plaintiff's Motion in Limine No. 13**, Plaintiff's objection to **Defendant's Exhibit GG** is **SUSTAINED** to the extent the exhibit references the subject matter of Plaintiff's Motion in Limine No. 13.

**IT IS FURTHER ORDERED** that, based on the Court's ruling on **Plaintiff's Motion in Limine No. 14**, Plaintiff's objections to **Defendant's Exhibits B, C, O, Q, R, S, T, U, V, X, and Y** are **SUSTAINED** to the extent the exhibit references the subject matter of Plaintiff's Motion in Limine No. 14.

**IT IS FINALLY ORDERED** that, no later than Friday, January 24, 2025, the parties shall submit supplemental briefing on (1) the hearsay issue raised above in the discussion of Defendant's Motion in Limine No. 3, and (2) the question of whether the trial should be bifurcated.

_____
SHIRLEY P. MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of January, 2025