# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DENNIS BALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:18-CV-01364 |
| v. ) | |
| ) | |
| KYLE CHANDLER. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTIONS IN LIMINE, SUPPLEMENTAL MOTION IN LIMINE REGARDING THE TESTIMONY OF ENGELHARDT, AND RESPONSE TO COURT ORDER REGARDING DEFENDANT'S MOTION IN LIMINE NO. 3 [DOC 497]**

COMES NOW Defendant Kyle Chandler and for his reply in support of his motion in limine, supplemental motion in limine regarding the testimony of Engelhardt, and response to the Court's order regarding Defendant's motion in limine no. 3 states:

**Reply in Support of Defendant's Motion in Limine to Exclude Substance Abuse**

To the extent that Plaintiff suggests that prior drug use is probative of the witness's truthfulness concerning alleged excessive force, Plaintiff relies primarily on case law that is irrelevant and readily distinguishable. First, with respect to the criminal cases cited by Plaintiff, specifically *United States v. Payton*, 636 F.3d 1027, 1041 (8th Cir. 2011); *United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010); *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987); and *Lawrence v. United States*, No. C18-38-LTC, 2020 WL 11567739, at *10 (N.D. Iowa Feb. 5, 2020), each case concerns the admissibility of a government witness's prior drug history in relation to their reliability, not the reliability of a defendant witness. Plaintiff has failed to cite to one case

1

where prior drug history information is admissible under the claims and circumstances at issue here.

Furthermore, while Plaintiff states that *Drew v. United States*, 46 F.3d 823, 828 (8th Cir. 1995), stands for the proposition that it is permissible to cross-examine witnesses with respect to treatment for drug addiction and depression, and threats to commit suicide, Defendant notes that the listed issue was not actually before the Court, which was deciding whether the petitioner was prejudiced by the exclusion of the witness's medical records.

Here, there are no legitimate allegations that the Defendant's, or any witness's, memory has been so affected by drug use that he is unreliable. Furthermore, the subject of this case--an excessive force claim--is not related to drug use or distribution. *See United States v. Gardner*, 139 Fed. Appx. 762, 765 (8th Cir. 2005). Instead, Plaintiff primarily intends to offer this evidence as a means of attacking Defendant's, and other witness's, character before the jury. Barring additional evidence concerning either recent drug use or memory issues directly caused by drug use, the admission of such evidence is clearly more prejudicial than probative and must be excluded.

## Supplemental Motion in Limine Regarding the Testimony of Engelhardt

This supplemental motion dovetails with Defendant's Motion in Limine No. 1, which this Court took under submission. (Doc. 497). Because the testimony of Engelhardt is merely being used to backdoor *Monell* evidence, has no probative value, and is otherwise irrelevant to the constitutional claim against Defendant Chandler, Engelhardt should be excluded from testifying in this matter.

The City of St. Louis is no longer a named party to this case and there is no remaining *Monell* claim for constitutional municipal liability. Neither the City or Engelhardt are named

defendants in this trial, and the unrelated FIU audit and the subject of the audit – Engelhardt – has no bearing on the questions before the jury: whether force used by Defendant was objectively reasonable in the instant case. Because the *Monell* claims were dismissed, the policies and procedures of City and/or the FIU, are utterly irrelevant to the liability question against Defendant Chandler. Thus, there is nothing in Engelhardt's testimony that makes any fact more or less probable here, and his testimony should be excluded. See Fed.R.Evid. 401. *Frazier v. City of Kan. City*, 467 S.W.3d 327, 341 (Mo.App. 2015) (discussing and affirming trial court's exclusion of disciplinary history of officer, finding it to be a collateral issue which was not an element of plaintiff's claim for relief).

Plaintiff may attempt to illicit testimony and offer evidence that Roger Engelhardt mismanaged the Force Investigative Unit.  In support of this assertion, it is anticipated that Plaintiff will attempt to offer testimony that a detective in FIU who investigated the Ball-Bey shooting was found liable in 2008 by a federal jury for failing to intervene in the assault of a citizen. (4:06-cv-01392). This same detective (Burle) was a defendant in another civil lawsuit that alleged he watched an officer punch a protestor in 2012; this suit later settled. In 2017, a video of Burle was released that showed him getting out of his vehicle when a driver behind him honked his horn at Burle and Burle is seen curses at the man, demands his driver's license, and threatens to write him tickets because he honked at him. Evidence related to Burle, and other discipline of FIU investigators, including Engelhardt, unrelated complaints, or other unrelated incidents that were investigated by FIU are irrelevant as it would have no tendency to make any fact of consequence in determining the action any more or less probable. See Rule 401. Such evidence is also not admissible pursuant to Rule 404, which prohibits the introduction of propensity evidence. *See Glaze v. Childs*, 861 F.3d 724, 726 (8th Cir. 2017) (upholding exclusion of evidence that

3

Defendant officer was forced to resign after violating institutional policy in excessive force case, finding evidence was "the type of propensity evidence that Rule 404(b) prohibits); *Hopson v. Fredericksen*, 961 F.2d 1374 (8th Cir. 1992) (upholding exclusion of internal police department records concerning prior allegations of abuse made against defendant police officers); *see also United States v. Oaks*, 606 F.3d 530, 538 (8th Cir. 2010)("Character evidence is of slight probative value and may be very prejudicial. It tends to distract he trier of fact from the main question of what actually happened on the particular occasion").

Thus, to the extent that Plaintiff seeks Engelhardt's testimony to address information regarding City's and/or FIU's policies and practices, other police shooting cases, the FIU Audit, and/or Engelhardt management of FIU, his testimony should be excluded.

**Response to the Court's Order Regarding Defendant's Motion in Limine No. 3**

Defendant Kyle Chandler ("Defendant"), submits the following supplemental briefing addressing whether the questioning and evidence of Judge Garvey's finding that Vaughan's credibility:

Based on the representations made by Plaintiff at the pre-trial conference, it is anticipated the Plaintiff intends to ask Vaughan about Judge Garvey's 2013 order, in an unrelated criminal case, which found Vaughan's credibility "questionable." Judge Garvey's order in the Jeremy Eden case is extrinsic evidence that is precluded by FRE 608(b) and barred as hearsay. As this Honorable Court stated in its Motion in Limine Order [Doc. 497], the use of the order itself is inadmissible extrinsic evidence under Rule 608(b) and Eighth Circuit Case law. *Davis v. Simon Contractors, I*nc., 117 F.4th 994, 1002 (8th Cir. 2024). Moreover, Judge Garvey's order does not state that Vaughan committed perjury or knowingly testified falsely. Plaintiff should not be permitted to use Judge Garvey's credibility determinations, in an unrelated case, regarding the conduct of Vaughan

4

during the hearing before him to impeach Vaughan's credibility in this trial since those judicial determinations are inadmissible hearsay.

While FRE 608(b) permits attacks on a witness's credibility through evidence of past untruthfulness, it prohibits "extrinsic evidence…to prove a specific instance[ ] of a witness's conduct in order to attack or support the witness's character for truthfulness…" *United States v. Murray*, 103 F.3d 310, 322 (3d Cir. 1997). "If the conduct is probative of the witness's character for truthfulness, a party may inquire of that conduct on cross-examination, but may not offer extrinsic evidence of the conduct." *Andrade v. Walgreens-Optioncare, Inc.*, 784 F.Supp.2d 533, 536 (E.D. Pa. 2011). Thus, "a party may ask a witness on cross-examination about a specific instance of conduct probative of that witness's character for truthfulness, but '[i]f the witness denies the conduct,…the questioning party must take the witness' answer[.]" *Id*.

Under FRE 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Further, FRE 403 authorizes a district court to "exclude collateral matters that are likely to confuse the issues." *United States v. Casoni*, 950 F.2d 893, 919 (3d Cir.1991); see also Fed.R.Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of…confusing the issues…or needlessly presenting cumulative evidence."). A matter is collateral if it is "factually unrelated to [the] case" such as an "unrelated criminal investigation." *Casoni,* 950 F.2d at 919.

Judicial findings generally do not fall under the hearsay exception established by FRE 803(8)(C), which provides, "in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, [are not excluded by the hearsay rule] unless the sources of information or other

5

circumstances indicate lack of trustworthiness." *U.S. v. Nelson*, 356 F.Supp at 388. Thus, Judge Garvey's opinion in Eden is an out of court statement offered for the truth of the matter asserted, i.e., to show Vaughan's testimony in Eden was not entirely credible, and thus constitutes hearsay. *See Internat'l Land Acquisitions, Inc. v. Fausto*, 39 Fed.Appx. 751, 756-57 (3d Cir. 2002) (citing *Nipper v. Snipes*, 7F.3d 415, 417 (4th Cir. 1993) ("Rule 803(8)(C), on its face, does not apply to judicial findings of fact; it applies to 'factual findings resulting from an investigation made pursuant to authority granted by law.' Fed.R.Evid. 803(8)(C). A judge in a [ ] trial is not an investigator, rather a judge."); *United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994) (finding that judicial findings are inadmissible hearsay that cannot be corrected under 803(8)); *In re Japanese Elec. Prod. Antitrust Litig.*, 723 F.2d 238, 275 (3d Cir. 1983), rev'd sub nom. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348 (1986)(concluding that prior judicial findings were not admissible under 803(8)(C), and that the trustworthiness analysis required under Rule 803(8)(C) would be insuited to evaluating judicial findings because a judge is not a proper witness under Rule 605)).

The court in *U.S. v. Thompson*, 2011 WL 2446564, *3 (N.D. Iowa June 15, 2011), the court considered an issue directly on point with this case. The facts in *Thompson*, *id* at *2 are as follows: "The Government intend[ed] to call Officer Mat Denlinger at trial. In an unrelated state case, Officer Denlinger's credibility during a suppression hearing was called into question by the Honorable Thomas L. Koehler." After the government disclosed this information to the defendant in Thompson, it filed a motion in limine to restrict inquiry into this matter at trial based on FRE 608, 802, and 403.

The court in *Thompson*, id. at *3, succinctly explained:

Defendant could not attack Officer Denlinger's character for truthfulness by introducing Judge Koehler's hearsay order at trial. Moreover, Defendant cannot question Officer Denlinger

6

about Judge Koehler's order because any response would be barred by Federal Rule of Evidence 802, prohibiting hearsay. Finally, the Court finds that such questioning would unduly confuse the issues in this case and would cause undue confusion. See Fed.R.Evid. 403. In essence, the Defendant is seeking opinion evidence from a witness [i.e., the judge] who will not be called or able to be cross-examined. The Court finds the First Circuit case of *United States v. Lopez*, 944 F.2d 33 (1st Cir. 1991), to be persuasive on this issue. There, the First Circuit stated:

> "[W]hile potentially probative of the trustworthiness of the officer's testimony, the credibility assessment made by the presiding judge at an unrelated trial would have entailed a grave risk that the jury might abnegate its exclusive responsibility to determine the credibility of the testimony given by the officer at appellant's trial.

*U.S. v. Lopez*, 944 F.2d 33, 38 (1 st Cir. 1991).

Thus, in *Thompson*, *id*., the court "conclude[d] that evidence of Judge Koehler's assessment of Officer Denlinger's testimony in an unrelated state case is inadmissible under Rules 608, 802, and 402," and granted the government's motion in limine.

Moreover, "the term 'extrinsic evidence' as used in FRE 608(b), encompasses documentary evidence," *Nelson*, 365 F.Supp 2d. at 389, and Plaintiff should not be permitted to use Judge Garvey's written decision in Eden as evidence to impeach Vaughan on cross examination. Additionally, Plaintiff should not be permitted to question Vaughan on cross-examination and to impeach him with Judge Garvey's prior judicial findings made in the Jeremy Eden case, i.e., Vaughan was not credibility when he testified in the suppression hearing in that case. Plaintiff should not be permitted to ask Vaughan whether the court in the Jeremy Eden case found that he lied or testified falsely. Nor should Plaintiff be allowed to ask Vaughan whether the court found that he was not credible or that his testimony lack credibility. Such lines of inquiry are precluded by FRE 608 and they are barred as hearsay.

Respectfully submitted,

**SHEENA HAMILTON**
**CITY COUNSELOR**

<u>/s/ Abby Duncan</u>
Abby Duncan #67766 MO
*Associate City Counselor*
Rebecca Sandberg-Vossmeyer #70342MO
*Associate City Counselor*
Rachael Hagan #74923
Assistant City Counselor
City Hall, Room 314
St. Louis, MO 63103
DuncanA@stlouis-mo.gov
VossmeyerR@stlouis-mo.gov
HaganR@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2025 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all attorneys of record.

<u>/s/ Abby Duncan</u>