## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 4:18-CV-01364-SPM |
| v. | ) | |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, by and through undersigned counsel, respectfully requests that this Court use the attached proposed general instruction, specific instructions, and verdict forms. Plaintiff reserves the right to supplement and amend these proposed instructions and to submit additional proposed instructions based on the court's rulings before or at trial, or otherwise, as appropriate.

Dated:  January 6, 2025

**KHAZAELI WYRSCH, LLC**

*/s/ John M. Waldron*
John M. Waldron, 70401MO
James R. Wyrsch, 53197MO
Javad M. Khazaeli, 53735MO
911 Washington Avenue, Suite 211
St. Louis, Missouri  63101
(314) 288-0777
(314) 400-7701 (Fax)
jack.waldron@kwlawstl.com
james.wyrsch@kwlawstl.com
javad.khazaeli@kwlawstl.com

**THE LEGAL SOLUTIONS GROUP**
Jermaine Wooten, 59338MO
10250 Halls Ferry
St. Louis, Missouri  63136
(314) 736-5770
(314) 736-5772 (Fax)
wootenjlaw1@aol.com

*Attorneys for Plaintiff*

# INSTRUCTION OUTLINE

INSTRUCTION P1 (EXPLANATORY:  BEFORE VOIR DIRE)

INSTRUCTION P2 (EXPLANATORY:  RECESS AT END OF VOIR DIRE)

INSTRUCTION P3 (EXPLANATORY:  GENERAL; NATURE OF CASE; DUTY OF JURY; CAUTIONARY)

INSTRUCTION P4 (EXPLANATORY:  EVIDENCE; LIMITATIONS)

INSTRUCTION P5 (EXPLANATORY: BENCH CONFERENCES AND RECESSES)

INSTRUCTION P6 (EXPLANATORY:  NO TRANSCRIPT AVAILABLE [NOTE-TAKING])

INSTRUCTION P7 (EXPLANATORY:  CONDUCT OF THE JURY)

INSTRUCTION P8 (EXPLANATORY:  OUTLINE OF TRIAL)

INSTRUCTION P9 (EXPLANATORY:  DUTIES OF JURY; RECESSES)

INSTRUCTION P10 (EXPLANATORY:  DEPOSITION EVIDENCE AT TRIAL)

INSTRUCTION P11 (EXPLANATORY:  ADDITIONAL INSTRUCTIONS)

INSTRUCTION P12 (EXPLANATORY: JUDGE'S OPINION)

INSTRUCTION P13 (EXPLANATORY:  CREDIBILITY OF WITNESSES)

INSTRUCTION P14 (EXPLANATORY:  BURDEN OF PROOF (ORDINARY CIVIL CASE)

INSTRUCTION P15 (EXPLANATORY:  EXPERT OPINION)

INSTRUCTION P16 (EXPLANATORY:  ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM)

INSTRUCTION P17: COMPLETE PACKET 1 BEFORE COMPLETING PACKET 2

PACKET ONE

INSTRUCTION P18 (PACKET ONE 1983)

INSTRUCTION P19 (§ 1983 CLAIM—INTRODUCTORY INSTRUCTION)

INSTRUCTION P20 (DEFINITION:  UNDER COLOR OF LAW)

INSTRUCTION P21 (ELEMENTS OF CLAIM:  EXCESSIVE USE OF FORCE—ARREST OR OTHER SEIZURE OF PERSON BEFORE CONFINEMENT)

INSTRUCTION P22 (DAMAGES:  ACTUAL)

INSTRUCTION P23 (DAMAGES:  PUNITIVE—CIVIL RIGHTS)

VERDICT 1

PACKET TWO

INSTRUCTION P24 (PACKET TWO WRONGFUL DEATH)

INSTRUCTION P25 (ELEMENTS OF CLAIM: WRONGFUL DEATH)

INSTRUCTION P26 (COMPENSATORY DAMAGES INSTRUCTION)

INSTRUCTION P27  (DAMAGES FOR AGGRAVATING CIRCUMSTANCES)

INSTRUCTION P28 (BURDEN OF PROOF FOR AGGRAVATING DAMAGES)

VERDICT 2

## Instruction P1 (EXPLANATORY:  BEFORE VOIR DIRE)

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other

5

instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 1.01 (2023).

**Instruction P2 (EXPLANATORY:  RECESS AT END OF VOIR DIRE)**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 1.02 (2023).

**Instruction P3 (EXPLANATORY:  GENERAL; NATURE OF CASE; DUTY OF JURY; CAUTIONARY)**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

[Agreed to voir dire stipulation by parties]

It will be your duty to decide from the evidence whether the Plaintiff is entitled to a verdict against the Defendant.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any

8

reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 1.03 (2023).

## Instruction P4 (EXPLANATORY:  EVIDENCE; LIMITATIONS)

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

Lawyers' statements, arguments, questions, and comments are not evidence.

Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

10

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 1.04 (2023).

**Instruction P5 (EXPLANATORY: BENCH CONFERENCES AND RECESSES)**

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 1.05 (2023).

**Instruction P6 (EXPLANATORY:  NO TRANSCRIPT AVAILABLE
[NOTE-TAKING])**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

 If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them _____.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 1.06 (2023).

## Instruction P7 (EXPLANATORY:  CONDUCT OF THE JURY)

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict

14

by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

15

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

*Ninth,* it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 1.08 (2023).

## \Instruction P8 (EXPLANATORY:  OUTLINE OF TRIAL)

The trial will proceed in the following manner:

First, the Plaintiff's lawyer may make an opening statement. Next, the Defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the Plaintiff will then present evidence. The Defendants' lawyer will have a chance to cross-examine the Plaintiff's witnesses. After the Plaintiff has finished presenting his case, the Defendants may present evidence, and the Plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. [Before] [After] the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 1.09 (2023).

**Instruction P9 (EXPLANATORY:  DUTIES OF JURY; RECESSES)**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

As I instructed you earlier, it is important that you discharge your duties as jurors without discrimination or bias regarding any party, witness, or counsel on account of race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 2.01 (2023).

**Instruction P10 (EXPLANATORY:  DEPOSITION EVIDENCE AT TRIAL)**

Testimony will be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was electronically video recorded and that recording now will be played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 2.14 (2023).

**Instruction P11 (EXPLANATORY:  ADDITIONAL INSTRUCTIONS)**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 3.01 (2023).

**Instruction P12 (EXPLANATORY: JUDGE'S OPINION)**

I have not intended to suggest what I think your verdict[s] should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.]

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 3.02 (2023).

**Instruction P13 (EXPLANATORY:  CREDIBILITY OF WITNESSES)**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 3.03 (2023).

**Instruction P14 EXPLANATORY:  BURDEN OF PROOF (Ordinary Civil Case)**

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 3.04 (2023).

**Instruction P15 (EXPLANATORY:  EXPERT OPINION)**

You [have heard] [are about to hear] testimony from [expert] [witness's name] who [testified] [will testify] to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 3.05 (2023).

**Instruction P16 (EXPLANATORY:  ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM)**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you

and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the [marshal] [bailiff] [court security officer] and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict forms are your written decision in this case. [The form reads: (read form)]. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the [marshal] [bailiff] [court security officer] that you are ready to return to the courtroom.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 3.07 (2023).

**Instruction P17**

You must complete both Packet 1 and Packet 2.

Source:
Submitted by Plaintiff.

**PACKET ONE**

**Instruction P18 (Packet One 1983)**

Instructions ____ through _____ apply to the claim of Plaintiff, Dennis Ball-Bey, for damages for constitutional rights violations regarding excessive force committed against Mr. Ball-Bey's son by Defendant Kyle Chandler.

Use Verdict 1 to return your verdict on this claim.

Source:
Submitted by Plaintiff.

**Instruction P19 (§ 1983 CLAIM—INTRODUCTORY INSTRUCTION)**

The Plaintiff Dennis Ball-Bey brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 4.01 (2023).

**Instruction P20 (DEFINITION:  UNDER COLOR OF LAW)**

In this case, the parties have agreed that Defendant Chandler acted "under color" of law, and you must accept that fact as proved.]

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 4.20 (2023).

### Instruction P21 (ELEMENTS OF CLAIM: EXCESSIVE USE OF FORCE—ARREST OR OTHER SEIZURE OF PERSON BEFORE CONFINEMENT)

Your verdict must be for Plaintiff Dennis Ball-Bey and against the Defendant for excessive force against Mansur Ball-Bey if all the following have been proved:

*First*, the Defendant shot Mansur Ball-Bey; and

*Second*, the force used was excessive because it was not reasonably necessary under these specific circumstances; and

*Third*, as a direct result, Mansur Ball-Bey is dead; and

*Fourth*, the Defendant was acting under color of law.

If any of the above elements has not been proved, then your verdict must be for the Defendant.

To determine if force was excessive, consider these key factors:

- The need for application of force.
- The relationship between the need and the amount of force that was used.
- The severity of the injury.
- Whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain and rapidly changing.

Officers can use deadly force only when they reasonably believe it is needed to prevent a significant threat of death or serious injury to themselves or other

A warning must be given, if possible, before deadly force may be used. You must decide whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

An officer may not use deadly force against a fleeing suspect unless the suspect poses an immediate and significant threat of serious injury or death to the officer or to bystanders.

Generally, an individual's mere possession of a firearm is not enough for an officer to have probable cause to believe that individual poses an immediate threat of death or serious bodily injury; the suspect must also point the firearm at another individual or wield the firearm in an otherwise menacing fashion.

A few seconds is enough time to determine an immediate threat has passed, extinguishing a preexisting justification for the use of deadly force.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 4.40 (2023), amended by *Wallace v. City of Alexander*, 843 F.3d 763, 768-9 (8th Cir. 2016) and *Cole Est. of Richards v. Hutchins*, 959 F.3d 1127, 1132, 1134 (8th Cir. 2020) (quoting *Partridge v. City of Benton*, 929 F.3d 562, 566 (8th Cir. 2019).

**Instruction P22 (Damages)**

If you find in favor of the Plaintiff, Dennis Ball-Bey, under Instruction ___, you must award Plaintiff an amount of money that will fairly compensate for any damages you find that Mansur Ball-Bey sustained as a direct result of the conduct of Defendant as submitted in Instruction ___. The Plaintiff's claim for damages includes four distinct types of damages and you must consider them separately:

1. The physical pain and mental suffering Mansur Ball-Bey experienced; and
2. The nature and extent of the injury to Mansur Ball-Bey; and
3. The lost wages that Mansur Ball-Bey would have earned over the course of his working life; and
4. Mansur Ball-Bey's loss of consortium with his family members.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 4.70 (2023) (modified to add language regarding decedent's loss of consortium pursuant to *Andrews v. Neer*, 253 F.3d 1052, 1063 (8th Cir. 2001)).

34

**Instruction P23 (DAMAGES:  PUNITIVE—CIVIL RIGHTS)**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff under Instruction ___ and if it has been proved that the conduct of that Defendant as submitted in Instruction ___ was malicious or recklessly indifferent to Mansur Ball-Bey's life,[3] then you may, but are not required to, award the Plaintiff an additional amount of money as punitive damages for the purposes of punishing the Defendant for engaging in misconduct and discouraging the Defendant and others from engaging in similar misconduct in the future. You should presume that a Plaintiff has been made whole for his or his injuries by the damages awarded under Instruction ___.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

How reprehensible the Defendant's conduct was. In this regard, you may consider whether the harm suffered by the decedent was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the Defendant's conduct that harmed the decedent also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the decedent.

How much harm the Defendant's wrongful conduct caused the decedent. You may not consider harm to others in deciding the amount of punitive damages to award.

What amount of punitive damages, in addition to the other damages already awarded, is needed, to punish the Defendant for his wrongful conduct and to discourage the Defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused.

Source:
Submitted by Plaintiff.
Model Civ. Jury Instr. 8th Cir. 4.72 (2023).

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DENNIS BALL-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vi. | ) |
| | ) |
| KYLE CHANDLER, | ) |
| | ) |
| Defendant. | ) |

Cause No. 4:18-CV-01364-SPM

**VERDICT 1**

**Note**:         Complete this form by writing in the names required by your verdict.

1.  On Plaintiff Dennis Ball-Bey's claim against Defendant Kyle Chandler, as submitted
    in Instruction No. _____, we find in favor of:

    _____
    Plaintiff Dennis Ball-Bey
    or
    Defendant Kyle Chandler

**Note**:         Complete the following paragraphs only if the above finding is in favor of
         the Plaintiff.

         We find Plaintiff Dennis Ball-Bey's damages related to Instruction No.
_____ to be:

         $ _____ (state the amount or, if none, write the word "none")

37

**Question 1A**

If you found for Defendant Kyle Chandler in Verdict No. 1, proceed to Verdict No. 2 and do not answer this question. Answer this Question only if you found for Plaintiff Dennis Ball-Bey in Verdict No. 1.


Do you find that the conduct of Kyle Chandler in using excessive force was motivated by evil motive or intent, or reckless or callous indifference to the constitutionally protected rights of Mansur Ball-Bey?


_____YES          or        _____NO

**PACKET TWO**

**Instruction P24 (Packet 2 Wrongful Death)**

Instructions ___ through ___ apply to the claim of Plaintiff Dennis Ball-Bey, for damages for wrongful death against Defendant Kyle Chandler.

Use Verdict 2 to return your verdict on this claim.

Source:
Submitted by Plaintiff.

**Instruction P25 (ELEMENTS OF CLAIM: WRONGFUL DEATH)**

On the claim of Plaintiff Dennis Ball-Bey for damages for the wrongful death of Mansur Ball-Bey, your verdict must be for Plaintiff Dennis Ball-Bey if you believe:

*First*, the Defendant intentionally shot Mansur Ball-Bey

*Second*, the Defendant used more force than was reasonably necessary, and

*Third*, the Defendant thereby directly caused or directly contributed to cause the death of Dennis Ball-Bey.

Source:
Submitted by Plaintiff.
MAI No. 23.02 modified.

**Instruction P26 (Compensatory damages instruction)**

If you find in favor of Dennis Ball-Bey, then you must award Plaintiff such sum as you believe will fairly and justly compensate Dennis Ball-Bey for any damages you believe Dennis Ball-Bey sustained and is reasonably certain to sustain in the future as a direct result of the fatal injury to Man-sur Ball-Bey.

When considering the amount of money to award, you should consider the pecuniary losses suffered by Dennis Ball-Bey by reason of the death of his son, funeral expenses, and the reasonable value to the survivors of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and/or support of their son.

You must not consider grief or bereavement suffered by reason of the death.

Source:
Submitted by Plaintiff.
MAI 5.01.
§ 537.090, R.S.Mo.

**Instruction P27 (Damages for aggravating circumstances)**

      If you find the issues in favor of Plaintiff, and if you believe the conduct of the Defendant as submitted in Instruction No. ___ was outrageous because of the Defendant's evil motive or reckless indifference to the rights of Mansur Ball-Bey, then in addition to any damages to which you find Plaintiff is entitled under Instruction No. ____ you may award Dennis Ball-Bey an additional amount as aggravating damages in such sum as you believe will serve to punish the Defendant and to deter the Defendant and others from like conduct.

Source:
Submitted by Plaintiff.
MAI 6.02 (1998); MAI 10.01 (2008) modified.

**Instruction P28 (Burden of proof for aggravating damages)**

There is a different burden of proof that applies only to damages for aggravating circumstances. A party seeking to recover damages for aggravating circumstances has the burden to cause you to believe that the evidence has clearly and convincingly established the facts necessary to recover damages for aggravating circumstances.

Source:
Submitted by Plaintiff.
MAI 3.01 (2016) modified.

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DENNIS BALL-BEY,     )
             )
   Plaintiff,     )
             )  Cause No. 4:18-CV-01364-SPM
         v.  )
             )
KYLE CHANDLER,     )
             )
   Defendant.    )
             )

## VERDICT 2

**Note**:   Complete this form by writing in the names required by your verdict.

1.  On Plaintiff Dennis Ball-Bey's claim against Defendant Kyle Chandler, as submitted
    in Instruction No. _____, we find in favor of:

        _____
        Plaintiff Dennis Ball-Bey
        or
        Defendant Kyle Chandler


**Note**:   Complete the following paragraphs only if the above finding is in favor of
        the Plaintiff.

We find Plaintiff Dennis Ball-Bey's damages related from the damages described in
Instruction No. _____to be:

       $ _____ (state the amount or, if none, write the word "none")


        _____
              Foreperson

Dated: _____

Source:

Submitted by Plaintiff.
*8th Cir. Civ. Jury Instr.* 4.80 (2023) (modified).

**CONTINUE ONTO THE NEXT PAGE**

**Question 2A: Reckless Indifference**

If you found for Defendant Kyle Chandler in Verdict No. 2, do not answer this question. Answer this Question only if you found for Plaintiff Dennis Ball-Bey in Verdict No. 2.

Do you find that the conduct of Kyle Chandler in causing the wrongful death of Mansur Ball-Bey was outrageous because of Kyle Chandler's evil motive or reckless indifference to the rights of others?


_____YES        or        _____NO