IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 4:18-CV-01364 |
| v. | ) | |
| | ) | |
| KYLE CHANDLER. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SUPPLEMENT MOTION FOR AWARD OF ATTORNEYS' FEES**

COMES NOW Defendant Kyle Chandler, and for his response in opposition to Plaintiff's Supplement Request for Attorneys' Fees (Doc. 593) states:

**Introduction**

Plaintiff's supplement motion for attorneys' fees is premature, and just like his original motion, requests fees which are excessively high and unreasonable. For reasons that follow, Plaintiff's request for fees should be denied, or in the alternative, should be reduced from $55,799.50 to a total of $37,430.

**Standard of Review**

A party seeking attorney fees " 'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' " *El–Tabech v. Clarke*, 616 F.3d 834, 842 (8th Cir. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The party seeking the award must submit evidence supporting the requested hours and rates, making "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.

1

To determine the amount of reasonable attorney fees, courts employ the "lodestar" method and multiply the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 433. The lodestar "provides an objective basis on which to make an initial estimate of the value of a lawyer's services," but does not end the inquiry. *Id.* Various considerations may lead a district court to adjust the fee "upward or downward," but many of these calculations will have been "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.* at 434 & n.9. A district court has "broad discretion" in determining the amount of an attorney fee award. *Keslar v. Bartu*, 201 F.3d 1016, 1017 (8th Cir. 2000) (per curiam).

<u>**Argument**</u>

**I.      Plaintiff's request for fees is premature.**

In his supplement motion for fees, Plaintiff pretends that Defendant's motion for new trial, remittitur, and renewed motion for judgment as a matter of law was rejected by this Court, warranting an award of fees. Not so.

In support of his request for fees, Plaintiff points this Court to *Evans* and *Gerling*, neither of which support his position that attorneys' fees should be awarded before the Court has ruled on post-trial motions. In *Evans*, the post-trial motion was denied, no appeal followed, and only thereafter were fees considered. *Evans v. Ford Motor Co.*, 784 F. Supp. 621, 621 (D. Minn. 1991). Similarly, in *Gerling*, the Court awarded attorneys' fees to the plaintiff after the defendant lost at trial and no post-trial motion, but for the request for fees, was filed. *Gerling v. Waite*, 4:17-CV-02702 JAR, 2022 WL 558083 (E.D. Mo. Feb. 24, 2022). Here, in contrast, Defendant has filed post-trial motions seeking new trial, remittitur, and judgment as a matter of the law, which remain pending before this Court. Plaintiff provides no support that he is entitled to attorneys' fees before the Court's ruling. As such, his motion to supplement fees should be denied at this time as premature.

**II.    Plaintiff's request for fees to mediate this matter after trial is excessive and unreasonable.**

Just as Plaintiff overstaffed attorneys at trial, Plaintiff likewise overstaffed his attorneys at the post-trial mediation. According to Plaintiff's records, Plaintiff had four lawyers present at mediation; these same lawyers seek a total of $10,642.50 for their attendance at mediation. (Doc. 593-2, p. 2; Doc. 593-4). *Williams*, the case relied upon by Plaintiff on this point, supports a reduction of these fees.

In *Williams*, the Eighth Court considered whether attorneys' fees should be reduced in a case where the plaintiff sought fees for the attendance of three lawyers at mediation. The Court determined a reduction in fees was appropriate where "it was reasonable for two attorneys, at most, to attend the mediation." *Williams v. ConAgra Poultry Co.*, 113 F. App'x 725, 728 (8th Cir. 2004). Here, similarly, four attorneys at mediation is excessive and unreasonable, where two attorneys would have sufficed. Thus, per the case relied upon by Plaintiff, any award of fees for attendance at mediation should be reduced from four attorneys to two.[1]

**III.    Plaintiff's fee amount per hour is too high and otherwise unreasonable.**

In the Eighth Circuit, a reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Little Rock Sch. Dist. v. Arkansas*, 674 F.3d 990, 995 (8th Cir. 2012); *see also Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09CV26 SNLJ, 2011 WL 5900990, at *1 (E.D. Mo. Nov. 23, 2011) (noting that the "the Court is compelled to adjust counsel's fees to reflect those more in keeping with the prevailing rates" where case was tried). When determining reasonable hourly market rates, district courts may rely on their own experience and knowledge of prevailing rates in the community. *See Hanig v. Lee*, 415 F.3d 822,

---

[1] Defendant recommends eliminating the attendance fee for attorneys James Wyrsch and Jack Waldron, as attorney Khazaeli has acted as lead counsel in this matter, with Wooten serving as a primary liaison to the client.

825 (8th Cir. 2005). "[The court does] not automatically accept the lawyer's rate as reasonable; we look also to the ordinary fee for similar work in the community." *Koenig v. Bourdeau Const. LLC*, No. 4:13CV00477 SNLJ, 2014 WL 6686642, at *1 (E.D. Mo. Nov. 26, 2014) (quoting *Shakopee v. Mdewakanton Sioux Community v. City of Prior Lake, Minn.*, 771 F.2d 1153, 1160 (8th Cir. 1985)).

In recent years, this Court has frequently found rates for attorneys in civil rights cases to be in the range of $250-$575 an hour for the St. Louis market. *Starks v. St. Louis Cnty.*, 4:21-CV-435 RLW, 2023 WL 2682003, at *3 (E.D. Mo. Mar. 29, 2023) (reducing civil rights attorney hourly rate from $650 to $450), citing *Willson v. City of Bel-Nor*, Mo., No. 4:18-CV-003 RLW, 2021 WL 2255003, at *6 (E.D. Mo. June 3, 2021) (approving hourly rates between $250 and $410 an hour for civil rights litigators); *Fernandez v. St. Louis Cnty., Mo.*, 538 F. Supp. 3d 888, 892 (E.D. Mo. 2021) (approving hourly rates of $575 and $475 per hour for experienced civil rights attorneys in a First Amendment case); *Robinson v. City of St. Louis, Mo.*, No. 4:17-CV-156 PLC, 2020 WL 4673823, at *3 (E.D. Mo. Aug. 12, 2020) (awarding an hourly rate of $400 to one attorney admitted to the Missouri bar in 2008 who practiced civil rights law since 2014, and to another attorney who was admitted in 2010 and practiced civil rights and employment law; a 2012 bar admittee in the same case was awarded fees of $350 per hour.); *Sharpe Holdings, Inc. v. United States Dep't of Health & Hum. Servs.*, No. 2:12-CV-92 DDN, 2018 WL 3772223, at *6 (E.D. Mo. Aug. 9, 2018) (experienced civil rights attorneys received an hourly rate of $450, while a newer attorney's hourly rate was $250).

Here, Plaintiff requests an excessive hourly rate of $650 for attorneys Khazaeli & Wyrsch, $615 for attorney Wooten, and $450 for attorney Waldron. According to the case law cited above, their hourly rates are entirely too high and unreasonable for this community. Thus, their fees should

4

be reduced to the amount proposed in Defendant's original response in opposition to Plaintiff's request for attorneys' fees and costs – namely, $450 for Wyrsch, Khazaeli, and Wooten, and an hourly rate of $350 for Waldron.

**IV.   Plaintiff's requests for fees related to their motion for sanctions and motions for extension of time should be eliminated.**

In footnote 1 of his motion, Plaintiff represents to this Court that he "has not included hours related to [the briefing of the Motion for Sanctions and supporting Memorandum] because his counsel has requested hourly fees for that time in the sanctions motion." At the same time, on this motion, Plaintiff seeks $1,105 for his attorneys to review and revise the motion for sanctions. (Doc. 593-2, p. 3) (fees dated Apr. 9). Plaintiff should not be permitted to double-dip for fees, and as such, his request for such fees should be eliminated on this motion.

Moreover, Plaintiff seeks $895 in fees for drafting, reviewing, and editing a motion for extension of time for his counsel to respond to post-trial motions. (Doc. 593-2, p. 2) (fees dated Mar. 13 and 14). However, fees to draft and file such a motion is not compensable. *See Evans*, 784 F. Supp at 622 (eliminating fees for time spent requesting continuances for the convenience of the plaintiff's own counsel).

**V.   Based on the above, Plaintiff's request for fees should be denied at this time as premature, or in the alterative, reduced by $18,369.50 for an award of $37,430.**

Based on the above, any award of fees at this juncture is premature. Alternatively, Defendant recommends reducing the award of attorneys' fees from $55,799.50 to $37,430. This reduction eliminates the fees sought for work done on the motion for sanctions and the motion for

extension of time, reduces the mediation fee from four attorneys to two, and applies the reduction

of all fees to a more reasonable hourly rate in line with this community.[2]

Respectfully submitted,

**SHEENA HAMILTON**
**CITY COUNSELOR**

/s/ *Abby Duncan*
Abby Duncan #67766 MO
*Associate City Counselor*
Rebecca Sandberg-Vossmeyer #70342 MO
*Associate City Counselor*
Rachael Hagan #74923 MO
*Assistant City Counselor*
City Hall, Room 314
St. Louis, MO 63103
DuncanA@stlouis-mo.gov
VossmeyerR@stlouis-mo.gov
HaganR@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing was electronically filed on May 30, 2025 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan

---

[2] Wyrsch- 15.8 hours x $450 = $7,110
        Minus 0.2 hrs to review and revise motion for extension of time to file briefs (3/14/25)
        Minus 4.5 hrs to attend mediation (3/25/25)
        Minus 1.1 hrs to revise motion for sanctions (4/9/25)
        Reduced to 10 hrs, for a total award of $4,500
Khazaeli- 19.6 hours x $450 = $8,820
        Minus 0.9 hrs to edit the motion for extension (3/13/25)
        Minus 0.6 hrs to review motion for sanctions (4/9/25)
        Reduced to 18.1 hrs, for a total award of $8,145
Wooten- 7.4 hours x $450 = $3,330
Waldron- 66.2 hours x $350 = $23,170
        Minus 0.4 hrs to draft motion for extension re: mediation (3/14/25)
        Minus 4.5 hrs to attend mediation (3/25/25)
        Reduced to 61.3 hrs, for a total award of $21,455