**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:18-CV-01364-SPM |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

## *DEFENDANT CHANDLER AND NON-PARTY CITY OF ST. LOUIS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF THEIR MOTION TO WAIVE BOND*

COMES NOW, Defendant Kyle Chandler and non-party City of St. Louis (City), and for their supplemental briefing to the Court in support of waiving bond state:

### INTRODUCTION

Plaintiff, Chandler, and City agree that the *Dillon* factors provide this Court with a framework by which to analyze whether bond should be waived in this matter. The *Dillon* factors are: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money;" and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988). Plaintiff, Chandler, and City agree that only factors 1-4 are applicable here. Evidence submitted to this Court, both previously and with this briefing, weigh in favor of waiving bond, and thus, this Court should not require that taxpayer funds be expended to secure a bond.

1

I.      **THE CITY AND MISSOURI ATTORNEY GENERAL HAVE RECENTLY AGREED TO TERMS FOR A MEMORANDUM OF UNDERSTANDING REGARDING PAYMENT.**

The City and Missouri Attorney General have recently agreed to terms for a Memorandum of Understanding (MOU)[1] between the parties, providing in part that judgments and settlements involving police officer conduct occurring on or after March 26, 2025, "shall be paid by the Board [of Police Commissioners] out of the annual budgeted allocation from the City, and shall be reimbursed from the [State Legal Expense Fund] up to the statutory amount, pursuant to Section 105.726.3." Ex. A, MOU, Section 1.1. The City and State have an understanding that any judgment or settlement for incidents involving SLMPD officers occurring prior to March 26, 2025, "shall be paid by the City." Ex. A, Section 1.2.[2]

If there was any doubt before, the MOU solidifies that the first and second *Dillon* factors weigh heavily in favor of waiving bond. The complexity of the collection process – *Dillon*'s first factor – is now straightforward as the MOU provides that City will pay any judgment in this matter. As to *Dillon*'s second factor – the amount of time required to obtain a judgment after it is affirmed on appeal – City has provided this Court with a play-by-play of what City will do to pay the judgment, all of which would take "no more than a couple weeks." (Doc. 603-4, Benoist Affidavit); *see also*, Ex. B, Payne Affidavit, ¶ 5 ("Everything in the Benoist affidavit remains true to date.").

Moreover, the MOU should alleviate Plaintiff's concerns that this case becomes *Holmes*. ED 112676, 2025 WL 2110585 (Mo. App. E.D. July 29, 2025). In *Holmes*, there was no MOU between the City and State, and litigation continues in that matter today because of that lack of understanding between the parties. That is now a very different situation than here where City and State have agreed

---

[1] The MOU has yet to be signed by counsel for the St. Louis Board of Police Commissioners, who is currently out-of-state on vacation. City anticipates the Board's signature upon counsel's return.

[2] As condition to the MOU, the City and Missouri Attorney General have agreed to a cap on outside counsel fees incurred from January 1, 2026 to present (relating to Section 3.2 of the MOU). All parties must agree to the cap number for that period for the MOU to be effective. But-for that detail, all parties are in agreement with the MOU.

in principal to an understanding regarding payment, as memorialized in the MOU.

Bond should be waived where the first and second *Dillion* factors weigh in City's favor.

**II.      EVIDENCE SUBMITTED BY CITY WEIGHS IN FAVOR OF WAIVING BOND WHERE CITY HAS PROVIDED ASSURANCES THAT IT HAS THE FUNDS TO COVER THE JUDGMENT AND CITY SHOULD NOT BE MADE TO PAY FOR A BOND WHERE IT CAN SET ASIDE THE FUNDS AT NO COST TO TAXPAYERS.**

Without reiterating or belaboring points already made- City had, and continues to have, the funds to cover the judgment in this case. City provided assurances it could cover the judgment at $18.75 million back in August 2025. (Doc. 603-4). That remains true to date. Ex. B, ¶ 5. As explained by City's Budget Director, Paul Payne, the Budget Division and Comptroller's Office will work together to evaluate areas of City underspending and will allocate that underspent amount to the judgment. Ex. B, ¶ 6. If the underspent amount is not sufficient to cover the judgment, City can allocate funds from the Rams Settlement and/or its reserve funds to cover the judgment. Ex. B, ¶ 6. The Rams Settlement and reserve funds total well over $300 million. Ex. B, ¶ 6. This evidence before the Court should give it a high degree of confidence in the availability of City funds to pay the judgment such that requiring City to purchase a bond is a waste of money, thereby satisfying *Dillon*'s third and fourth factors.

Plaintiff's counsel's position that the Police Board's proposed budget could "bankrupt" City is entirely exaggerated. The City has been clear that the budget certified by the Police Board is wildly out of sync with what the City can afford without crippling other City departments, cutting services like trash pickup, park maintenance, and fixing City roads. If the Police Board does not change its proposed budget, the Mayor has stated that the Board's budget would force the City to look at mass layoffs in other departments to compensate for the cost. Never has the Mayor represented that the Board's proposed budget would "bankrupt" the City, as Plaintiff's counsel suggested at the hearing before this Court. The evidence before the Court shows that City can pay this judgment, the MOU shows that City will pay the judgment, and requiring the City to purchase a bond at taxpayer expense

would be a waste of public funds. *See Dillon*, 866 F.2d at 905, citing *N. Indiana Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (finding that the appellant, a public utility, was solvent and "good for" the judgment).

In addition to the evidence provided above, City has submitted an affidavit from its Assistant Comptroller, Don Knese, who has attested that the Comptroller's Office can create a separate account within the City's Judgment fund for the purpose of setting aside the amended judgment amount in this case. Ex. C, Knese Affidavit, ¶ 3. That set-aside fund would be interest bearing, and could be created within hours. Ex. C, ¶¶ 4-5. Thus, if City's assurances of its ability to pay the judgment is unsatisfactory to the Court, City proposes it be permitted to set up an account of funds with the amended judgment amount, which would permit City to earn interest on the judgment as opposed to being out the expense of purchasing a bond. Such a compromise adequately balances the Plaintiff's need for possible payment with the City's evident ability to pay.

## CONCLUSION

For the reasons stated above, Defendant prays that this Court waive the bond requirement, and for such further relief this Court deems just and proper.

**MICHAEL GARVIN**
**CITY COUNSELOR**

/s/ *Abby Duncan*
Abby Duncan #67766 MO
*Associate City Counselor*
Rachael Hagan #74923 MO
*Assistant City Counselor*
City Hall, Room 314
St. Louis, MO 63103
DuncanA@stlouis-mo.gov
HaganR@stlouis-mo.gov

4

**PITZER SNODGRASS, P.C.**

*/s/      Bob Plunkert*
Robert T. Plunkert 62064MO
400 South Fourth Street, Fourth Floor
St. Louis, MO 63102
(314) 335-1306 (dial and fax)
Plunkert@pspclaw.com

*Attorney for Defendant Kyle Chandler*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify the foregoing was electronically filed on March 18, 2026 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan
Associate City Counselor

5