**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1364-SPM |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Kyle Chandler's Unopposed Motion for Approval of Bond (ECF No. 647). Following a jury verdict and the resolution of post-trial motions, the Court entered an amended judgment in Plaintiff's favor against Defendant in the amount of $8.25 million. ECF No. 617. The Court also awarded Plaintiff attorney's fees and costs. ECF No. 624. Defendant has filed a Notice of Appeal. ECF No. 630.

Under Rule 62(b) of the Federal Rules of Civil Procedure, "At any time after judgment is entered, a party may obtain a stay [of execution on a judgment and proceedings to enforce it] by providing a bond or other security." Fed. R. Civ. P. 62(b). "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09CV01252 ERW, 2015 WL 4478151, at *1 (E.D. Mo. July 21, 2015) (quoting *New Access Commc'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005)). On March 31, 2026, the Court denied Defendant's request to waive bond. On April 24, 2026, Defendant filed a Notice to the Court Regarding Purchase of Bond, notifying the Court that it had purchased a bond for the amended judgment, plus interest, for the amount of $11,865,452.20. This is the amount Plaintiff previously asked the Court to order

– 1 –

Defendant to pay into the court registry as a security for the stay, stating that it represented the judgment amount, interest, and a 25% cushion. *See* ECF No. 637, at 12-13. Defendant submitted a copy of the Appeal Bond with a power of attorney showing the authority of the agent signing the bond.

On May 4, 2026, Defendant filed the instant unopposed motion for approval of bond. As Defendant points out in the motion, Local Rule 13.03(C) provides as follows:

> A corporate surety must be approved by the United States Department of the Treasury (Circular 570) and the Missouri Department of Insurance. The Court will verify that the surety has a current active license with the Fidelity and Surety Business Authority prior to acceptance, and will not accept the surety if the license is not current and active. In all cases, a valid power of attorney showing the authority of the agent signing the bond must either be on file with the Court or attached to the bond with a tender of the required fee.

E.D. Mo. L.R. 13.03(C). Defendant attaches to the motion copies of documents showing that the surety is on the list of companies certified by the United States Department of the Treasury and that it has a current active license. The Court has confirmed with the Finance Department that there is a valid power of attorney on file with the Court and that Defendant has complied with the Court's bond guidelines.

The Court finds that Defendant has provided adequate security for the judgment and has complied with the Court's bond requirements. Additionally, Defendant represents that Plaintiff has no opposition to approval of the bond. Thus, the Court will approve the bond and stay execution of the judgment.

**IT IS HEREBY ORDERED** that Defendant Kyle Chandler's Unopposed Motion for Approval of Bond (ECF No. 647) is **GRANTED.**

**IT IS FURTHER ORDERED** that execution of the amended judgment entered in the above-caption litigation is **STAYED** under Fed. R. Civ. P. 62(b) pending final resolution of the Defendant's appeal to the Eighth Circuit Court of Appeals in this matter, or until further order of

– 2 –

this Court.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of May, 2026.