**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1364-SPM |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff Dennis Ball-Bey's Motion to Reconsider (ECF No. 621). Plaintiff asks the Court to reconsider its decision reducing the punitive damages award from $5 million to $1 million on the Section 1983 excessive force claim and from $7.5 million to $1 million on the wrongful death claim and to reinstate the full jury award. The motion has been fully briefed.

Plaintiff argues that (1) the Court erred in finding that the third factor in *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 583 (1996), requires examination of punitive damages awards in other cases; (2) the Court erred in finding that Defendant did have fair notice of the severity of the punitive damages award because the Missouri legislature does not cap punitive damages awards in wrongful death cases and because other cases involved similar or higher awards of punitive damages; and (3) the Court misapplied two of the factors set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 417 (2003), when it considered that the harm to Mansur Ball-Bey did not involve repeated actions and that the conduct did not involve deceit or trickery. Defendant argues that the Court correctly analyzed *Gore*'s third factor, citing Eighth Circuit cases supporting the consideration of punitive damages awards in other cases. *See*

*Ondrisek v. Hoffman*, 698 F.3d 1020, 1030 (8th Cir. 2012) ("Addressing the third *Gore* guidepost, this court must also compare damages awarded in similar civil cases. [T]his court must also compare damages awarded in similar civil cases."); *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 577 (8th Cir. 1997) ("Careful review of the evidence in light of the relevant factors under Missouri law and considering awards in other similar cases leads to the conclusion that the $5,000,000 punitive damages award in the judgment was still excessive."); *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 556 (8th Cir. 1998) (considering punitive damages award amounts in other cases); *JCB, Inc. v. Union Planters Bank, NA*, 539 F.3d 862, 877 (8th Cir. 2008) (same); *Lee ex rel. Lee v. Borders*, 764 F.3d 966, 976 (8th Cir. 2014) (noting that "a monetary comparison with the damages awards from other cases . . . is only one factor we use 'to ensure proper notice of the penalty associated with [the defendant's] conduct'" (quoting *Ondrisek*, 690 F.3d at 1028)). Defendant also argues that the cases cited by Plaintiff involving punitive damages award amounts comparable to, or higher than, those here, involved very different circumstances. Finally, defendant argues that the Court properly applied the fourth and fifth *Campbell* factors, arguing that the Court considered that the lack of repeated harm to Mansur and the lack of trickery or deceit weighed against a large punitive damages award only in in addition to considering the *other* aspects of those factors that weighed in favor of a substantial punitive damages award.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). As to Plaintiff's first argument, the Court acknowledges that Plaintiff's interpretation of the cases interpreting and applying the third *Gore* factor is not unreasonable. However, for the reasons stated in Defendant's opposition, the Court finds Eighth Circuit case law supporting a different interpretation and finds that Plaintiff has failed to demonstrate there was any manifest error of law or fact in the prior order that justifies

– 2 –

reconsideration. As to Plaintiff's other arguments, for the reasons stated in Defendant's opposition, the Court also finds no manifest error of law or fact that justifies reconsideration. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Dennis Ball-Bey's Motion to Reconsider (ECF No. 621) is **DENIED.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of May, 2026.